UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES NATIONAL VA COUNCIL<br><br>AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 2305<br><br> *Plaintiffs,*<br><br> v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS<br><br>DOUGLAS A. COLLINS, in his official capacity as U.S. Secretary of Veterans Affairs<br><br> *Defendants.* | Case No. 1:25-cv-00583-MRD-PAS |

## DECLARATION OF FREDERICK SACCHI

I, Frederick Sacchi, declare as follows:

1. I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2. I am a Decision Review Officer employed by the United States Department of Veterans Affairs ("VA") Veterans Benefits Administration ("VBA") Providence VA Regional Office ("Providence VARO") and have 30 years of government service.

3. I am the Acting District 1 Representative for the National VA Council ("NVAC"). In this role, I am a member of the NVAC Executive Committee and am responsible for representing the interests of AFGE members and constituent local unions from the states of Connecticut, Massachusetts, Maine, Rhode Island, Vermont, and New Hampshire.

4. I am the Local President of the American Federation of Government Employees, AFL-CIO ("AFGE"), Local 2305 ("AFGE Local 2305"), a position I have held since 2012. I previously served as Vice President.

5. AFGE Local 2305 represents bargaining unit employees at the Providence VARO, the Office of Community Care, the Procurement and Logistics Area Office, and four "vet centers" within the VA Readjustment Counseling Service: the Providence Veterans Center, the Norwich Veterans Center, Hyannis Veterans Center, and Worcester Veterans Center. AFGE Local 2305 represents bargaining unit employees at facilities based in Rhode Island, Connecticut, and Massachusetts. Bargaining unit employees are either physically stationed at these facilities or stationed elsewhere as remote or virtual employees.

6. AFGE Local 2305 represents approximately 450 professional and nonprofessional employees, including, for example, psychologists, program support assistants, social workers, program specialists, vocation rehabilitation counselors, veterans service representatives, and others.

7. I am aware that Secretary of Veterans Affairs Douglas A. Collins ("Secretary Collins" or "the Secretary") terminated the 2023 Master Collective Bargaining Agreement ("Master Agreement") on August 6, 2025, except as applied to police officers, firefighters, and

1

security guards. AFGE Local 2305 does not represent police officers, firefighters, or security guards. I provide this declaration to describe how the termination of the Master Agreement has affected NVAC and my role as Acting District 1 Representative to NVAC. I also describe how the termination affects AFGE Local 2305, my work as its Local President, and bargaining unit employees.

### *The VA Refuses to Engage in Mid-Term Negotiations with NVAC*

8. I have been a member of the NVAC VBA Mid-Term Bargaining Committee ("Committee") since 2015. Consistent with Article 47 (Mid-Term Bargaining) of the Master Agreement, there are five appointed union members of the Committee responsible for meeting with five VBA management officials who meet to discuss nationwide changes in working conditions and negotiate in good faith to execute memoranda of understanding consistent with the procedures in the Master Agreement and other agreements. The Committee meets with VBA management officials face-to-face on a quarterly basis and virtually in between quarterly meetings. On average, the Committee typically negotiates at least 20–30 memoranda of understanding each year covering a wide range of issues affecting bargaining unit employees at roughly 50 VBA regional offices across the country. These issues include, for example, changes to performance standards/plans, mandatory overtime, technology, training, and reorganizations. These mid-term changes are important to allow the VA and NVAC and bargaining unit employees to adapt to workplace changes without reopening negotiations over the entire Master Agreement.

9. However, the VA has refused to meet with, recognize, or negotiate with the Committee as required by the Master Agreement. Therefore, we have been unable to advocate for bargaining unit employees and negotiate memoranda of understanding to address changes to working conditions across VBA.

### *Local Management Has Stopped Complying with the Master Agreement*

10. Since August 6, 2025, the Providence VARO has unilaterally implemented changes to working conditions without notice to, or bargaining with, AFGE Local 2305. These

2

changes include alternations to the local dress code policy, removal of the word "union" from all performance standards, and how employees were notified about the impacts of the lapse in appropriations (shutdown). For example, rather than meeting with AFGE Local 2305 ahead of the government shutdown, that occurred over the last two months, to discuss the communications and operations plan for furloughed and essential employees and perhaps to negotiate a memorandum of understanding, the Providence VARO simply disseminated boilerplate notices to affected employees. This caused mass confusion and anxiety within the bargaining unit. Had the Providence VARO met with the union ahead of time, we could have worked together to address common questions about overtime, compressed work schedules, pre-approved leave, unemployment compensation, telework, flexible schedules, and other subjects.

11. The Providence VARO has also refused to allow bargaining unit employees to obtain union representation in investigatory examinations that may result in discipline, also known as "*Weingarten* meetings." Such rights are recognized and protected by the Master Agreement, Articles 14, 17, and 22. Employees have been subject to investigation and discipline without representation by AFGE Local 2305. For example, a Rating Veterans Service Representative ("RVSR") RVSR was formally admonished on August 25, 2025, and was denied union representation as part of the disciplinary process. In another example, a different RVSR was terminated on or about November 19, 2025, again without union representation.

12. Article 51 of the Master Agreement permits AFGE Local 2305 bargaining unit employees to use Providence VARO equipment and office space. On or about August 12, 2025, AFGE Local 2305 was forced to vacate union office space and return government-furnished equipment and technology provided to the union under the provisions of the Master Agreement.

13. Article 48 of the Master Agreement relates to official time. Official time, which is defined in 5 U.S.C. § 7131, is intended to "facilitate and encourage the amicable settlement of disputes between employees and the Department involving conditions of employment and should contribute to the effective and efficient conduct of public business." Master Agreement, Art. 48, § 1(A). Section 10 of Article 48 governs the use of official time at the local union level, and it

3

provides that each local union "will receive an allotment of hours equal to 4.25 hours per year for each bargaining unit position represented by that local union." Master Agreement, Art. 48, § 10(A). As Local President of AFGE Local 2305, I am one of the local union officials who takes official time under this provision of the Master Agreement.

14. Effective August 6, 2025, all current AFGE Local 2305 officers and stewards were prohibited from using official time to represent bargaining unit employees or communicating with these employees on duty time or VA email servers. Because we are prohibited from communicating with bargaining unit employees on official time and government equipment, I have been unable to assist employees with developing performance improvement plans, provide representation in fact-finding interviews, attend new employee orientation, complete paperwork for employees leaving federal employment, answer questions about employe rights and obligations, and assist with leave-related disputes.

*Local Management Seeks to Chill Union Activity*

15. On multiple occasions since August 6, 2026, bargaining unit employees have informed me that management officials at the Providence VARO have told the bargaining unit employees, "You cannot have union representation" or words to that effect. These statements were made orally and have had the intended effect of intimidating bargaining unit employees, chilling their speech and association with AFGE Local 2305, and harming AFGE Local 2305's reputation and reducing our membership count. Employees have told me that they are terminating their membership with AFGE Local 2305 because they have been told that they are "not being represented by the union anymore." *See* **Exhibit A.**

16. The Providence VARO instructed bargaining unit employees and AFGE Local 2305 officials to remove any items from their offices and workspaces that included the word "AFGE" or "union." For example, employees were instructed to remove AFGE stickers, AFGE magnets, and other AFGE-branded items. AFGE Local 2305 was instructed to remove all items from the union bulletin board. However, the Providence VARO still allows employees to display sports memorabilia, educational banners/magnets, and other non-union/non-AFGE items.

4

17. Several AFGE Local 2305 officers and stewards have told me that they are afraid of retaliation and feel that they have a "target on their back" because of their affiliation with the union. They fear that the VA may "come after them" for associating with, and being actively involved in, the union. This has made it difficult to recruit and retain union representatives.

***Comparison with Laborers International Union of North America***

18. I am aware that the VA did not terminate the collective bargaining agreement that covers its bargaining unit employees represented by Laborers International Union of North America ("LiUNA") on August 6, 2025.

19. LiUNA represents registered nurses, non-medical professionals, licensed practical nurses/licensed vocational nurses, certified nursing assistants, health technicians, intermediate care technicians, medical technologists/pathology lab personnel, and respiratory therapists at the Providence VA Medical Center ("Providence VAMC").

20. The Providence VAMC (represented by LiUNA) is approximately 2 miles from the Providence Veterans Center (represented by AFGE). Employees within these facilities work together to share bi-directional referrals, care coordination, suicide prevention activities, and quality review for veterans, servicemembers, and their families. Each vet center has a clinical liaison and an administrative liaison that works with the local VA medical center.

21. From August 6, 2025, through at least November 13, 2025, despite working in close coordination and proximity with one another to serve the same or similar population, LiUNA-represented employees at the Providence VAMC continued to enjoy collective bargaining rights, while AFGE-represented employees at the Providence Veterans Center did not.

***Loss of Members***

22. Since the termination of the Master Agreement on August 6, 2025, AFGE Local 2305's membership has decreased from approximately 280 members to 199 members.

5

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 25th day of November 2025, in Providence, Rhode Island.

_____
Frederick Sacchi

# Exhibit A

**L2305 - Request to Cancel AFGE Membership for** Redaction - Privacy

Via email

Redaction - Privacy • Oct 21 5:19 pm

To: AFGE, Edues  Show more

Report Suspicious

**This Message Is From an External Sender**
This message came from outside your organization.

Good afternoon,

I would like to cancel my dues/subscription due to the fact that I am not being represented by the union anymore. I do not wish to pay the $16.75 every two weeks. Please cancel immediately. Thank you.

V/R

Redaction - Privacy
Dept of Veterans Affairs
Local 2305
District 02
Member ID 2000634188

Sent from Yahoo Mail for iPhone