UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES NATIONAL VA COUNCIL**<br><br>**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 2305**<br><br>   *Plaintiffs,*<br><br>   **v.**<br><br>**UNITED STATES DEPARTMENT OF VETERANS AFFAIRS**<br><br>**DOUGLAS A. COLLINS, in his official capacity as U.S. Secretary of Veterans Affairs**<br><br>   *Defendants.* | **Case No. 1:25-cv-00583-MRD-PAS** |

## DECLARATION OF SONIA CHAVES

I, Sonia Chaves, declare as follows:

1.      I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2.      I am a veteran of the United States Army where I served as an Automatic Logistics Specialist for approximately 4 years stationed in Germany and Iraq.

3.      I am a Lead Medical Support Assistant employed by the United States Department of Veterans Affairs ("VA") and have 17 years of civilian government service at the Orlando Veterans Affairs Health Care System ("Orlando VAHCS") in Orlando, Florida. Currently, I work at the Daytona Beach VA Clinic in Daytona Beach, Florida, which is part of the Orlando VAHCS.

4.      The Orlando VAHCS is comprised of multiple inpatient and outpatient facilities, including the main hospital at the Orlando VA Medical Center ("Orlando VAMC"), as well as the Clermont VA Clinic, Daytona Beach VA Clinic, Deltona VA Clinic, Kissimmee VA Clinic, Lake Baldwin VA Clinic, Palm Bay VA Clinic, Port Orange VA Clinic, Tavares VA Clinic, Viera VA Clinic, and Westside Pavilion VA Clinic.

5.      I am the Local President of the American Federation of Government Employees, AFL-CIO ("AFGE"), Local 559 ("AFGE Local 559"), a position I have held since August 2022. I previously served as Vice President, Secretary, and Steward for AFGE Local 559.

6.      AFGE Local 559 represents bargaining unit employees at every facility within the Orlando VAHCS. AFGE Local 559 also represents bargaining unit employees at four facilities within the VA Readjustment Counseling Service ("RCS"), which provides counseling and support to veterans, servicemembers, and their families when readjusting to civilian life after military service. These four RCS facilities include the Clermont Vet Center, Daytona Beach Vet Center, Melbourne Vet Center, and Orlando Vet Center.

7.      AFGE Local 559 also represents bargaining unit employees at the Cape Canaveral National Cemetery within the National Cemetery Administration ("NCA"), which manages burial and memorial affairs for veterans and servicemembers, as well as the Florida/Caribbean

1

Consolidated Patient Account Center, which manages the billing and collection of copayments, insurance payments, and reimbursements for VA services.

8.      In total, across all VA facilities, AFGE Local 559 represents approximately 6,000 bargaining unit employees in dozens of occupations, including both professional and nonprofessional employees. Bargaining unit positions represented by AFGE Local 559 include, but are not limited to, physicians, dentists, physician assistants, registered nurses, nurse practitioners, psychologists, social workers, carpenters, police officers, medical support assistants, housekeepers, radiology technicians, health technicians, gardeners, electricians, mail clerks, transportation assistants, security assistants, and more.

9.      I am aware that Douglas A. Collins, Secretary of Veterans Affairs, terminated the 2023 Master Collective Bargaining Agreement ("Master Agreement") on August 6, 2025, except as applied to police officers, firefighters, and security guards. I provide this declaration to describe how the termination of the Master Agreement has affected AFGE Local 559, my work as its Local President, and bargaining unit employees.

***Local Management Has Stopped Complying with the Master Agreement and Local Agreements***

10.     Under the Master Agreement, Orlando VAHCS was obligated to provide notice and to bargain over changes to working conditions affecting bargaining unit employees. Prior to the August 6 termination of the Master Agreement, I or other local union officials would bargain over proposed changes to working conditions several times a month or year. Following Secretary Collins' termination of the Master Agreement, management officials and human resources officials at the Orlando VAHCS have refused to negotiate in good faith with AFGE Local 559 over changes to working conditions affecting bargaining unit employees, such as changes to shifts and work schedules, changes to performance standards, changes to local dress code policies, other changes to standard operating procedures and local policies, and more. Should an employee fail to comply with these policies or work rules, they may be subject to disciplinary

action up to and including removal from federal service. The VA unilaterally implemented these changes without notice to, or bargaining with, AFGE Local 559.

11.    Article 43 of the Master Agreement contains the negotiated grievance procedure that applies to bargaining unit employees. The negotiated grievance procedure includes a 3-step process that obligates bargaining unit employees, union representatives, and VA officials to meet and discuss employee grievances to resolve workplace disputes. Following completion of this 3-step process, parties have the option to proceed to binding arbitration before a neutral third party consistent with Article 44 of the Master Agreement. Historically, subject only to limitations in law, all disciplinary actions, pay disputes, and other complaints related to working conditions could be challenged through the negotiated grievance procedure and proceed to binding arbitration.

12.    As a result of the termination of the Master Agreement, management officials at the Orlando VAHCS stopped processing union grievances filed by AFGE Local 559 and have refused to allow AFGE Local 559 and bargaining unit employees to challenge various matters through the negotiated grievance procedure. The Orlando VAHCS and other VA facilities have unilaterally terminated multiple pending grievances filed under the negotiated grievance procedure and refused to participate in arbitration proceedings. They claim that bargaining unit employees can now only utilize the VA grievance procedure, but management officials refuse to process any grievance filed by AFGE Local 559 under the VA grievance procedure and instead will only accept grievances filed by individual employees. However, employees have told me that they are not filing grievances because they are afraid of retaliation and retribution for exercising these rights and speaking up on the job.

13.    Articles 14, 17, and 22 of the Master Agreement require the VA to provide bargaining unit employees with certain due process and procedural rights prior to issuing disciplinary action. These contractual protections include 14-day advance notice, an opportunity to review the evidence on which the proposed action is based, an opportunity to submit an oral and/or written response within 10 days, and union representation when responding to the

proposed disciplinary action. However, since the termination of the Master Agreement, the VA has issued disciplinary actions without regard for these contractual provisions. The VA is also issuing disciplinary action without providing evidence relied upon by VA, which prevents bargaining unit employees from having a fair and meaningful opportunity to defend themselves and challenge unjustified disciplinary action. Furthermore, the Orlando VAHCS and other VA facilities have refused to allow bargaining unit employees to obtain union representation in investigatory examinations that may result in discipline, also known as "*Weingarten* meetings." Bargaining unit employees represented by AFGE Local 559 have, in fact, been disciplined as a result of, or in connection with, these meetings.

14.    In one such case, a bargaining unit employee at the Orlando VAMC was investigated for speaking Spanish with a coworker in the workplace. Initially, AFGE Local 559 represented this employee in a fact-finding investigation where it seemed that the matter was resolved. However, following the termination of the Master Agreement, the Orlando VAMC issued an admonishment to this employee without providing a proposed action or opportunity to review the evidence and defend herself. The employee was not permitted union representation during this meeting and was also prohibited from filing a grievance under the Master Agreement.

15.    I am aware of other cases where employees represented by AFGE Local 559 have received disciplinary action without receiving the process provided by Articles 14, 17, and 22 of the Master Agreement, including employees who requested union representation during this disciplinary process but who were denied that right. For example, on November 17, 2025, a bargaining unit employee at Daytona Beach Multi Specialty Clinic was subjected to a fact finding interview and she was denied union representation during that interview. Further, employees disciplined with these Master Agreement protections were also prohibited from challenging these actions through the negotiated grievance and arbitration procedures in Articles 43 and 44 of the Master Agreement.

16.    Article 48 of the Master Agreement relates to official time.  Official time, which is defined in 5 U.S.C. § 7131, is intended to "facilitate and encourage the amicable settlement of

disputes between employees and the Department involving conditions of employment and should contribute to the effective and efficient conduct of public business."  Master Agreement, Art. 48, § 1(A).  Section 10 of Article 48 governs the use of official time at the local union level, and it provides that each local union "will receive an allotment of hours equal to 4.25 hours per year for each bargaining unit position represented by that local union."  Master Agreement, Art. 48, § 10(A). In my capacity as President of AFGE Local 559, I am a local union official who takes official time under this provision of the Master Agreement.

17.     On August 8, 2025, I, along with all other union officials from AFGE Local 559, received a letter from the Medical Center Director titled "Order to Return to Duty." That letter cited Secretary Collins' termination of the Master Agreement and claimed, "[a]s a designated representative of Local 559 not serving in an occupation exempted from EO 14251, you are hereby notified that you are excluded from coverage under the Statute and are no longer able to exercise the rights or entitlements of persons or entities covered under the Statute, including, but not limited to the use of Taxpayer Funded Union Time and the performance of representational activities."  (Taxpayer Funded Union Time is a term for official time.) A true and correct copy of this letter is attached hereto as **Exhibit A**.  Per this directive, local union officials are now prohibited from using official time to represent bargaining unit employees or to communicate with these employees on duty time or VA email servers.  Because we are prohibited from communicating with bargaining unit employees on official time during the workday and on government equipment, I have been unable to provide representation in reasonable accommodation meetings, investigations, hearings, and grievances.

18.     Article 51 of the Master Agreement relates to the union's use of official facilities. In Article 51, the VA "agree[d] to furnish office space to the Union appropriate for carrying out its representational and partnership duties in locations easily accessible to employees and private citizens."  Master Agreement, Art. 51, § 1(A).  Article 51 generally provides the terms by which the union can access official facilities. On or about August 12, 2025, AFGE Local 559 was forced to vacate union office space at the Orlando VAMC and return government-furnished

equipment and technology required under the provisions of the Master Agreement. We were also forced to vacate union office space at the Daytona Beach VA Clinic, Viera Beach VA Clinic, Lake Baldwin VA Clinic, Westside Pavilion VA Clinic and the Florida/Caribbean Consolidated Patient Account Center. Management officials instructed AFGE Local 559 to remove all union literature and information from VA work spaces and bulletin boards.

19.     The Orlando VAHCS also unilaterally terminated a memorandum of understanding ("MOU") with AFGE Local 559 governing important issues related to the use of annual leave, including the procedures for advance leave planning, the assignment of holiday work schedules, how employee seniority would impact leave and holiday work schedules, and more. AFGE Local 559 negotiated this MOU to ensure fairness, transparency, and order in the annual leave planning process. The MOU, a true and correct copy of which is attached hereto as **Exhibit B**, permitted employees to prioritize their preferred annual leave and holiday periods for the forthcoming calendar year based on rank-choice voting. Employees were able to submit their annual leave plan between November 1 and November 30. Disputes were resolved according to employee seniority as defined by "service computation date." Since this MOU was terminated, the Orlando VAHCS is arbitrarily denying previously approved annual leave and distributing holiday work assignments without regard for seniority and other rules set forth in this MOU. For calendar year 2026, the Agency is prohibiting employees from taking the same holidays they were approved for in 2025, even though no such restriction exists in the MOU.

### *Local Management Seeks to Chill Union Activity*

20.     I have been told by bargaining unit employees that management officials at the Orlando VAHCS and other VA facilities have told bargaining unit employees, "There is no more union," or "The union cannot help you," or "There is no reason to go to the union," or words to this effect. These statements were made orally and have had the intended effect of intimidating bargaining unit employees and chilling their speech and association with AFGE Local 559.

21.     Bargaining unit employees have told me that they are intimidated by these anti-union messages and have told me that they are afraid to speak up on the job, ask questions about

their employment, report potential violations of law and contract, speak to AFGE representatives during the workday, or otherwise question or challenge management officials who are denigrating the union and refusing to comply with the Master Agreement.

22.    I have been told by members that management and human resources officials instructed bargaining unit employees that they can no longer wear AFGE-branded clothing or accessories to work. For example, the housekeeping aides in the Facility Management Service were told that they can no longer wear AFGE Local 559 t-shirts to the worksite. However, employees are still permitted to wear clothing displaying sports logos or educational logos. The VA is singling out employees and imposing new rules based exclusively on affiliation with, or support of, AFGE Local 559.

23.    Even our own union officers and stewards have told me that they are fearful of retaliation for associating with, and acting on behalf of, AFGE Local 559. This has resulted in fewer AFGE union representatives who are willing to file grievances, sign and send emails to management officials, communicate with members, represent employees in statutory and administrative appeals, attend rallies and mobilization events, and more. This has weakened the ability of AFGE Local 559 to fully and effectively represent the interests of our bargaining unit employees.

24.    AFGE Local 559 had more than 3,100 members in March 2025. However, due to the termination of the Master Agreement and the anti-union statements made by management officials at the Orlando VAHCS and other VA facilities, our membership has dropped by more than half to 1,400 members as of November 2025.

**_Local Employing Offices_**

25.    AFGE Local 559 represents VA police officers at multiple VA facilities, including the Orlando VAMC, Daytona Beach VA Clinic, Viera VA Clinic, and Lake Baldwin VA Clinic. The local, employing office of these police officers is the VA facility where they report to work, which is either the medical center or VA clinic. Official personnel records indicate that VA police officers are appointed by these individual, local facilities falling under

7

the Orlando VAHCS within the Veterans Health Administration. Within the police department, there are dispatchers, administrative assistants, and other bargaining unit employees who work alongside these police officers. Further, there are thousands of bargaining unit employees in dozens of occupations who fall under the jurisdiction of this same local, employing office – the Orlando VAHCS. However, the VA refuses to honor the Master Agreement for bargaining unit employees other than police officers.

26.     While the VA is currently following the Master Agreement as applied to police officers, AFGE Local 559 has been unable to recruit any police officers to act as union stewards due to their fear of retaliation for associating with, or acting on behalf of, the union. Therefore, AFGE Local 559 is unable to take advantage of what little official time we have left, leaving us unable to communicate with and represent employees during the workday.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 25th day of November 2025, in Orlando, Florida.

_____
Sonia Chaves

# Exhibit A



# DEPARTMENT OF VETERANS AFFAIRS

### Orlando VA Healthcare System

### 13800 Veterans Way

Date:    August 8, 2025

From:    Medical Center Director, Orlando VA Healthcare System (675/00)

Subj:    Order to Return to Duty

To:    Sonia Chaves, Local 559

1. On March 27, 2025, President Trump signed Executive Order (EO) 14251: *Exclusions from Federal Labor-Management Relations Programs*, exempting the Department of Veterans Affairs (VA) from Chapter 71 of title 5 of the United States Code, the Federal Service Labor-Management Relations Statute (hereinafter referred to as Statute). EO 14251 exempted police officers, firefighters, and security guards from its coverage, and further delegated authority to the VA Secretary to exempt VA organizational components from the EO. On April 17, 2025, Federal Register Notice 16427 was published, exempting certain non-national unions from EO 14251's coverage.

2. On August 6, 2025, pursuant to EO 14251, the Secretary terminated master collective bargaining agreements, and all amendments, local supplemental agreements, and memoranda of understanding at all levels (collectively referred to as CBAs) with the American Federation of Government Employees (AFGE), the National Association of Government Employees (NAGE), the Service Employees International Union (SEIU), the National Nurses Organizing Committee/National Nurses United (NNOC/NNU), and the National Federation of Federal Employees (NFFE), except insofar as those agreements cover exempted employees.

3. As a designated representative of Local 559 not serving in an occupation exempted from EO 14251, you are hereby notified that you are excluded from coverage under the Statute and are no longer able to exercise the rights or entitlements of persons or entities covered under the Statute, including, but not limited to the use of Taxpayer Funded Union Time and the performance of representational activities.

4. Accordingly, you are instructed to return to your position of record no later than 0800 am, Monday August 11th, 2025. You should report to Dawn Green, Daytona Beach Clinic, Daytona FL.

5. You must remove any personal belongings from union office spaces at your VA facility and coordinate with the Office of Information and Technology to return all Government-Furnished Equipment provided for the purpose of union duties, no later than August 12, 2025. Any union information contained on the agency local area network or other similar agency networks may, upon your specific written request, be

saved and provided to you or a designated union representative currently covered by the Statute.

6. Failure to follow the instructions above could lead to appropriate administrative action up to and including removal from Federal service. Upon return to your position of record, your supervisor will assess and determine whether training is necessary for you to perform your assigned duties.

7. If you have any questions, please contact Redaction - Privacy, ER/LR Specialist, Redaction - Privacy @va.gov, Redaction - Privacy.

Redaction - Privacy

Redaction - Privacy

Medical Center Director/CEO
Orlando VA Healthcare System

# Exhibit B

Memorandum of Understanding (MOU)

**Annual Leave Plan**

This MOU supersedes all previous versions.

This following constitutes and agreement between the Orlando Healthcare System and AFGE Local 559 concerning procedures used to approve the advanced scheduled Annual Leave of bargaining unit employees.

The parties agree annual leave is provided to allow employees leave for rest and recreation and to provide periods of time off for personal purposes. All employees may request annual leave for any duration and take such leave subject to the Department's approval.

When an employee requests annual leave in conjunction with scheduled days off at the beginning and/or end of the leave period, the Department will not change that employee's days off.

Management will inform employees, and the union, the maximum number of employees able to use leave in accordance with coverage requirements. Management agrees to consider workload adjustments and generous leave approval during popular holiday periods.

Management will make available to employees, and the union, a current leave calendar for the entire year. A continually updated leave calendar will be available to appropriate employees and union officials. The calendar will clearly show available and unavailable days.

For the purpose of this MOU, seniority is calculated using the employee's Service Computation Date.

The Annual Leave Plan will be developed using the following procedures:

Management will solicit and employees will submit their Annual Leave Plan for the following Leave Year between November 1 and November 30. All leave requests will be in VATAS.

A Leave Year is January 1 to December 31.

Employees shall rank their requests in order of importance from most important request to least by using the comment section. For example, the comment on the highest priority request is "Priority 1" or "Rank Choice 1", the second highest priority is "Priority 2" etc.

In the event more employees in a specific work group desire a corresponding date off than can be accommodated by coverage requirements, management will resolve the dispute based on seniority.

Management shall inform employees of approved and disapproved annual leave in VATAS and will provide a reason if denied.  Approval and disapproval will be completed by December 15.  If VATAS does not allow approval, and the leave balance is not accrued, management will give confirmation to the employees via email. The VATAS approval will be made when the leave balance is sufficient.

In the event November 30 or December 15 are a non-business day, the next normal business day, 11:59pm, will be considered the deadline.

Management shall keep a clear record of which employees leave request were disapproved in order to facilitate contacting employees when a requested date becomes available.

This MOU is intended to create an Annual Leave Planning process which is not mentioned in the Master Agreement and does not invalidate any sections of the Master Agreement.

This MOU will be in effect until the termination of the 2023 Master Agreement or by mutual agreement by the parties.


TIMOTHY COOKE
Digitally signed by TIMOTHY COOKE
Date: 2024.05.30 16:50:09 -04'00'

Date 5/30/24

Timothy J. Cooke, CEO
Medical Center Director


SONIA CHAVES
Digitally signed by SONIA CHAVES
Date: 2024.06.13 14:28:58 -04'00'

Date _____

Sonia Chaves
President, AFGE Local 559