IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES NATIONAL VA COUNCIL; and<br><br>AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 2305<br><br>　　*Plaintiffs,*<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; and<br><br>DOUGLAS A. COLLINS, in his official capacity as U.S. Secretary of Veterans Affairs<br><br>　　*Defendants.* | Case No. 1:25-cv-00583-MRD-PAS |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs the American Federation of Government Employees National Veterans Affairs Council ("NVAC") and American Federation of Government Employees Local 2305 write to inform the Court that on February 12, 2026, the Office of Personnel Management ("OPM") issued a memorandum regarding Executive Order 14251 and a guidance document that is an updated version of a document already in the record in this case.

The February 12, 2026 memorandum is Exhibit A to the concurrently filed Declaration of Alexandra Wheeler.  The updated guidance document is Exhibit B to the Wheeler Declaration. Exhibit B to the Wheeler Declaration is a revised version of the OPM guidance document currently in the record at Exhibit L to the Declaration of Travis Silva in support of Plaintiffs' Motion for a Preliminary Injunction (Dkt. 14-2 at 100).

Questions/Answers 3 and 4 of Exhibit B of the new guidance document (which are pasted below) relate to the jurisdictional argument that Defendants make at pp. 20-31 of their Opposition brief (Dkt. 17) and the reply arguments at pp. 9-20 of Plaintiffs' Reply brief (Dkt. 19).

> *Q3:* Should agencies amend current filings for exceptions to arbitration awards where an arbitrator ordered relief for a bargaining unit covered under E.O. 14251?
>
> *A3:* Yes. Agencies should amend current filings for exceptions to arbitration award to take the position that the union lacks standing as it is not recognized as a result of E.O. 14251.
>
> *Q4:* In any ongoing proceedings in which an agency is asked to submit a statement of position regarding an unfair labor practice charge under investigation by the FLRA, should agencies submit a statement?
>
> *A4:* Yes. The statement should assert, and agencies should identify for the appropriate FLRA regional office, the Administration's position that the relevant agency or agency subdivision is no longer subject to provisions of the Federal Service Labor-Management Relations Statute (FSLMRS) per E.O. 14251.

4121274

Respectfully submitted,

Dated: February 18, 2026

By: */s/ Carly Beuvais Iafrate*
Carly Beauvais Iafrate, #6343
Law Office of Carly B. Iafrate, PC
408 Broadway, 1st Fl.
Providence, RI 02909
(401) 421-0065
ciafrate@verizon.net

By: */s/ Travis Silva*
Brook Dooley *(pro hac vice)*
Travis Silva *(pro hac vice)*
Taylor Reeves *(pro hac vice)*
JiLon Li *(pro hac vice)*
Alexandra Wheeler *(pro hac vice)*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:  415 397 7188
BDooley@keker.com
TSilva@keker.com
TReeves@keker.com
JLi@keker.com
AWheeler@keker.com

*Attorneys for American Federation of Government Employees National VA Council and American Federation of Government Employees Local 2305*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2026, I electronically filed the foregoing document(s), and they are available for viewing and downloading from the Court's CM/ECF System, and that all participants in the case are registered CM/ECF users and that service will be accomplished by CM/ECF system.

*/s/ Travis Silva*
Travis Silva

3

4121274