## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES NATIONAL VA COUNCIL; and<br><br>AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 2305;<br><br>     Plaintiffs,<br><br>          *v.*<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; and<br><br>DOUGLAS A. COLLINS, in his official capacity as U.S. Secretary of Veterans Affairs;<br><br>     Defendants. | Civil Action No.<br>1:25-CV-583-MRD-PAS |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants file this response to advise the Court that the relevance of the

Ninth Circuit's ruling in *American Federation of Government Employees v.*

*Trump* ("*AFGE II*"), ____ F. 4th ____, 2026 WL 534591 (9th Cir. Feb. 26, 2026) is

not as limited as Plaintiffs suggest in their Notice of Supplemental Authority,

ECF No. 26.

The Ninth Circuit ruled that the Government was likely to succeed on the

merits. "Executive Order 14,251," the Ninth Circuit explained, "discloses no

retaliatory animus on its face." (*Id.* at *6.) Instead, the Executive Order

"expresses that the President's primary—if not only—concern with union

activity was its interference with national security." (*Id*. at *6.) In addition, the Ninth Circuit found that the President would have issued the Executive Order even in the absence of the plaintiff/labor unions' protected conduct. (*Id*.) Plaintiffs here challenge the VA's implementation of that Executive Order. (Am. Compl. for Declaratory & Injunctive Relief ("Am. Compl.") ¶¶ 3, 20, ECF No. 13.) Specifically, they challenge the VA's cancellation of their collective bargaining agreements (CBAs), which the VA did "in response to President Trump's Executive order," as the Secretary's contemporaneous letter makes clear. *VA Terminates Union Contracts for Most Bargaining-Unit Employees*, VA News (August 6, 2025), https://news.va.gov/pressroom/va-terminates-union-contracts-for-most-bargaining-unit-employees/ (Travis Silva Decl., Ex. I); Am. Compl. Ex. C (terminating CBA because "pursuant to EO 14251," the "VA is no longer subject to the FSLMRS" and thus the "statutory authority underlying the original recognition of AFGE" as the "exclusive-bargaining representative"— except for of employees exempted from the Executive Order's coverage—is no longer operative).

Although the Ninth Circuit did not need to consider the remaining elements that govern issuance of a preliminary injunction, it opined that, were the court to consider those elements, "the government has the edge." (*AFGE II*, 2026 WL 534591, at *7.) Of particular relevance here given that Plaintiffs are challenging the cancellation of their CBAs, the Ninth Circuit ruled that the American Federation of Government Employees could not make the necessary

showing of irreparable harm by pointing to the cancellation of CBAs because any such harm could be mitigated "by reinstating the terminated agreements if the union plaintiffs were to prevail." (*Id.* at *8.) Finally, the last two preliminary-injunction factors—*i.e.*, the balance of equities and the public interest—also weighed in the Government's favor. (*Id.*) Namely, the Government's "asserted interest in national security outweighed the interests of the plaintiff unions." (*Id.*)

As AFGE notes, the Ninth Circuit did hold that the district court had jurisdiction. (*Id.* at *5.) But the Ninth Circuit did not disagree that claims like Plaintiffs' arise under the FSLMRS and that the FLRA has authority to adjudicate whether employees are entitled to engage in collective bargaining. Nor did the court address the various avenues Congress included in the FSLMRS that would allow unions to challenge the CBA termination before the FLRA or find those avenues unavailable. In particular, the court did not consider whether the plaintiffs could seek clarification of their right to represent VA employees from the FLRA under 5 U.S.C. § 7111(b)(2)—an issue that was not raised in the Ninth Circuit case but Defendants have raised here. *See, e.g.,* Defs.' Opp'n to Pls.' Mot. for Prelim. Inj. 23, ECF No. 17.

Dated: March 2, 2026

Respectfully submitted,

UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS; and
DOUGLAS A. COLLINS, in his
official capacity as U.S. Secretary of
Veterans Affairs,

By their attorneys,

CHARLES C. CALENDA
United States Attorney

*/s/ Andrea Hyatt*
Andrea Hyatt
Assistant U.S. Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (Fax)
Andrea.Hyatt@usdoj.gov

Tyler J. Becker
(VA Bar No. 97636)
Counsel to the Assistant Attorney General
U.S. Department of Justice
Civil Division
Office of the Assistant Attorney General
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 514-4052
Email: Tyler.Becker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on March 2, 2026, I filed the foregoing document through this Court's Electronic Case Filing (ECF) system, thereby serving it upon all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 304.

*/s/ Andrea Hyatt*
ANDREA HYATT
Assistant U.S. Attorney

4