**UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES NATIONAL VA COUNCIL; and<br><br>AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 2305;<br><br>     Plaintiffs,<br><br>        *v.*<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; and<br><br>DOUGLAS A. COLLINS, in his official capacity as U.S. Secretary of Veterans Affairs;<br><br>     Defendants. | Civil Action No.<br>25-CV-583-MRD-PAS |

**DEFENDANTS' MOTION
FOR CLARIFICATION OF PRELIMINARY INJUNCTION**

On March 13, 2026, this Court issued a Memorandum Opinion & Order ("Order") concluding that Plaintiffs have shown a likelihood of success on their challenge to Defendants' decision to terminate the three-year Master Collective Bargaining Agreement ("Master CBA") between the U.S. Department of Veterans Affairs ("the VA") and the American Federation of Government Employees ("AFGE"). (Order 18, 28, ECF No. 30.) That Order requires Defendants to take the following action:

> The Defendants shall reinstate the Master CBA—as well as any amendments, local supplemental agreements, and memoranda of understanding that were in place subsidiary to the Master CBA— for the remainder of the agreed-upon term provided in the Master CBA.

1

(*Id.* at 29.) The Order is ambiguous in two respects, and Defendants therefore seek clarification from the Court.

First, by its terms, the Order may be read to constrain the VA from re-terminating the Master CBA *for any reason* before its August 8, 2026 expiration, even though that relief would exceed the relief Plaintiffs requested and exceed the relief that would be appropriate based on the theories where the Court found a likelihood of success for Plaintiffs. Defendants therefore respectfully ask the Court to clarify that its Order does not enjoin re-termination of the Master CBA for other reasons.

Second, the Order may be read to provide relief to parties that are not before the Court—in particular, to local unions who did not and could not sue in this Court. Because such an interpretation would be contrary to Article III's case-or-controversy requirement and the Supreme Court's direction in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), Defendants ask the Court to clarify that the scope of the Court's injunction is limited to only those AFGE affiliates that sued in this Court.

In the alternative, if this Court intended its Order to have the broader effects discussed, Defendants respectfully seek reconsideration of those aspects of the Order.

## LEGAL STANDARD

### A.    Motion for Clarification

A preliminary injunction order must "state its terms specifically," and "describe in detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). District courts have the "sound discretion" to "clarif[y]" the scope of their injunctions so parties are not left "in the dark as to their duty toward the court." *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15 (1945) (stating that "we think courts would not be apt to withhold [such] clarification"); *see also Campus*

*Stores of Mass., Inc. v. Follett Higher Educ. Grp., Inc.*, No. CV 05-11116-NG, 2005 WL 8176133, at *4 (D. Mass. Sept. 19, 2005) (granting a motion to clarify a preliminary injunction so that it "clearly requires" certain action); 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2956 (3d ed. 1987) ("It should be noted that when an interested individual is confused as to the applicability of an injunction to him or whether the scope of an order applies to certain conduct, he may request the granting court to construe or modify the decree."). Indeed, "[e]ntertaining such motions seems especially prudent if the parties must implement the ruling at issue at subsequent stages of the litigation." *United States v. All Assets Held at Bank Julius, Baer & Co.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018).

## B.    Motion for Reconsideration

A district court "has substantial discretion and broad authority" to reconsider its own decisions. *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 81 (1st Cir. 2008). The court properly invokes its discretion to grant a Rule 59(e) motion if there is a legal error, newly discovered evidence, or if the district court "has patently misunderstood a party . . . or has made an error not of reasoning but apprehension." *Ruiz Rivera*, 521 F.3d at 81; *accord Biscayne Ent., Inc. v. City of Providence Bd. of Licenses*, No. CV 20-130-JJM-LDA, 2020 WL 3104934, at *2 (D.R.I. June 11, 2020).

## ARGUMENT

### A.    The Court should clarify that its Order does not constrain re-termination for the remainder of the Master CBA's Term.

In its Order, the Court recognized that Plaintiffs were asking the Court to adjudicate only one "distinct, discrete action"—*i.e.*, the Secretary's termination of the Master CBA on August 6, 2025, as part of the Agency's implementation of Executive Order 14,251. (Order 1, 11.) Specifically, the Court appreciated the

3

distinction between that action and the President's issuance of Executive Order 14,251 and observed that "the Plaintiffs' claims only pertain to Secretary Collins' and the VA's actions." (*Id.* at 11; *see also id.* at 12 (clarifying that "[t]his case is not about the constitutionality of the EO").) "Secretary Collins had no role in the issuance of the EO," the Court correctly observed. (*Id.* at 11.)

Appropriately focused on the challenged action before it, the Court did not speculate about whether the VA may have other, lawful bases upon which to terminate the Master CBA during the remainder of its term (*i.e.*, until August 8, 2026). An injunction prohibiting a future termination based on a different record would have been improper for three reasons.

*First*, the "principle of party presentation" required the Court to focus on the August 6 termination, not hypothetical future terminations. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025). The only agency action the Plaintiffs challenge in this suit is the Defendants' August 6, 2025 termination of the Master CBA. (Am. Compl. for Declaratory & Injunctive Relief ("Am Compl.") ¶ 11, ECF No. 13 ("The Secretary's August 6 Termination was unlawful under either the Administrative Procedure Act (APA) and the Constitution."). Similarly, Plaintiffs' preliminary-injunction motion requested only that this Court issue a "preliminary injunction and/or an order to stay or preliminary set aside Defendants' *August 6, 2025 termination* of the 2023 Master Collective Bargaining Agreement." (Mot. for Prelim. Inj. & Relief Under 5 U.S.C. § 705 at 1, ECF No. 14 (emphasis added)). Granting Plaintiffs relief from any speculative future agency actions would go beyond the relief Plaintiffs sought in their complaint and preliminary-injunction motion, and run counter to the rule that Plaintiffs "frame the issues" and "courts call balls and strikes; they don't get a turn at bat." *Clark*, 607 U.S. at 9 (citations omitted).

4

*Second*, Article III independently bars advisory relief concerning speculative future conduct. The Constitution limits federal courts' jurisdiction to "cases" and "controversies." U.S. Const., art. III, § 2. As the Supreme Court has repeatedly emphasized, that limitation requires "a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions." *Carney v. Adams*, 592 U.S. 53, 58 (2020); *accord Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 397 (2024) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."). In the instant case, the question and controversy before the Court is this: did Defendants' termination of the Master CBA on August 6, 2025, violate either the First Amendment or the Administrative Procedure Act (APA)? (Order 1, 5, 11.) Based on the record before the Court, the Court ruled that the answer is likely "yes." (*Id.* at 5, 18, 25.) Termination of the Master CBA on a different basis would require adjudication based on a different record—one not before the Court. In sum, enjoining the VA from taking any action regarding the current Master CBA—such as re-terminating the Master CBA for different reasons than those the Court considered in its preliminary-injunction order—would constitute precisely the type of advisory ruling Article III forbids.[1]

_____

[1] The ripeness doctrine further supports reading the Order as not applicable to a contingent, future re-cancellation of the Master CBA. The doctrine bars adjudication of claims based on "contingent future events." *Reddy v. Foster*, 845 F.3d 493, 500 (1st Cir. 2017). As specifically applied to cases involving the Executive Branch, the doctrine prevents "courts from 'entangling themselves in abstract disagreements over administrative policies' and from improperly interfering in the administrative decision-making process." *City of Fall River v. Fed. Energy Regulatory Comm'n*, 507 F.3d 1, 6 (1st Cir. 2007) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967)). "Agency action is not ripe for judicial review until an agency has made a final decision. *Abbott Labs.*, 387 U.S. at 149. And, for an agency review to be final, it must be both (a) "the consummation of the agency's decisionmaking process," and (b) a decision "by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177 (1997); *Abbott Labs.*, 387 U.S. at 148-49.

*Third*, it is axiomatic that equitable relief must be narrowly tailored to remedy the harm alleged. *See Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) ("[I]njunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs."); *DraftKings Inc. v. Hermalyn*, 118 F.4th 416, 423 (1st Cir. 2024) ("Judges must closely tailor injunctive relief to the specific harm alleged."). As discussed *supra*, the only action the Plaintiffs' complaint challenges and that Plaintiffs requested a preliminary-injunction setting aside is Defendants' August 6, 2025 termination of the Master CBA, and therefore the relief must be tailored to that particular agency action.

Despite all of this, the Court's Order could be read as forbidding Defendants from engaging in any future termination of the Master CBA through its scheduled expiration on August 8, 2026. Defendants seek clarification that such a construction was not intended. And if it was intended, Defendants seek reconsideration for the same reasons explained.

**B.    The Court should clarify its Order to confirm that it is limited to only those AFGE affiliates who are before the Court.**

The Order's instruction to reinstate "local supplemental agreements, and memoranda of understanding" should be understood to apply only to the local supplemental agreements and memoranda of understanding between Plaintiffs and the VA—and not parties not before the Court. Such a construction is consistent with the Supreme Court's direction in *Trump v. CASA, Inc.*, that injunctions must be no "broader than necessary to provide complete relief to each plaintiff with standing to sue." 606 U.S. 831, 835 (2025). "Under this principle, the question is not whether an injunction offers complete relief to *everyone* potentially affected by an allegedly unlawful act; it is whether an injunction will offer complete relief *to the plaintiffs before the court*." *Id.* at 852. "'[C]omplete relief' is not synonymous with 'universal relief.'" *Id.* at 851. And

6

"universal relief," which "falls outside the bounds of a federal court's equitable authority under the Judiciary Act," may not be entered. *Id.* at 847.

Here, only two Plaintiffs are before the Court: (1) American Federation of Government Employees National VA Council ("NVAC"),[2] and (2) American Federation of Government Employees Local 2305 ("AFGE Local 2305").[3] The ordered relief should be limited to them. The Court's opinion says nothing to suggest otherwise. Taken out of context, however, the Order's reference to "local supplemental agreements, and memoranda of understanding" could broadly be construed as requiring Defendants to reinstate "local supplemental agreements" and "memoranda of understanding" with the numerous AFGE local unions nationwide, regardless of whether those local unions were plaintiffs before the Court.[4]

Defendants therefore seek clarification that the Order is limited to "local supplemental agreements, and memoranda of understanding" it has with the two Plaintiffs in this case, and Defendants seek reconsideration to the extent the Order provides nationwide relief.

---

[2] NVAC is "an autonomous labor organization affiliated with the American Federation of Government Employees that represents, and bargains on behalf of, more than 300,000 bargaining unit employees at the VA. (Am. Compl. for Declaratory & Injunctive Relief ("Am. Compl.") ¶ 24, ECF No. 13; Decl. of Tracey Therit ¶ 7, ECF No. 17-1.)

[3] AFGE Local 2305 is a local affiliate that represents VA employees who work at the Providence VA Regional Benefit Office and the Providence Veterans Center (in addition to other VA employees outside this District). Before August 6, 2025, there were more than 450 bargaining unit employees represented by AFGE Local 2305. (Am. Compl. ¶ 25; Decl. of Tracey Therit ¶ 10.)

[4] According to NVAC's website, there are 178 local AFGE/NVAC unions. NVAC, https://afgenvac.org (last visited March 18, 2026).

# CONCLUSION

To the extent that Defendants have misunderstood the Court's preliminary injunction, they respectfully request clarification or reconsideration for the reasons explained.

Dated: March 20, 2026

Respectfully submitted,

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; and DOUGLAS A. COLLINS, in his official capacity as U.S. Secretary of Veterans Affairs,

By their attorneys,

CHARLES C. CALENDA
United States Attorney

*/s/ Andrea Hyatt*
Andrea Hyatt
Assistant U.S. Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (Fax)
Andrea.Hyatt@usdoj.gov

Tyler J. Becker
(VA Bar No. 97636)
Counsel to the Assistant Attorney General
U.S. Department of Justice
Civil Division
Office of the Assistant Attorney General
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 514-4052
Tyler.Becker@usdoj.gov

8

## CERTIFICATE OF SERVICE

I hereby certify that, on March 20, 2026, I filed the foregoing document through this Court's Electronic Case Filing (ECF) system, thereby serving it upon all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 304.

*/s/ Andrea Hyatt*
ANDREA HYATT
Assistant U.S. Attorney