**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES NATIONAL VA COUNCIL; and<br><br>AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 2305<br><br>    *Plaintiffs,*<br><br>    **v.**<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; and<br><br>DOUGLAS A. COLLINS, in his official capacity as U.S. Secretary of Veterans Affairs<br><br>    *Defendants.* | **Case No. 1:25-cv-00583-MRD-PAS** |

## DECLARATION OF ALEXANDRA WHEELER IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE

I, Alexandra Wheeler, declare:

1.   I am an attorney licensed to practice law in the State of California and am an associate at the law firm of Keker, Van Nest & Peters LLP.  I represent Plaintiffs American Federation of Government Employees ("AFGE") National VA Council ("NVAC") and Local 2305. My motion to appear pro hac vice in this litigation was granted on November 4, 2025. I submit this declaration in support of Plaintiffs' Motion to Enforce. I have knowledge of the facts set forth herein, and if called upon as a witness, I could testify competently under oath.

2.   On February 19, 2026, the Court held a hearing on Plaintiffs' motion for preliminary injunction at Dkt. No. 14. A true and correct copy of excerpts of the hearing transcript is included herewith as **Exhibit A**.

3.   On March 17, 2026, NVAC President Mary-Jean Burke sent a letter to Defendant Secretary Collins demanding that the Department of Veterans Affairs comply with the PI Order (Dkt. 30). A true and correct copy of this letter is included herewith as **Exhibit B.** On March 18, 2026, Kurt P. Martin, Deputy Director at the Office of Labor-Management Relations responded with a memorandum to Human Resources Officials at the United States Department of Veterans Affairs ("VA") issued on behalf of Denise Biaggi-Ayer, Executive Director at the Office of Labor-Management Relations. A true and correct copy of this memorandum is included herewith as **Exhibit C.** A true and correct copy of the email correspondence between Mary-Jean Burke and Kurt P. Martin is included herewith as **Exhibit D**.

4.   On March 17, 2026, an NVAC-represented employee emailed AFGE Local 2400 inquiring about whether she was entitled to 16 weeks of parental leave based on the reinstatement of the Master Agreement. The AFGE Local 2400 representative told the employee to contact her supervisor to request the additional leave. The bargaining unit employee then

1

asked her supervisor whether she would be entitled to four additional weeks of parental leave to spend with her newborn child. She was told "the union has not been reinstated, maternity leave cannot be extended at this time and you will need to report to work as scheduled." A true and correct copy of the email exchange with AFGE Local 2400 is included herewith as **Exhibit E.** True and correct copies of the email exchange between the bargaining unit employee and her supervisor are included herewith as Attachment 1 and 2 to **Exhibit E.**

5.    On March 18, 2026, an NVAC-represented employee emailed a human resource specialist at the VA about whether she would be entitled to four additional weeks of parental leave and was informed that she was "ineligible for inclusion in a bargaining unit." A true and correct copy of this email exchange is included herewith as **Exhibit F**.

6.    On March 18, 2026, Pamela Brown, President of AFGE Local 2031, requested to represent an NVAC bargaining unit employee in a disciplinary action and was informed by a human resources specialist at the VA that "there has been no official notification that [the] collective bargain[ing] agreement ha[s] been reinstated." A true and correct copy of this email exchange is included herewith as **Exhibit G**.

7.    On March 18, 2026, Angela Madtes, an attorney for the VA, objected to the reinitiation of arbitration proceedings for a filed grievance. A true and correct copy of this email is included herewith as **Exhibit H**.

8.    On March 18, 2026, a Labor Relations Specialist at the VA refused NVAC's "Demand to Bargain" due to "EO 14251" and that "the Secretary terminated the American Federation of Government Employees (AFGE) master collective bargaining agreement, and all amendments, local supplemental agreements, and memoranda of understanding at all levels." A true and correct copy of this email exchange is included herewith as **Exhibit I**.

2

9.      On March 19, 2026, Jamie Stratton, President of AFGE Local 2344, emailed members of VA management that an NVAC bargaining unit employee was not entitled to union representation because the VA was "still bound by the executive order."  A true and correct copy of this email is included herewith as **Exhibit J**.

10.     On March 19, 2026, RaTanya Fernandez, an attorney for the VA, objected to the reinitiation of arbitration proceedings for a filed grievance.  A true and correct copy of this email exchange is included herewith as **Exhibit K**.

11.     On March 19, 2026, Nicholas Pasquarella, Staff Attorney at the VA, submitted a letter to Frank Cornelius, an arbitrator at the Federal Mediation and Conciliation Service, stating the VA's position on pending arbitrations between the VA and AFGE Locals 85 and 2209 was that they should be "held in abeyance" because the PI Order had a "lack of clarity and fail[ed] to address how the CBA can be reinstated notwithstanding the valid and enforceable EO" and because the "legality of Executive Order 14251 is currently being reviewed by the D[.]C[.] and Ninth Circuits."  A true and correct copy of this letter is included herewith as **Exhibit L**.

12.     On March 18, 2026, Tyler Becker, counsel for Defendants, responded to Plaintiffs' counsel, Travis Silva's request for a meet and confer regarding Defendants' compliance with the PI Order by stating simply "The union should have received correspondence from the VA this afternoon indicating that the Master Agreement has been reinstated." A true and correct copy of this email is included herewith as **Exhibit M**.

13.     On March 19, 2026, Travis Silva sent a follow-up email informing Mr. Becker that Defendants were continuing to deny bargaining unit employees their rights under the Master Agreement and asked for Mr. Becker to confirm that Defendants would comply with the PI

3

Order by adhering to the terms of the Master Agreement. A true and correct copy of this email is included herewith as **Exhibit N**.

14.    On March 20, 2026, Mr. Becker responded without any confirmation. Instead he stated, "If the union believes any provisions of the Master Agreement are not being honored, the agreement spells out the process for raising grievances." A true and correct copy of this email is included herewith as **Exhibit O**.

15.    On March 16, 2026, a an NVAC bargaining unit employee emailed the VA Deputy District Director for the Pacific District informing her that he would be performing official time duties and requesting that the VA recognize this as official time under the Master Agreement. In response, the VA stated that "Official time request from employees who are not police officers/firefighters/security guards are denied." A true and correct copy of this email is included herewith as **Exhibit P**.

16.    On March 17, 2026, Kenneth Mortimer, Executive Medical Center Director at the Chillicothe VA Medical Center issued a "Removal Decision Proposed Under the Authority of 5 U.S.C. Ch. 75" against an NVAC bargaining unit employee. That disciplinary decision provided several options for appeal but did not include an option to appeal through the procedure outlined in Master Agreement. *See* Dkt. 14-3 at ECF 67. A true and correct copy of this disciplinary letter is included herewith as **Exhibit Q**.

17.    I am informed based on discussions with NVAC personnel that the VA has not made provided union office space available to Plaintiff NVAC or Plaintiff Local 2305.

Executed this 20th day of March, 2026, at San Francisco, California.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Alexandra Wheeler

5

# EXHIBIT A

1

                IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - -X
American Federation of        :  25-cv-00583-MRD-PAS
Government Employees          :
Local 2305 & American         :
Federation of Government      :
Employees National VA         :
Council,                      :
          Plaintiffs,         :  United States Courthouse
                              :  Providence, Rhode Island
   vs.                        :
                              :
United States Department      :
of Veterans Affairs &         :
Douglas Collins, *in his*     :
*official capacity as U.S.*   :
*Secretary of Veterans*       :
*Affairs*,                    :
          Defendants.         :
- - - - - - - - - - - - - - - -X
    TRANSCRIPT OF CIVIL CAUSE FOR A PRELIMINARY INJUNCTION
                         HEARING
        BEFORE THE HONORABLE MELISSA R. DuBOSE
         UNITED STATES DISTRICT COURT JUDGE
                      COURTROOM 4

                  A P P E A R A N C E S:

For the Plaintiffs:    TRAVIS SILVA, ESQ.
                       JiLON LI, ESQ.
                       Keker, Van Nest & Peters LLP
                       633 Battery Street
                       San Francisco, CA  94111
For the Defendants:    TYLER J. BECKER, ESQ.
                       USDOJ, Office of the Assistant
                       Attorney General, Civil Division
                       950 Pennsylvania Avenue NW, Rm. 3632
                       Washington, DC  20530

                       ANDREA LENA HYATT, ESQ.
                       DOJ-USAO
                       District of Rhode Island
                       One Financial Plaza, Suite 17th Floor
                       Providence, RI  02903

Court Reporter:   Lisa Schwam, CRR-RPR-RMR
                  One Exchange Terrace
                  Providence, RI  02903

record which states that the Secretary's canceling as a result of the Executive Order, that the Ninth Circuit's decision staying a preliminary injunction preventing the Department of Veterans Affairs from implementing the Executive Order was the motivating reason.  Now --

THE COURT:  Is there any reasoning other than it's called for in the Executive Order that you could submit to the Court as to why this particular agreement was canceled?

MR. BECKER:  Your Honor, the Therit declaration goes through the reasons, including national security reasons, that will be in the administrative record when they are presented to the Court.  It is very common at the preliminary injunction stage for agencies to not submit the entire administrative record, which we are not -- under no obligation to do so yet, and the Therit declaration goes through some of the problems that the VA has had with this particular agreement.

And this agreement has caused -- causes the VA to have to, if they have an underperforming employee, they have to give the employee a 90-day performance improvement plan before even terminating them.  That causes immense harm to the VA itself.  The agreement requires the VA to allow nearly 2,000 government employees to be able to use union time -- to engage in

union activity during the workday.

The agreement also allows for -- requires advance notice to the Union before the employees can even be reassigned or involuntarily moved as a result of the changing dynamics in the VA.  And it requires office space at the VA facilities.  As a result of the cancelation of the CBA, the VA was able to reclaim 180,000 square feet of space, and VAs are already cramped so this would be immense harm to the government if the agreement was put back in place.

All of these decisions or all of these things are in the Therit declaration and describe material that will be in the administrative record once we get to that point.

THE COURT:  Is it just that sole declaration?

MR. BECKER:  Yes, your Honor.  That's the declaration we're relying on.

I want to go also to the fourth prong of the *Mt. Healthy* standard on the First Amendment claim because I think that even if the Court were to find that there was a substantial motivating factor that was retaliation, the Court also needs to consider whether the government would have taken the action regardless of that prohibited motivation.  The district court in California actually didn't consider this prong when

The government, if the CBA is reinstated, will have to give back 180,000 square feet of office space, will have to -- the government will have to put employees back on union -- allow employees to engage in union activity during the workday.  As a result, will have to reengage in arbitrations.  It will have to put back in those performance improvement plans.  And nearly 2,000 VA employees are going to be able to -- have to be taken off their mission-oriented roles to be engaging in union activity during the day, and the VA is going to have allow it.  These kind of --

THE COURT:  What is the inherent harm, you know, notwithstanding the last item, in having arbitration, having folks able to -- where is the harm in having to reinstate those aspects that you're enumerating as kind of the parade of horribles?

MR. BECKER:  Yes, your Honor.  These cause the VA -- the VA had a lot of members in unions and as a result there was -- I mean, there's hundreds of thousands of people.  And as a result, there's significant costs to the government for -- among having to have employees engage in these arbitrations and grievance procedures and to deal with it.

So in some agencies this is a much smaller number, but there's quite a few employees because

**CERTIFICATION**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Official Court Reporter                    March 2, 2026

# Exhibit B



**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE LABOR-MANAGEMENT RELATIONS**
**Washington DC 20420**

Date: March 18, 2026

From: Executive Director, Office of Labor-Management Relations (LMR)

To: Department of Veterans Affairs (VA) Human Resources Officials

**Subj: Preliminary Injunction Order in *American Federation of Government Employees Local 2305 and American Federation of Government Employees National VA Council v. U.S. Department of Veterans Affairs***

On March 13, 2026, the United States District Court for the District of Rhode Island issued a Memorandum and Order (Order) requiring VA to reinstate the American Federation of Government Employees' (AFGE) 2023 Master Collective Bargaining Agreement (CBA) for the remainder of the agreed-upon term provided in the CBA. The decision did not enjoin the implementation of Executive Order 14251 or make the Federal Service Labor-Management Relations Statute (FSLMRS) broadly applicable to VA.

Per the Order, the 2023 Master CBA with AFGE is reinstated. VA is currently reviewing the Order and has engaged with the Department of Justice for guidance on how to correctly implement the Order. The Order raises complex questions of law about how to reinstate the CBA while the FSLMRS remains inapplicable to the vast majority of VA employees. Additional information and guidance regarding VA's reinstatement of the 2023 Master CBA and compliance with the Order will be forthcoming.

All questions regarding this matter should be directed to the VACO Office of Labor-Management Relations at vacolmrfaqs@va.gov.

KURT MARTIN
Digitally signed by KURT MARTIN
Date: 2026.03.18 15:04:23 -05'00'

On Behalf of,
Denise Biaggi-Ayer
Executive Director,
Office of Labor-Management Relations

# Exhibit C



**NATIONAL VETERANS AFFAIRS COUNCIL**

American Federation of Government Employees, Affiliated with the AFL-CIO

*Out of Many/One Union*
AFGE NVAC/AFL-CIO

March 17, 2026

Honorable Douglas A. Collins
Secretary of Veterans Affairs
U.S. Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, DC 2420

RE:    **Demand for Immediate Compliance with Preliminary Injunction Decision**

Dear Secretary Collins:

On March 13, 2026, Judge Melissa R. DuBose of the United States District Court for the District of Rhode Island issued a decision granting plaintiffs' motion for preliminary injunction ("Decision") in *Am. Fed'n of Gov't Emps. Nat'l VA Council v. U.S. Dep't of Veterans Affs.*, et al., No. 25-CV-583-MRD-PAS, 2026 WL 709856 (D.R.I. Mar. 13, 2026). The Decision provides, in relevant part, "The Defendants shall reinstate the Master [Collective Bargaining Agreement]—as well as any amendments, local supplemental agreements, and memoranda of understanding that were in place subsidiary to the Master CBA—for the remainder of the agreed-upon term provided in the Master CBA." *Id.* at 29.

However, VA human resources staff and management officials have thus far refused to comply with the Decision, claiming that VA field facilities are "awaiting guidance" from VA Central Office and the VA Office of Labor-Management Relations. This response, and VA's refusal to comply with a federal court order, is completely unacceptable.

As President of the AFGE National Veterans Affairs Council and on behalf of the 320,000 bargaining unit employees that we proudly represent, I am writing to formally demand that you instruct all appropriate management officials to immediately comply with the Decision. Compliance would include, but is not limited to, honoring the provisions of the Master CBA for all covered employees, not merely police officers, firefighters, and security guards.

The Union is a valuable and necessary partner at the VA and will not tolerate being disparaged or diminished by leadership to VA staff. Please respond no later than March 18, 2026 to confirm that the Department of Veterans Affairs has taken necessary steps to comply with the Decision.

Thank you for your prompt attention to this matter.

Sincerely,

Mary Jean Burke
President, National VA Council

CC:    Denise Biaggi-Ayer, VA Office of Labor-Management Relations

# Exhibit D



**From:** MJ Burke <mjburke@afgenvac.org>
**Sent:** Wednesday, March 18, 2026 5:45 PM
**To:** Martin, Kurt P. <Kurt.Martin@va.gov>
**Cc:** Biaggi-Ayer, Denise <Denise.Biaggi-Ayer@va.gov>; Redaction - Privacy r@va.gov>; Amy Morgan <Amy.Morgan@afge.org>; Thomas Dargon <Thomas.Dargon@afge.org>; doug.collins@va.gov; MJ Burke <mjburke@afgenvac.org>
**Subject:** Re: Demand for Immediate Compliance with Preliminary Injunction Decision


Kurt, I'm acknowledging receipt of your email. I must make this abundantly clear: this so-called "guidance" from VACO-LMR is completely unacceptable. The VA is violating a binding court order. NVAC will not sit by and wait for the VA to "engage" the Department of Justice while VA employees are deprived of the rights, benefits, and protections afforded to them in our Master Agreement.

The VA had nearly four months to prepare for the possibility that our motion for preliminary injunction would be granted. Waiting until <u>after</u> an injunction was granted was a poor choice. We will not accept non-compliance. We will not accept the continued disrespect.

We both know VA's "I CARE" values: Integrity, Commitment, Advocacy, Respect, and Excellence. The VA's conduct misses every mark, and NVAC will not tolerate it. We will continue to stand up for what's right.

On behalf of this great Union and our members, we'll see you in court.

MJ Burke, NVAC President


Get Outlook for iOS

---

**From:** Martin, Kurt P. <Kurt.Martin@va.gov>
**Sent:** Wednesday, March 18, 2026 4:17:51 PM

1

**To:** MJ Burke <mjburke@afgenvac.org>
**Cc:** Biaggi-Ayer, Denise <Denise.Biaggi-Ayer@va.gov>; ▓Redaction - Privacy▓▓▓ @va.gov>; Amy Morgan <amy.morgan@afge.org>; Thomas Dargon <thomas.dargon@afge.org>
**Subject:** RE: Demand for Immediate Compliance with Preliminary Injunction Decision

> **CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you verify the sender and know the content is safe.

Good afternoon MJ,

Attached is the response to NVAC's March 17, 20226, letter to Secretary Collins.

*Kurt P. Martin*

Kurt P. Martin | Deputy Director
U.S. Department of Veterans Affairs | Office of Labor-Management Relations (LMR)

Tel: (202) 809-7741 | Email: Kurt.Martin@va.gov

Was LMR helpful today?
Please let us know by completing our LMR Customer Satisfaction Survey:
LMR Customer Satisfaction Survey

This e-mail (including any attachments) may contain information that is private, confidential, or protected by law. If you received this e-mail in error, you are notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately and destroy the e-mail and any attachments.

**From:** Amy Morgan <Amy.Morgan@afge.org>
**Sent:** Tuesday, March 17, 2026 3:59 PM
**To:** Collins, Doug <doug.collins@va.gov>
**Cc:** Biaggi-Ayer, Denise <Denise.Biaggi-Ayer@va.gov>; MJ Burke <mjburke@afgenvac.org>; Thomas Dargon <Thomas.Dargon@afge.org>
**Subject:** [EXTERNAL] Demand for Immediate Compliance with Preliminary Injunction Decision

Good afternoon Secretary Collins,

On behalf of NVAC President Burke, please see the attached letter.

Thank you.

--
Amy Morgan
Confidential Legal Assistant, National VA Council
Office of the General Counsel
American Federation of Government Employees, AFL-CIO

2

80 F Street, NW
Washington, DC 20001
tel: 202.639.6424
efax: 202.379.2928
amy.morgan@afge.org

This message may contain confidential attorney-client privileged information and/or confidential attorney work-product. Only an intended recipient of this message is authorized to view, retain, or otherwise use its contents, including any attachments and/or metadata. If you are not an intended recipient, please notify the sender immediately and delete this message without reading, printing, or otherwise preserving or disseminating its contents.

# Exhibit E

# Redaction - Privacy

**From:** Redaction - Privacy                >
**Sent:** Wednesday, March 18, 2026 2:36 PM
**To:** Michelle Watts <mwatts@afgelocal2400.org>
**Subject:** Re: Maternity leave

I attached both emails! Thanks

On Wed, Mar 18, 2026 at 2:34 PM Michelle Watts <mwatts@afgelocal2400.org> wrote:
Can you please provide a copy of the email that you sent to management?

Michelle Watts
AFGE Local 2400
615-767-4919

---

**From:** Redaction - Privacy            >
**Sent:** Wednesday, March 18, 2026 6:46:52 AM
**To:** Michelle Watts <mwatts@afgelocal2400.org>
**Subject:** Re: Maternity leave

Good morning, I got an email back this morning saying it has not been reinstated and I need to report back to work as scheduled.

Thank you!

On Tuesday, March 17, 2026, Redaction - Privacy                > wrote:
Thank you for this information, I will submit my request in writing and keep you updated if I get denied. I am an                and not in a supervisory role.

1

On Tuesday, March 17, 2026, Michelle Watts <mwatts@afgelocal2400.org> wrote:

<mark>Short answer:  **It's possible.  And only if you were in a barganing unit position (non-supervisory).**</mark>

We will be reaching out to TVHS Executive Leadership within the week to demand reimplementation of our CBA while the Executive Orders are under appeal.

No promises as we can't speak to the eagerness of VA to comply with the Judge DuBose decision.

The AFGE NVAC MAster Agreement States:

**Section 16 - Family and Medical Leave Act (FMLA)**

*A.Maternity and Paternity Leave*

1.   *Under FMLA and this Agreement, bargaining unit employee**s are entitled to 16 weeks of LWOP during any 12 month p**eriod for the following reasons:*

    1.   *Birth of a son or daughter and the care of such son or daughter; and,*

    2.   *Placement of a son or daughter for adoption or foster care.*

2.   *Supervisors are encouraged to approve additional leave as circumstances warrant.*

It would certainly be to your benefit to submit your request in writing to your supervisor and/or HR specialists.  If the VA/TVHS refuses to comply, please let us know as we will include this information to our ongoing pursuits regarding this executive order affecting your rights.

Also, I see that you're not a union member. I would encourage you to join on your personal device and personal time at https://join.afge.org/L2400

Michelle Watts
615-767-4919

**From:** Redaction - Privacy >
**Sent:** Tuesday, March 17, 2026 7:32 PM
**To:** Assistance <assistance@afgelocal2400.org>
**Subject:** Maternity leave

# Redaction - Privacy

Hello, I had a baby 12/27 and I am due to come back the the VA after 12 weeks on Monday. I was told before I couldn't have 16 weeks because the union contract was null and void. Has this changed now? Am I able to get 4 more weeks with my baby or is it too late now? Thank you!

Redaction - Privacy

# Attachment 1

 **Gmail is better on the app**
Secure, fast & organized email

**OPEN**

**Sent M...**

Redaction - Privacy

I wanted to check in before my return Monday. I just received an email today about the union contract being reinstated and wasn't sure how that may affect maternity leave.

I'm happy to return as scheduled, but I wanted to ask if there's any option to extend my leave based on the updated guidance from the union.

Thank you so much for your help!

Redaction - Privacy

# Attachment 2

**6:44**

Thank you so much for your help!

•••

O

**Redaction - Privacy**  6:31 AM

to me ⌄

Good morning,

I checked with the associate chief and was told that the union has not been reinstated, maternity leave cannot be extended at this time and you will need to report to work as scheduled.  Please let me know if you have any other questions.

Thank you,

Redaction - Privacy

•••

✏️ Suggestions

Got it, thanks Redaction - Privacy
Thanks for checking on that Redaction - Privacy

Ask about do
Hi Redaction - Privacy Got

↩ Reply          ➦ Forward          ☺

# Exhibit F

Redaction - Privacy

**From:** Redaction - Privacy
**Sent:** Wednesday, March 18, 2026 7:39 AM
**To:** Redaction - Privacy (VISN 12 HR)
**Cc:** VISN12 HR WLB Team 2
**Subject:** RE: PPL Question

Thank you. I will have my union follow up regarding this matter.

**From:** Redaction - Privacy (VISN 12 HR) Redaction - Privacy @va.gov>
**Sent:** Wednesday, March 18, 2026 7:28 AM
**To:** Redaction - Privacy @va.gov>
**Cc:** VISN12 HR WLB Team 2 <VISN12HRWLBTeam2@va.gov>
**Subject:** RE: PPL Question

Greetings,

As of now, your record still reflects that you are ineligible for inclusion in a bargaining unit. Currently we have no guidance on when this will change.



Regards,

Redaction - Privacy

**Human Resource Specialist**
**Veteran Health Administration**
**VISN 12 – US Department of Veterans Affairs**

**From:** Redaction - Privacy @va.gov>
**Sent:** Wednesday, March 18, 2026 7:14 AM
**To:** Redaction - Privacy (VISN 12 HR) Redaction - Privacy @va.gov>
**Cc:** VISN12 HR WLB Team 2 <VISN12HRWLBTeam2@va.gov>
**Subject:** RE: PPL Question

Morning,

With the AFGE master contract restored, I wanted to confirm my options for leave again after the birth of my baby in May.

1

You have already confirmed that I can use SL, AL, or LWOP for the first 6 weeks (assuming vaginal delivery) and then I can use the PPL/FMLA for the next 12 weeks. With the restoration of the AFGE contract, I am entitled to an additional 4 weeks where I can use LWOP or AL, correct?

Thank you,

[Redaction - Privacy]

---

**From:** [Redaction - Privacy] (VISN 12 HR) [Redaction - Privacy] @va.gov>
**Sent:** Tuesday, March 10, 2026 11:48 AM
**To:** [Redaction - Privacy] @va.gov>
**Cc:** VISN12 HR WLB Team 2 <VISN12HRWLBTeam2@va.gov>
**Subject:** RE: PPL Question

You can work it out with your supervisor how you will be using your leave 😊

Regards,

[Redaction - Privacy]

**Human Resource Specialist**
**Veteran Health Administration**
**VISN 12 – US Department of Veterans Affairs**

---

**From:** [Redaction - Privacy] @va.gov>
**Sent:** Tuesday, March 10, 2026 11:40 AM
**To:** [Redaction - Privacy] (VISN 12 HR) [Redaction - Privacy] @va.gov>
**Cc:** VISN12 HR WLB Team 2 <VISN12HRWLBTeam2@va.gov>
**Subject:** RE: PPL Question

Thank you!

Do I have to tell you which leave type I would like to use for the first 6 weeks? Or is this something I let my supervisor know?

I just did this 2 years ago, but I have forgotten everything!

---

**From:** [Redaction - Privacy] (VISN 12 HR) [Redaction - Privacy] @va.gov>
**Sent:** Tuesday, March 10, 2026 11:38 AM
**To:** [Redaction - Privacy] @va.gov>
**Cc:** VISN12 HR WLB Team 2 <VISN12HRWLBTeam2@va.gov>
**Subject:** RE: PPL Question

Greetings,

1. For the first 6 weeks (assuming vaginal delivery), I can use SL or AL or LWOP, correct? YES
2. After the first 6 weeks, the 12 weeks of PPL starts, correct? YES, it can.
3. Then I can use my remaining AL or I can come back part time and use AL for the other time? This is something you can work out with your supervisor for approval

I have a link below which provides more information regarding FMLA PPL 😊

https://www.opm.gov/policy-data-oversight/pay-leave/leave-administration/fact-sheets/paid-parental-leave/

Regards,

[Redaction - Privacy]

**Human Resource Specialist**
**Veteran Health Administration**
**VISN 12 – US Department of Veterans Affairs**

---

**From:** [Redaction - Privacy] (VISN 12 HR) [Redaction - Privacy] @va.gov>
**Sent:** Tuesday, March 10, 2026 11:05 AM
**To:** [Redaction - Privacy] @va.gov>
**Cc:** VISN12 HR WLB Team 2 <VISN12HRWLBTeam2@va.gov>
**Subject:** RE: PPL Question

Hi [Redaction - Privacy] ,
Effective 2/22/2026,  I am no longer Madison's leave specialist.  I have transitioned to the Milwaukee facility.
I am copying Team 2 on your e-mail 😊


[Redaction - Privacy]
Human Resources Specialist
Veterans Health Administration
U.S. Department of Veterans Affairs


---

**From:** [Redaction - Privacy] @va.gov>
**Sent:** Tuesday, March 10, 2026 11:03 AM
**To:** [Redaction - Privacy] (VISN 12 HR) [Redaction - Privacy] @va.gov>
**Subject:** PPL Question

Hi [Redaction - Privacy] ,

I have a few questions regarding PPL:

1.  For the first 6 weeks (assuming vaginal delivery), I can use SL or AL or LWOP, correct?
2.  After the first 6 weeks, the 12 weeks of PPL starts, correct?
3.  Then I can use my remaining AL or I can come back part time and use AL for the other time?


Thank you,

[Redaction - Privacy]

William S. Middleton Memorial Veterans Hospital
[Redaction - Privacy]

# EXHIBIT G



Redaction - Privilege

**From:** Redaction - Privacy (VISN 10) Redaction - Privacy @va.gov>
**Sent:** Wednesday, March 18, 2026 2:15 PM
**To:** Brown, Pamela R. VHACIN <Pamela.Brown1@va.gov>
**Cc:** Redaction - Privacy VHACIN Redaction - Privacy @va.gov>
**Subject:** RE: Response to 10 Day Suspension

Current there has been no official notification that collective bargain agreement have been reinstated.



ELR Human Resources Specialist

VISN 10-Serving Indiana, Michigan, and Ohio
U.S. Department of Veterans Affairs

Cell: Redaction - Privacy

Redaction - Privacy @va.gov
VISN 10 Human Resources/Home (sharepoint.com)
VISN 10 Quick Card Survey

**VA** | U.S. Department of Veterans Affairs

Confidentiality note: This e-mail is intended only for the person to whom is addresses and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this e-mail or the information herein by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notify by reply e-mail and destroy the original message and all copies.

**From:** Brown, Pamela R. VHACIN <Pamela.Brown1@va.gov>
**Sent:** Wednesday, March 18, 2026 1:13 PM
**To:** Redaction - Privacy (VISN 10) Redaction - Privacy @va.gov>
**Cc:** Redaction - Privacy VHACIN Redaction - Privacy @va.gov>
**Subject:** RE: Response to 10 Day Suspension

1

This is a change in working conditions and violates the CBA.   She will respond when she has access to a computer.

**From:** [Redaction - Privacy] (VISN 10) [Redaction - Privacy] @va.gov>
**Sent:** Wednesday, March 18, 2026 10:13 AM
**To:** Brown, Pamela R. VHACIN <Pamela.Brown1@va.gov>
**Cc:** [Redaction - Privacy] VHACIN [Redaction - Privacy] @va.gov>
**Subject:** RE: Response to 10 Day Suspension

Good morning,

I understand. However before you can request an oral reply meeting the employee will need to submit a written statement for a representative as stated in the proposal notice.

[Redaction - Privacy]

ELR Human Resources Specialist
VISN 10-Serving Indiana, Michigan, and Ohio
U.S. Department of Veterans Affairs
Cell: [Redaction - Privacy]
[Redaction - Privacy] @va.gov
VISN 10 Human Resources/Home (sharepoint.com)
VISN 10 Quick Card Survey



Confidentiality note: This e-mail is intended only for the person to whom is addresses and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this e-mail or the information herein by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notify by reply e-mail and destroy the original message and all copies.

**From:** Brown, Pamela R. VHACIN <Pamela.Brown1@va.gov>
**Sent:** Wednesday, March 18, 2026 9:11 AM
**To:** [Redaction - Privacy] (VISN 10) [Redaction - Privacy] @va.gov>
**Cc:** [Redaction - Privacy] VHACIN [Redaction - Privacy] @va.gov>
**Subject:** RE: Response to 10 Day Suspension

Hello,

I sent a request to respond to the disciplinary action as her representative of choice.  I don't know her schedule, however, she works in NFS with limited access to computers.

v/r

Pamela Brown

President, AFGE Local 2031

---

**From:** ████Redaction - Privacy████ (VISN 10) ████Redaction - Privacy████ @va.gov>
**Sent:** Tuesday, March 17, 2026 4:17 PM
**To:** Brown, Pamela R. VHACIN <Pamela.Brown1@va.gov>
**Cc:** ████Redaction - Privacy████ VHACIN ████Redaction - Privacy████ @va.gov>
**Subject:** RE: Response to 10 Day Suspension

Good afternoon,

As listed in the proposal notice ████Redaction - Privacy████ will need to request representation in writing.  Please forward to me as this request was made to me.

4. **RIGHT TO REPRESENTATION:** <mark>You may be represented by an attorney or other representative at all stages of this matter, up to and including the issuance of the decision.</mark> Please advise me in writing of any representative designated.


████Redaction - Privacy████

ELR Human Resources Specialist
VISN 10-Serving Indiana, Michigan, and Ohio
U.S. Department of Veterans Affairs
Cell: ████Redaction - Privacy████
████Redaction - Privacy████ @va.gov
VISN 10 Human Resources/Home (sharepoint.com)
VISN 10 Quick Card Survey




Confidentiality note: This e-mail is intended only for the person to whom is addresses and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this e-mail or the information herein by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notify by reply e-mail and destroy the original message and all copies.

---

**From:** Brown, Pamela R. VHACIN <Pamela.Brown1@va.gov>
**Sent:** Tuesday, March 17, 2026 12:13 PM
**To:** ████Redaction - Privacy████ (VISN 10) ████Redaction - Privacy████ @va.gov>
**Cc:** ████Redaction - Privacy████ VHACIN ████Redaction - Privacy████ @va.gov>
**Subject:** FW: Response to 10 Day Suspension

Please see below.

---

**From:** ████ Redaction - Privacy ████ @va.gov>
**Sent:** Tuesday, March 17, 2026 1:12 PM

3

**To:** Brown, Pamela R. VHACIN <Pamela.Brown1@va.gov>
**Subject:** RE: Response to 10 Day Suspension

I think you have the wrong [Redaction - Privacy] .  I'm an OT at the DC VA

---

**From:** Brown, Pamela R. VHACIN <Pamela.Brown1@va.gov>
**Sent:** Tuesday, March 17, 2026 1:11 PM
**To:** [Redaction - Privacy] @va.gov>
**Subject:** Response to 10 Day Suspension

Good afternoon,

[Redaction - Privacy]  is requesting to give an oral response to Ben Dillion, Associate Director.  Please provide dates and times to coordinate with the employees scheduled tour.  If you have any questions, feel free to ask.

Pamela Brown
President, AFGE Local 2031

4

# EXHIBIT H

Redaction - Privilege



**From:** Madtes, Angela M (OGC) <Angela.Madtes@va.gov>
**Sent:** Wednesday, March 18, 2026 6:02 PM
**To:** Howard Edelman <hcearb@gmail.com>
**Cc:** Evan Greenstein <GREENE@afge.org>
**Subject:** RE: FMCS Case # 241121-01300: Kokus

| | |
|---|---|
| **This Message Is From an External Sender** | |
| This message came from outside your organization. | Report Suspicious |

Arbitrator Edelman,

Please see the attached response to AFGE's request to resume case processing for FMCS #241121-01300.

V/r,

Angela M. Madtes
Attorney
Office of General Counsel (North Atlantic District)
U. S. Department of Veterans Affairs
P:  937-215-1109
Angela.Madtes@va.gov

PRE-DECISIONAL ATTORNEY-CLIENT PROTECTED INFORMATION

*Fiat justitia ruat caelum*

As a VA employee and as a member of VA's National Law Firm I reaffirm VA's core values of Integrity, Commitment, Advocacy, Respect, and Excellence (I CARE) and commit myself to reflect these values in all dealings with Veterans, their families, our fellow VA employees, and members of the public.

PRE-DECISIONAL/CUI/FOUO - This message was sent on a need-to-know basis and may contain information that is confidential and/or protected by law, the Privacy Act, deliberative process, attorney work product privilege or the attorney-client privilege.  If this email was sent to you in error, please reply immediately to advise the sender of the error and then destroy this message, any copies of this message and any printout of this message.  If you are not the intended recipient of the message, any unauthorized dissemination, distribution or copying of the material in this message, and any attachments to the message, is strictly forbidden.

1

Dear Arbitrator Edelman,

 The Department of Veterans Affairs (VA) is in receipt of the union's correspondence requesting the instant matter resume processing in light of the preliminary injunction order (Order) issued in *American Federation of Government Employees Local 2305 and American Federation of Government Employees National VA Council v. U.S. Department of Veterans Affairs* on March 13, 2026. No. 25-CV-583-MRD-PAS, 2026 WL 709856, at *1 (D.R.I. Mar. 13, 2026).

While the Order issued by the Rhode Island District Court required VA to reinstate the AFGE 2023 Master Collective Bargaining Agreement (CBA) for the remainder of the agreed-upon term provided in the CBA, it did not address the validity of Executive Order (EO) 14251, enjoin the implementation of EO 14251, or make the Federal Service Labor-Management Relations Statute (FSLMRS) broadly applicable to VA. Specifically, Sections 1 and 2 of EO 14251, which remove all non-exempted employees (i.e., anyone other than VA police officers, firefighters, and security guards) from the FSLMRS' coverage, remain in effect and are not impacted by the Order. The Order's lack of clarity and failure to address how the CBA can be reinstated notwithstanding the valid and enforceable EO requires VA to get further guidance from the District Court.

Of note, the legality of Executive Order 14251 is currently being reviewed by the DC and Ninth Circuits. *Nat'l Treasury Emps. Union v. Trump*, No. 25-5157, 2025 WL 1441563, at *1 (D.C. Cir. May 16, 2025); *Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*, 167 F.4th 1247 (9th Cir. 2026)(*AFGE v. Trump*). As recently as February 26, 2026, the Ninth Circuit stayed a California District Court's preliminary injunction concerning EO 14251 and noted that the Government was likely to prevail on the merits. *AFGE v. Trump*, 167 F.4th at 1252 ("Because the government was likely to succeed on the merits of the retaliation claim, and because the balance of the harms and equities favored the government, we stayed the district court's preliminary injunction pending appeal.")

As illustrated by the above, litigation related to the legality of EO 14251 and VA's implementation thereof remains ongoing and the issues related to the EO's enforceability are unsettled. Accordingly, this matter should continue to be held in abeyance and processing should only be resumed once the controlling litigation concludes. Doing so will prevent further confusion and unnecessary litigation over matters that are poised to be decided forthwith in federal court.

Respectfully Submitted,

*Angela M. Madtes*

Angela M. Madtes

Attorney

Office of General Counsel (North Atlantic District)

U. S. Department of Veterans Affairs

P: 937-215-1109

Angela.Madtes@va.gov

# EXHIBIT I



**From:** [Redaction - Privacy] @va.gov>
**Sent:** Wednesday, March 18, 2026 11:59 AM
**To:** [Redaction - Privacy] @va.gov>; [Redaction - Privacy] @va.gov>; [Redaction - Privacy] @va.gov>; [Redaction - Privacy] @va.gov>
**Cc:** [Redaction - Privacy] @va.gov>; [Redaction - Privacy] @va.gov>; [Redaction - Privacy] @va.gov>; Vickie Pennington <Vickie.Pennington@afge.org>
**Subject:** RE: Demand to Bargain

Good afternoon,

I have reviewed your Demand to Bargain (DTB) below.

On March 27, 2025, President Trump signed Executive Order (EO) 14251: Exclusions from Federal Labor-Management Relations Programs, exempting the Department of Veterans Affairs (VA) from Chapter 71 of title 5 of the United States Code, the Federal Service Labor-Management Relations Statute (FSLMRS or Statute). EO 14251 exempted police officers, firefighters, and security guards from its coverage (collectively referred to as Exempted Employees).

On August 6, 2025, pursuant to EO 14251, the Secretary terminated the American Federation of Government Employees (AFGE) master collective bargaining agreement, and all amendments, local supplemental agreements, and memoranda of understanding at all levels (collectively referred to as CBA), except insofar as those agreements cover Exempted Employees.

Your DTB only applies to VA employees (Paramedics) other than Exempted Employees (Non-Exempted Employees). Accordingly, there is no duty to bargain over this matter as AFGE is no longer recognized as the exclusive labor representative for Non-Exempted Employees and AFGE's CBA is no longer in effect for Non-Exempted Employees.

Thank you,

[Redaction - Privacy]

Labor Relations Specialist

Office of Labor Management Relations

US Department of Veterans Affairs

Office Phone: (405) 802-8337

**From:** Swanger, Keith J. <Keith.Swanger@va.gov>
**Sent:** Wednesday, March 18, 2026 10:40 AM
**To:**  @va.gov>; @va.gov>; @va.gov>; @va.gov>

**Cc:** @va.gov>; @va.gov>; @va.gov>; Vickie Pennington <vickie.pennington@afge.org>

**Subject:** RE: Demand to Bargain

 Good afternoon,

 I just wanted to follow up with this email. The 22nd is arriving soon, this Sunday, and AFGE demands that the Agency cease and desist until the negotiations take place. Without doing, the Agency is committing a ULP for failure to bargain. If implanted, you are creating undue harm to all BUEs within the workgroup which creates a Union level grievance.

 V/r

Keith Swanger

**From:** Swanger, Keith J.
**Sent:** Tuesday, March 17, 2026 2:54 PM
**To:**  @va.gov>; @va.gov>

**Cc:** @va.gov>; @va.gov>; @va.gov>; Vickie Pennington <vickie.pennington@afge.org>

**Subject:** Demand to Bargain

 Good afternoon,

 Regarding the Paramedic Schedule Change memorandum, dated 2-19-2026, AFGE is requesting a demand to bargain, as well as a cease and desist until negotiations can take place due to the change in working conditions. AFGE first availability is first week of April. Thank you.

 V/r

Keith Swanger

# EXHIBIT J

| | |
|---|---|
| **From:** | Stratton, Jamie R. |
| **To:** | Redaction - Privacy |
| **Cc:** | NVAC Attorney |
| **Subject:** | Refusal of Union Rep |
| **Date:** | Thursday, March 19, 2026 1:50:28 PM |
| **Attachments:** | 30-2026-03-13-meorandum-and-order-the-plaintiffs-motion-for-preliminary.pdf |

**This Message Is From an External Sender**
This message came from outside your organization.

Report Suspicious

I was made aware today that ~~Redaction - Privacy~~ told one of her employees that she is still bound by the executive order and refused a Union rep. This is 100% false, and as I've stated before, the injection put the master agreement back into place, and not offering or refusing a Union Rep, and clearly ignoring and denying Weingarten rights is a ULP and will be handled as such. I will once again attach the judge's order and our attorney's information. If there is no response, I will assume you are not going to follow the judge's order and will be treated accordingly.  Also, if no rep is allowed in this meeting, I will file a Weingarten today.

**Jamie Stratton**
**AFGE Local 2344 President**

CONFIDENTIALITY NOTICE: This e-mail communication and any attachments may contain confidential and privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution, or copying of it or its contents is prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of this communication and any attachments

# EXHIBIT K



Redaction - Privilege

From: **Fernandez, Ratanya S. (OGC)** <Ratanya.Fernandez@va.gov>
Date: Thu, Mar 19, 2026, 8:41 AM
Subject: RE: [EXTERNAL] Re: Appointment for case #261210-01844
To: Ryan Barack <rbarack@employeerights.com>
Cc: Redaction - Privacy @va.gov>, Redaction - Privacy

cynthia@employeerights.com <cynthia@employeerights.com>, Redaction - Privacy @va.gov>

Hi Ryan,

The Department of Veterans Affairs (VA) is in receipt of the union's correspondence requesting the Agency to withdraw its opposition in light of the preliminary injunction order (Order) issued in *American Federation of Government Employees Local 2305 and American Federation of Government Employees National VA Council v. U.S. Department of Veterans Affairs* on March 13, 2026.  No. 25-CV-583-MRD-PAS, 2026 WL 709856, at *1 (D.R.I. Mar. 13, 2026).

While the Order issued by the Rhode Island District Court required VA to reinstate the AFGE 2023 Master Collective Bargaining Agreement (CBA) for the remainder of the agreed-upon term provided in the CBA, it did not address the validity of Executive Order (EO) 14251, enjoin the implementation of EO 14251, or make the Federal Service Labor-Management Relations Statute (FSLMRS) broadly applicable to VA.  Specifically, Sections 1 and 2 of EO 14251, which remove all non-exempted employees (i.e., anyone other than VA police officers, firefighters, and security guards) from the FSLMRS' coverage, remain in effect and are not impacted by the Order.  The Order's lack of clarity and failure to address how the CBA can be reinstated notwithstanding the valid and enforceable EO requires VA to get further guidance from the District Court.

Of note, the legality of Executive Order 14251 is currently being reviewed by the DC and Ninth Circuits. *Nat'l Treasury Emps. Union v. Trump*, No. 25-5157, 2025 WL 1441563, at *1 (D.C. Cir. May 16, 2025); *Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*, 167 F.4th 1247 (9th Cir. 2026)(*AFGE v. Trump*). As recently as February 26, 2026, the Ninth Circuit stayed a California District Court's preliminary injunction concerning EO 14251 and noted that the Government was likely to prevail on the merits. *AFGE v. Trump*, 167 F.4th at 1252 ("Because the government was likely to succeed on the merits of the retaliation claim, and because the balance of the harms and equities favored the government, we stayed the district court's preliminary injunction pending appeal.")

As illustrated by the above, litigation related to the legality of EO 14251 and VA's implementation thereof remains ongoing and the issues related to the EO's enforceability are unsettled.  Accordingly, this matter should be held in abeyance and processing should only be resumed once the controlling litigation concludes.  Doing so will prevent further confusion and unnecessary litigation over matters that are poised to be decided forthwith in federal court.

Best,

RaTanya Fernandez, Esq.

Attorney

Department of Veterans Affairs

Office of General Counsel (OGC)

Southeast District

*PRE-DECISIONAL*

This communication may contain information that is confidential, privileged, or otherwise protected by law, such as the Privacy Act of 1974, and is intended solely for the individual or entity to whom it is addressed. If you are not the intended recipient, please destroy all copies and notify the sender immediately. The transmission, screening, or any other processing of this email does not constitute a waiver of privilege or other applicable protections.

**From:** Ryan Barack <rbarack@employeerights.com>
**Sent:** Wednesday, March 18, 2026 8:11 PM
**To:** Fernandez, Ratanya S. (OGC) <Ratanya.Fernandez@va.gov>
**Cc:** Redaction - Privacy @va.gov>; Redaction - Privacy ; cynthia@employeerights.com; Redaction - Privacy @va.gov>
**Subject:** Re: [EXTERNAL] Re: Appointment for case #261210-01844

Dear RaTanya.

I'm writing because I believe the agency now has an obligation to withdraw its opposition to the Arbitration in this case in light of the recent decision of Judge DuBose.

I am attaching a letter that the AFGE National President sent to Secretary Collins.

Please let me know if your client intends to comply.

Thanks

Ryan

On Thu, Mar 12, 2026 at 10:57 AM Danielle Hargrove <dlh@hargroveadr.com> wrote:

> Thank you. I understand the Agency's position.

> Mr. Barack, can you clarify that it is the Union's position that the Union does not have to answer the Agency's question now or at all of whether the grievance as written covers

exempt and/or exempt bargaining unit employees because it should have raised that issue within seven calendar days of November 9, 2025? If that is not the Union's position, please clarify.

In any event, I see no reason to make any findings regarding either party's position at this time. For my purposes, however, I am focused on scheduling this matter for hearing, irrespective of whether the Union's grievance is intended to cover bargaining unit employees, non-bargaining unit employees, or both. I believe the appropriate time to address arbitrability of some or all of the employees will be properly addressed in due time at the hearing as is the standard practice, perhaps in a bifurcated manner, if appropriate.

To summarize, it is not my intention or desire to make any preliminary determinations at this time or before the parties have had the opportunity to make its arguments and put on its evidence on the record regarding arbitrability.

To that end, I note that I only have the Union's responses to my questions regarding the scheduling of this matter for hearing. Given the dynamics of my docket, I offer the following dates which are currently available for a one-day **in-person** hearing in Tampa, FL, which accounts for travel considerations. Obviously, my availability improves if the matter is heard virtually. Please note that some of these dates have likely been offered to other parties, but have yet to be confirmed as of this correspondence:

April 3

June 10, 26

July 2, 31

August 7, 10, 14, 24, 28

September 2-4, 14-16

October 9, 15, 16, 19-21

Best Regards,

Danielle L. Hargrove

Arbitrator

Need to schedule a call? Schedule Here.

---

**From:** Fernandez, Ratanya S. (OGC) <Ratanya.Fernandez@va.gov>
**Sent:** Wednesday, March 11, 2026 2:22 PM
**To:** Danielle Hargrove <dlh@hargroveadr.com>; Ryan Barack <rbarack@employeerights.com>
**Cc:** Redaction - Privacy @va.gov>; Redaction - Privacy ; cynthia@employeerights.com <cynthia@employeerights.com>; Redaction - Privacy @va.gov>
**Subject:** RE: [EXTERNAL] Re: Appointment for case #261210-01844

Hello Arbitrator Hargrove,

I appreciate the opportunity to respond.

The Agency is not requesting clarification regarding the scope of the grievance so it may issue a response to the grievance. The Agency's non-response is considered a denial under the Master Agreement (MA) in accordance with Article 43, Section 9.

Relatively, the Agency is requesting the union to clarify whether the scope of the grievance includes bargaining unit employees (Exempted Employees) who are covered by Article 44: Arbitration of the MA, or non-bargaining unit employees (Non-Exempted Employees), who are not.

The union's response will determine whether an arbitrator may assert jurisdiction over the matter, as the arbitrator noted in the case the union referenced below. The union's response will also determine whether the Agency will participate in arbitration proceedings. If the union fails to clarify whether this grievance covers bargaining unit employees, non-bargaining unit employees, or both, the Agency may file interlocutory exceptions with the Federal Labor Relations Authority, as it did in the case the union referenced below.

Kindly,

RaTanya Fernandez, Esq.

Attorney

Department of Veterans Affairs

Office of General Counsel (OGC)

Southeast District

*PRE-DECISIONAL*

This communication may contain information that is confidential, privileged, or otherwise protected by law, such as the Privacy Act of 1974, and is intended solely for the individual or entity to whom it is addressed. If you are not the intended recipient, please destroy all copies and notify the sender immediately. The transmission, screening, or any other processing of this email does not constitute a waiver of privilege or other applicable protections.

---

**From:** Danielle Hargrove <dlh@hargroveadr.com>
**Sent:** Friday, March 6, 2026 4:05 PM
**To:** Ryan Barack <rbarack@employeerights.com>; Fernandez, Ratanya S. (OGC) <Ratanya.Fernandez@va.gov>
**Cc:** Redaction - Privacy @va.gov>; Redaction - Privacy ; cynthia@employeerights.com; Redaction - Privacy @va.gov>
**Subject:** Re: [EXTERNAL] Re: Appointment for case #261210-01844
**Importance:** High

Thank you. Yes, I did see your response.

Ms. Fernandez, I understand you may have just received this matter. I am interested in your response to the Union's position. After I receive your response, I may find it helpful for us to jump on a call to figure out next steps.

Please provide a response to Mr. Barack's contention that the Agency's response is untimely or any other response by **March 11, 2026**.

Thank you.

Best Regards,

Danielle L. Hargrove

Arbitrator

Need to schedule a call? Schedule Here.

---

**From:** Ryan Barack <rbarack@employeerights.com>
**Sent:** Friday, March 6, 2026 2:36 PM
**To:** Danielle Hargrove <dlh@hargroveadr.com>
**Cc:** Redaction - Privacy @va.gov>; Fernandez, Ratanya S. (OGC) <Ratanya.Fernandez@va.gov>; Redaction - Privacy ; cynthia@employeerights.com <cynthia@employeerights.com>; Redaction - Privacy @va.gov>
**Subject:** Re: [EXTERNAL] Re: Appointment for case #261210-01844

Dear Arbitrator Hargrove.

I responded on February 25, 2026 at 9:52 AM. It might have been missed with all of the emails. I will paste my response below. If you have additional questions it might make sense to schedule a call with counsel for the parties.

Ryan Barack

Dear Arbitrator Hargrove:

The Agency states that it received the grievance on November 9, 2025.  Under the Master Agreement, the Agency had seven calendar days to respond to the grievance.  See Master Agreement, Art. 43.   If the Agency had concerns regarding the scope of the grievance it was required to raise them in a timely manner; the Agency chose to not do that.  Under the Master Agreement, when the Agency failed to respond within the established time limit, the matter proceeded to the next step which was this arbitration.  Under the Federal Service Labor-Management

Relations Statute and the Master Agreement, the Agency cannot impose some new unilateral requirement that the union respond to an untimely demand.

Further, on January 14, 2026, Arbitrator Mark Grossman entered an interim order in FMCS #261112-00982, a case where the VA made the same assertions. I will paste his ruling below as I believe it succinctly addresses the arguments that the VA may try to make.

Thank you.

Ryan Barack
Counsel for AFGE-Local 547

> **On Jan 14, 2026, at 12:51 PM, MARK GROSSMAN <grossmanmm@aol.com> wrote:**
> **I have reviewed the Department's motion to reconsider the request for a stay, the Union's memo in opposition to a stay, an ALJ's order denying a stay, and prior correspondence regarding FMCS case 261112-00982. I conclude that the arbitration hearing should go forward as previously indicated. I have not made, or suggested, any ruling regarding the merits of the case or the Department's position that a portion of the grievance is not properly before me.**
> **At some point during the arbitration process, I may have to rule on jurisdictional issues raised by a party and may or may not proceed to a decision on the merits of the grievance. Questions regarding whether the hearing should be bifurcated, whether the incident giving rise to the grievance occurred while the CBA was in effect, whether there was a violation of the CBA and, if so, what would be an appropriate remedy, which employees are covered by the grievance, the impact of the President's Executive Order, and whether I have authority to decide the impact of a President's Executive Order may or may not arise at the arbitration. I will deal with any issue that are raised at the hearing.**
> **At this time, I am keeping the arbitration hearing scheduled for March 11, 2026 at 9 a.m. The Union's counsel has offered his office in Clearwater as a location for the hearing and that is fine with me unless the Department objects. If the Department plans on attending the hearing and offers a reasonable alternative(s) to either the date of the hearing and/or the location of the hearing, I will readjust the date and location of the hearing.**
> **I do not consider statements by the Department that, under certain**

**circumstances, it might not pay the arbitrator and might not abide
by his decision relevant to the issues we are discussing now. But,
to the extend it suggests that the Department might not appear a
the arbitration hearing, I would appreciate the Department's
response indicating whether it plans to attend the hearing.
  Mark M. Grossman, J.D.
Arbitrator and Mediator
7974 Sailboat Key Blvd., S., Apt. 303
S. Pasadena, FL 33707-6350
617-504-1994
grossmanmm@aol.com**

Ryan David Barack (he/him)
Board Certified Labor and Employment Attorney
Kwall Barack Nadeau PLLC
727-441-4947
rbarack@EmployeeRights.com

Sent from my mobile device so may he misspelled or fat-fingered but still confidential

On Fri, Mar 6, 2026 at 3:28 PM Danielle Hargrove <dlh@hargroveadr.com> wrote:

Good afternoon. Thank you for the update.

Mr. Barack, I believe I am waiting for any response the Union may have regarding the requested clarification. Upon receipt of the Union's position, I will determine our next steps.

Best Regards,

Danielle L. Hargrove

Arbitrator

Need to schedule a call? <u>Schedule Here.</u>

---

**From:** ▮Redaction - Privacy▮ @va.gov>
**Sent:** Tuesday, February 24, 2026 6:24 AM
**To:** Danielle Hargrove <<u>dlh@hargroveadr.com</u>>
**Cc:** <u>rbarack@employeerights.com</u> <<u>rbarack@employeerights.com</u>>; ▮Redaction - Privacy▮ ▮▮▮▮ >; <u>cynthia@employeerights.com</u> <<u>cynthia@employeerights.com</u>>; ▮Redaction - Privacy▮ @va.gov>; Fernandez, Ratanya S. (OGC) <<u>Ratanya.Fernandez@va.gov</u>>
**Subject:** RE: [EXTERNAL] Re: Appointment for case #261210-01844

Good morning,

Thank you all for your patience. I have copied Ms. Ratanya Fernandez who will be serving as the VA's representative and Attorney. VA requests the union clarify the scope of the grievance:

On March 27, 2025, President Trump signed Executive Order (EO) 14251: Exclusions from Federal Labor-Management Relations Programs, exempting the Department of Veterans Affairs (VA) from Chapter 71 of title 5 of the United States Code, the Federal Service Labor-Management Relations Statute (FSLMRS or Statute). EO 14251 exempted police officers, firefighters, and security guards from its coverage (collectively referred to as Exempted Employees).

On August 6, 2025, pursuant to EO 14251, the Secretary terminated the American Federation of Government Employees (AFGE) master collective bargaining agreement, and all amendments, local supplemental agreements, and memoranda of understanding at all levels (collectively referred to as CBA), except insofar as those agreements cover Exempted Employees.

VA received the instant grievance on November 9, 2025. It appears the grievance may not be limited to Exempted Employees. VA can only process the grievance to the extent it is only being filed on behalf of Exempted Employees. Please notify me within five (5) days if AFGE intends for this grievance to cover VA employees other than Exempted Employees (Non-Exempted Employees). If I do not receive a response from you within five (5) days, VA is hereby denying the grievance pursuant to EO 14251 to the extent it applies to Non-Exempted Employees and all future grievance and arbitration processing will be limited to Exempted Employees.

Additionally, insomuch as the underlying grievance may cover Non-Exempted Employees, you are hereby put on notice that VA is terminating the arbitrator's services and will not pay for any arbitration services rendered after August 6, 2025, **related to Non-Exempted Employees.** Additionally, VA will not abide by any arbitration decision as it relates to Non-Exempted Employees.

Thank you,

Redaction - Privacy

Acting Staff Director

Office of Labor-Management Relations

U.S. Department of Veterans Affairs

(202) 304-3721

---

**From:** Danielle Hargrove <dlh@hargroveadr.com>
**Sent:** Friday, February 13, 2026 3:12 PM
**To:** Redaction - Privacy        @va.gov>
**Cc:** Redaction - Privacy    @va.gov>; rbarack@employeerights.com; Redaction - Privacy  ; VanMeter, David J. <David.VanMeter@va.gov>; Redaction - Privacy                        ; cynthia@employeerights.com; Redaction - Privacy                @va.gov>
**Subject:** Re: [EXTERNAL] Re: Appointment for case #261210-01844

Thanks everyone for your responses.

I'll check back in with everyone if I haven't heard anything by **February 27, 2026**.

Best Regards,

Danielle L. Hargrove

Arbitrator

Need to schedule a call? Schedule Here.

---

**From:** Redaction - Privacy . <Redaction - Privacy @va.gov>
**Sent:** Friday, February 13, 2026 12:42 PM
**To:** Danielle Hargrove <dlh@hargroveadr.com>
**Cc:** Redaction - Privacy @va.gov>; Danielle Hargrove <dlh@hargroveadr.com>; rbarack@employeerights.com <rbarack@employeerights.com>; Redaction - Privacy Redaction - Privacy >; VanMeter, David J. <David.VanMeter@va.gov>; Redaction - Privacy >; cynthia@employeerights.com <cynthia@employeerights.com>; Redaction - Privacy @va.gov>
**Subject:** RE: [EXTERNAL] Re: Appointment for case #261210-01844

Good afternoon Arbitrator Hargrove,

I am responding on behalf of the Agency. We are currently working to coordinate with a VA Attorney and will respond to your February 4, 2026, email questions as quickly as possible.

Thank you for your patience and understanding.

Redaction - Privacy

Acting Staff Director

Office of Labor-Management Relations

U.S. Department of Veterans Affairs

(202) 304-3721

---

**From:** Ryan Barack <rbarack@employeerights.com>
**Sent:** Friday, February 13, 2026 7:49:55 AM
**To:** Marcia Sampson-Beasley <Redaction - Privacy >
**Cc:** Danielle Hargrove <dlh@hargroveadr.com>; arbsvc@fmcs.gov <arbsvc@fmcs.gov>;

VanMeter, David J. <David.VanMeter@va.gov>; <span style="background:black">Redaction - Privacy</span> <**Redaction - Privacy**>;
SHEMICA LOCAL UNION-0547_TAMPA FL <**Redaction - Privacy**>; Cynthia Paonessa
<cynthia@employeerights.com>
**Subject:** [EXTERNAL] Re: Appointment for case #261210-01844

I apologize for the delay in responding.

I am unaware of which attorney the VA has assigned to this matter so I have been unable to coordinate with the employer.

With respect to the questions you have asked.

1.  The Union would request your earliest available dates.

2.  The Union is willing to do a virtual or in person arbitration.

3.  The Union anticipates 1 day of hearing time.

Ryan Barack

Attorney for AFGE Local 547

Ryan D. Barack

Board Certified Labor & Employment Attorney
Pronouns: he/him
Kwall Barack Nadeau PLLC
304 S. Belcher Rd., Suite C
Clearwater, FL 33765
727-441-4947
rbarack@employeerights.com

Attorney-client communication.

> On Feb 4, 2026, at 6:20 PM, Marcia Sampson-Beasley
> <**Redaction - Privacy**> wrote:

Dear Ms. Hargrove,

I appreciate you getting back to me.

Attorney Ryan Barack is being cc'd on this email. He is the attorney for
AFGE Local 547. We will confer and provide the information you requested
regarding scheduling and hearing preferences shortly.

Best regards,

Marcia Sampson-Beasley

On Wed, Feb 4, 2026, 6:10 PM Danielle Hargrove <dlh@hargroveadr.com>
wrote:

> Good afternoon, all. I fully intended to reach out to you all by this Friday,
> February 6, 2026, as is requested by the FMCS. In any event, thank you for
> reaching out. I appreciate the opportunity to serve the parties.
>
> Please advise of the following:
>
> 1. How soon would the parties like to have this matter heard?
>
> 2. Do the parties prefer a virtual or in-person hearing?
>
> 3. How many days do the parties anticipate for the hearing?
>
> My preference is for counsel and/or advocates to confer and provide
> answers to the above questions. If not possible, if each
> advocate/representative and/or their counsel can respond, I can begin the
> scheduling of this matter for hearing. In full transparency, I currently don't
> have much availability before August 2026 for a multiple day hearing. Of
> course, calendars change often and quickly.
>
> Finally, if someone could provide an electronic copy of the relevant CBA,
> I would appreciate it.

I look forward to working with you all.

Best Regards,

Danielle L. Hargrove

Arbitrator

Need to schedule a call? Schedule Here.

---

**From:** Marcia Sampson-Beasley <███Redaction - Privacy███>
**Sent:** Wednesday, February 4, 2026 12:53 PM
**To:** arbsvc@fmcs.gov <arbsvc@fmcs.gov>; Danielle Hargrove
<dlh@hargroveadr.com>
**Cc:** David.Vanmeter@va.gov <David.Vanmeter@va.gov>; chris young
<███Redaction - Privacy███>; SHEMICA LOCAL UNION-0547_TAMPA FL
███Redaction - Privacy███

**Subject:** Re: Appointment for case #261210-01844

Dear Ms. Hargrove,

You were appointed as the arbitrator for Case #261210-01844 on January
23, 2026. As of today, we have not yet received any documentation or
contact regarding this matter.

Please let us know the status of this case at your earliest convenience.

Best regards,

Marcia Sampson-Beasley

On Fri, Jan 23, 2026 at 9:13 AM <arbsvc@fmcs.gov> wrote:

Hargrove, Danielle L you have been appointed to Case #261210-01844.

Employer: James A. Haley VA. Hospital
Employer Rep: Vanmeter, David
Phone: (813)972-2000
Email: David.Vanmeter@va.gov

Union: AFGE
Union Rep: Beasley, Marcia
Phone: (813)431-9717
Email: mbeasley547@gmail.com

If you are unable to view the attachment Login at
https://arbitration.fmcs.gov. On your home page under Open Appointed
Cases click the button to Re-print Appointment Letter.

**IMPORTANT: Please do not respond to this email address.
It is not monitored. To notify us, email
arbitration@fmcs.gov or call 202-606-5111.**

--

Ryan D. Barack
Board Certified Labor & Employment Lawyer
Kwall Barack Nadeau PLLC
304 S. Belcher Road, Suite C
Clearwater, FL 33765
(727) 441-4947
rbarack@employeerights.com
www.EmployeeRights.com

This message may contain confidential or attorney-client information.  Unauthorized use is prohibited.

# EXHIBIT L

**VA** | U.S. Department of Veterans Affairs
**Office of General Counsel**
**Office of Chief Counsel - Midwest District East**

441 Wolf Ledges Parkway
Suite 403
Akron, Ohio 44311
www.va.gov/ogc

In Reply Refer To:

**March 19, 2026**

Frank Cornelius, PhD, JD
FMCS Arbitrator # 2702

SUBJ:       *AFGE Local 85 and VA Financial Services Center.  FMCS No. 24-02414*
            *AFGE Local 2209 and Dayton VA Medical Center. FMCS No. 25-05376*

Dear Mr. Cornelius,

The Department of Veterans Affairs (VA) is in receipt of the union's correspondence requesting the instant matters resume processing in light of the preliminary injunction order (Order) issued in American Federation of Government Employees Local 2305 and American Federation of Government Employees National VA Council v. U.S. Department of Veterans Affairs on March 13, 2026. No. 25-CV-583-MRD-PAS, 2026 WL 709856, at *1 (D.R.I. Mar. 13, 2026).

While the Order issued by the Rhode Island District Court required VA to reinstate the AFGE 2023 Master Collective Bargaining Agreement (CBA) for the remainder of the agreed-upon term provided in the CBA, it did not address the validity of Executive Order (EO) 14251, enjoin the implementation of EO 14251, or make the Federal Service Labor-Management Relations Statute (FSLMRS) broadly applicable to VA. Specifically, Sections 1 and 2 of EO 14251, which remove all non-exempted employees (i.e., anyone other than VA police officers, firefighters, and security guards) from the FSLMRS' coverage, remain in effect and are not impacted by the Order. The Order's lack of clarity and failure to address how the CBA can be reinstated notwithstanding the valid and enforceable EO requires VA to get further guidance from the District Court.

Of note, the legality of Executive Order 14251 is currently being reviewed by the DC and Ninth Circuits. Nat'l Treasury Emps. Union v. Trump, No. 25-5157, 2025 WL 1441563, at *1 (D.C. Cir. May 16, 2025); Am. Fed'n of Gov't Emps., AFL-CIO v. Trump, 167 F.4th 1247 (9th Cir. 2026)(AFGE v. Trump). As recently as February 26, 2026, the Ninth Circuit stayed a California District Court's preliminary injunction concerning EO 14251 and noted that the Government was likely to prevail on the merits. AFGE v. Trump, 167 F.4th at 1252 ("Because the government was likely to succeed on the merits of the retaliation claim, and because the balance of the harms and equities favored the government, we stayed the district court's preliminary injunction pending appeal.")

As illustrated by the above, litigation related to the legality of EO 14251 and VA's implementation thereof remains ongoing and the issues related to the EO's enforceability are unsettled. Accordingly, these matters should continue to be held in abeyance and processing should only be resumed once the controlling litigation concludes. Doing so will prevent further confusion and unnecessary litigation over matters that are poised to be decided forthwith in federal court.

Sincerely,

Nicholas Pasquarella
Staff Attorney

# EXHIBIT M

**Alexandra Wheeler**

| | |
|---|---|
| **From:** | Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov> |
| **Sent:** | Wednesday, March 18, 2026 2:05 PM |
| **To:** | Travis Silva; Hyatt, Andrea (USARI) |
| **Cc:** | Brook Dooley; JiLon Li; Alexandra Wheeler; ciafrate_verizon.net; Bolan, Kevin (USARI) |
| **Subject:** | RE: AFGE v. Dep't of VA, 25-cv-00583-MRD-PAS (D.R.I.) | PI compliance |

**[EXTERNAL]**



Travis,

The union should have received correspondence from the VA this afternoon indicating that the Master Agreement has been reinstated.  Please let us know if you have further questions.

Best,
Tyler

**Tyler Becker**
Counsel to the Assistant Attorney General
U.S. Department of Justice | Civil Division
Cell: (202) 826-9717

**From:** Travis Silva <TSilva@keker.com>
**Sent:** Wednesday, March 18, 2026 2:23 PM
**To:** Hyatt, Andrea (USARI) <Andrea.Hyatt@usdoj.gov>; Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>
**Cc:** Brook Dooley <BDooley@keker.com>; JiLon Li <JLi@keker.com>; Alexandra Wheeler <AWheeler@keker.com>; ciafrate_verizon.net <ciafrate@verizon.net>; Bolan, Kevin (USARI) <Kevin.Bolan@usdoj.gov>
**Subject:** [EXTERNAL] AFGE v. Dep't of VA, 25-cv-00583-MRD-PAS (D.R.I.) | PI compliance

Tyler, Andrea:

I am reaching out about Defendants' compliance with the Court's order granting the preliminary injunction, Dkt. 30.

Our client has repeatedly asked for confirmation that the VA will abide by the Order, but our client has not received any response.  We also understand that the VA is maintaining its position that the Master Agreement has been terminated and is without effect.

Please provide your availability to confer today about Defendants' compliance with the order.  Thank you.

Travis

**Travis Silva** *(he/him/his)*
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8819 direct | 415 391 5400 main
tsilva@keker.com | vcard | keker.com

**Travis Silva** *(he/him/his)*
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

2

# EXHIBIT N

**Alexandra Wheeler**

| | |
|---|---|
| **From:** | Travis Silva |
| **Sent:** | Thursday, March 19, 2026 3:20 PM |
| **To:** | Becker, Tyler (CIV); Hyatt, Andrea (USARI) |
| **Cc:** | Brook Dooley; JiLon Li; Alexandra Wheeler; ciafrate_verizon.net; Bolan, Kevin (USARI) |
| **Subject:** | RE: AFGE v. Dep't of VA, 25-cv-00583-MRD-PAS (D.R.I.) | PI compliance |

Tyler,

The VA's communication to the union was inconclusive.  Furthermore, even today, after the VA purportedly "reinstated" the Master Agreement, the union and bargaining unit employees have been denied rights under the Master Agreement.

Please confirm by noon ET tomorrow that the VA will immediately comply with the Court's order and adhere to the Master Agreement.  Plaintiffs will otherwise seek judicial intervention.

Travis

---

**Travis Silva** *(he/him/his)*
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8819 direct | 415 391 5400 main
tsilva@keker.com | vcard | keker.com

---

**From:** Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>
**Sent:** Wednesday, March 18, 2026 2:05 PM
**To:** Travis Silva <TSilva@keker.com>; Hyatt, Andrea (USARI) <Andrea.Hyatt@usdoj.gov>
**Cc:** Brook Dooley <BDooley@keker.com>; JiLon Li <JLi@keker.com>; Alexandra Wheeler <AWheeler@keker.com>; ciafrate_verizon.net <ciafrate@verizon.net>; Bolan, Kevin (USARI) <Kevin.Bolan@usdoj.gov>
**Subject:** RE: AFGE v. Dep't of VA, 25-cv-00583-MRD-PAS (D.R.I.) | PI compliance

**[EXTERNAL]**

---

Travis,

The union should have received correspondence from the VA this afternoon indicating that the Master Agreement has been reinstated.  Please let us know if you have further questions.

Best,
Tyler

**Tyler Becker**

1

Counsel to the Assistant Attorney General
U.S. Department of Justice | Civil Division
Cell: (202) 826-9717

---

**From:** Travis Silva <TSilva@keker.com>
**Sent:** Wednesday, March 18, 2026 2:23 PM
**To:** Hyatt, Andrea (USARI) <Andrea.Hyatt@usdoj.gov>; Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>
**Cc:** Brook Dooley <BDooley@keker.com>; JiLon Li <JLi@keker.com>; Alexandra Wheeler <AWheeler@keker.com>; ciafrate_verizon.net <ciafrate@verizon.net>; Bolan, Kevin (USARI) <Kevin.Bolan@usdoj.gov>
**Subject:** [EXTERNAL] AFGE v. Dep't of VA, 25-cv-00583-MRD-PAS (D.R.I.) | PI compliance

Tyler, Andrea:

I am reaching out about Defendants' compliance with the Court's order granting the preliminary injunction, Dkt. 30.

Our client has repeatedly asked for confirmation that the VA will abide by the Order, but our client has not received any response.  We also understand that the VA is maintaining its position that the Master Agreement has been terminated and is without effect.

Please provide your availability to confer today about Defendants' compliance with the order.  Thank you.

Travis

---

**Travis Silva** *(he/him/his)*
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8819 direct | 415 391 5400 main
tsilva@keker.com | vcard | keker.com

2

# EXHIBIT O

**Alexandra Wheeler**

| | |
|---|---|
| **From:** | Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov> |
| **Sent:** | Friday, March 20, 2026 8:45 AM |
| **To:** | Travis Silva; Hyatt, Andrea (USARI) |
| **Cc:** | Brook Dooley; JiLon Li; Alexandra Wheeler; ciafrate_verizon.net; Bolan, Kevin (USARI) |
| **Subject:** | RE: AFGE v. Dep't of VA, 25-cv-00583-MRD-PAS (D.R.I.) | PI compliance |

**[EXTERNAL]**



Travis,

As the VA's communication with the union stated, the 2023 Master CBA with AFGE has been reinstated in compliance with the Court's order.  If the union believes any provisions of the Master Agreement are not being honored, the agreement spells out the process for raising grievances.

Best,
Tyler

**Tyler Becker**
Counsel to the Assistant Attorney General
U.S. Department of Justice | Civil Division
Cell: (202) 826-9717

**From:** Travis Silva <TSilva@keker.com>
**Sent:** Thursday, March 19, 2026 6:20 PM
**To:** Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Hyatt, Andrea (USARI) <Andrea.Hyatt@usdoj.gov>
**Cc:** Brook Dooley <BDooley@keker.com>; JiLon Li <JLi@keker.com>; Alexandra Wheeler <AWheeler@keker.com>; ciafrate_verizon.net <ciafrate@verizon.net>; Bolan, Kevin (USARI) <Kevin.Bolan@usdoj.gov>
**Subject:** [EXTERNAL] RE: AFGE v. Dep't of VA, 25-cv-00583-MRD-PAS (D.R.I.) | PI compliance

Tyler,

The VA's communication to the union was inconclusive.  Furthermore, even today, after the VA purportedly "reinstated" the Master Agreement, the union and bargaining unit employees have been denied rights under the Master Agreement.

Please confirm by noon ET tomorrow that the VA will immediately comply with the Court's order and adhere to the Master Agreement.  Plaintiffs will otherwise seek judicial intervention.

Travis

**Travis Silva** *(he/him/his)*
Keker, Van Nest & Peters LLP
633 Battery Street

1

San Francisco, CA 94111-1809
415 962 8819 direct | 415 391 5400 main
tsilva@keker.com | vcard | keker.com

---

**From:** Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>
**Sent:** Wednesday, March 18, 2026 2:05 PM
**To:** Travis Silva <TSilva@keker.com>; Hyatt, Andrea (USARI) <Andrea.Hyatt@usdoj.gov>
**Cc:** Brook Dooley <BDooley@keker.com>; JiLon Li <JLi@keker.com>; Alexandra Wheeler <AWheeler@keker.com>; ciafrate_verizon.net <ciafrate@verizon.net>; Bolan, Kevin (USARI) <Kevin.Bolan@usdoj.gov>
**Subject:** RE: AFGE v. Dep't of VA, 25-cv-00583-MRD-PAS (D.R.I.) | PI compliance

[EXTERNAL]

Travis,

The union should have received correspondence from the VA this afternoon indicating that the Master Agreement has been reinstated.  Please let us know if you have further questions.

Best,
Tyler

**Tyler Becker**
Counsel to the Assistant Attorney General
U.S. Department of Justice | Civil Division
Cell: (202) 826-9717

---

**From:** Travis Silva <TSilva@keker.com>
**Sent:** Wednesday, March 18, 2026 2:23 PM
**To:** Hyatt, Andrea (USARI) <Andrea.Hyatt@usdoj.gov>; Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>
**Cc:** Brook Dooley <BDooley@keker.com>; JiLon Li <JLi@keker.com>; Alexandra Wheeler <AWheeler@keker.com>; ciafrate_verizon.net <ciafrate@verizon.net>; Bolan, Kevin (USARI) <Kevin.Bolan@usdoj.gov>
**Subject:** [EXTERNAL] AFGE v. Dep't of VA, 25-cv-00583-MRD-PAS (D.R.I.) | PI compliance

Tyler, Andrea:

I am reaching out about Defendants' compliance with the Court's order granting the preliminary injunction, Dkt. 30.

Our client has repeatedly asked for confirmation that the VA will abide by the Order, but our client has not received any response.  We also understand that the VA is maintaining its position that the Master Agreement has been terminated and is without effect.

Please provide your availability to confer today about Defendants' compliance with the order.  Thank you.

Travis

2

**Travis Silva** *(he/him/his)*
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8819 direct | 415 391 5400 main
tsilva@keker.com | vcard | keker.com

3

# EXHIBIT P

| | |
|---|---|
| **From:** | Redaction - Privacy |
| **To:** | Redaction - Privacy |
| **Cc:** | Redaction - Privacy |
| **Subject:** | FW: AFGE Official Time Reno Vet Center |
| **Date:** | Monday, March 16, 2026 3:54:32 PM |

I forgot to add everyone on the original email to my response. Please see below.

Thank You.

Erica

**From:** Redaction - Privacy ,
**Sent:** Monday, March 16, 2026 10:41 AM
**To:** Redaction - Privacy @va.gov>
**Cc:** Redaction - Privacy @va.gov>; Redaction - Privacy @va.gov>
**Subject:** AFGE Official Time Reno Vet Center

Hello Redaction - P

In reference to you e-mail below, I am responding on Dr. Bucholtz' behalf as he is on official travel today.

With respect to implementation of the March 13, 2026, preliminary injunction, pending the forthcoming further guidance from VA's LMR, we will maintain status quo. Official time request from employees who are not police officers/firefighters/security guards are denied.

Please let us know if you have any additional questions.

Redaction - P

_____

_____

_____

_____

**From:** Redaction - Privacy @va.gov>
**Sent:** Monday, March 16, 2026 9:35 AM
**To:** Redaction - Privacy @va.gov>; Redaction - Privacy @va.gov>; Redaction - Privacy @va.gov>; Redaction - Privacy @va.gov>
**Cc:** Packham, Redaction - Privacy @va.gov>; Redaction - Privacy @va.gov>; VHA 106A WMC HROO ERLR Team 2 <VHA106AWMCHROOERLRTeam2@va.gov>

**Subject:** AFGE Official Time Reno Vet Center

Good morning,

Per the preliminary injunction issued by the United States District Court for the District of Rhode Island on March 13, 2026, the 2023 Master Collective Bargaining Agreement between the Department of Veterans Affairs and the American Federation of Government Employees (NVAC) is in effect.

In accordance with the restored CBA, I will begin performing official-time union duties effective immediately. I respectfully request that this time be recognized and processed under the terms of the CBA.

I also reserve the right to claim backpay or retroactive credit for any period during which my official-time duties are delayed or not processed due to administrative reasons, I have entered AL today for this purpose.

Thank you for your attention and prompt processing of this request. Please confirm receipt of this notice.

Redaction - Privacy
Veteran Outreach Program Specialist
U.S. Department of Veteran Affairs
Reno Vet Center    (775) 323-1294

Pre-Decisional

Redaction - Privacy
**Deputy District Director**
**RCS Pacific District**
**US Department of Veterans Affairs**
**707-646-2988**

# EXHIBIT Q

 **U.S. Department of Veterans Affairs**

**Chillicothe VA Medical Center**
17273 State Route 104
Chillicothe, Ohio 45601-9718

In Reply Refer To: Redaction - Privacy

March 17, 2026

 Redaction - Privacy

SUBJECT: Removal Decision Proposed Under the Authority of 5 U.S.C. Ch. 75

 Redaction - Privacy

1.   In connection with the letter of March 3, 2026, in which you were given advance notice of your proposed removal, a decision has been made to remove you from employment with VA under the authority of 5 U.S.C. Ch. 75, effective **April 3, 2026**, based on the following reasons:

> Absent Without Leave (AWOL) – SUSTAINED
> Conduct Unbecoming a Federal Employee- SUSTAINED

2.   In reaching this decision, all the evidence, including your oral and written replies, was carefully considered. This decision also takes into consideration the aggravating factors considered by the proposing official in determining an appropriate penalty.

3.   I have also considered other factors including your years of service, your past work record, the seriousness of the offenses with which you have been charged, and whether there were any mitigating or extenuating circumstances which would justify mitigation of the proposed penalty. I have concluded that the sustained charges against you are of such gravity that mitigation of the proposed penalty is not warranted, and that the penalty of removal is appropriate and within the range of reasonableness.

4.   You will be retained in a pay and duty status until the effective date of your removal.

5.   You may seek review of this action.  Such reviews include:

   a)  appeal this action to the Merit Systems Protection Board (MSPB) or

   b)  seek corrective action before the U.S. Office of Special Counsel (OSC) or

c)  a discrimination complaint with the Office of Resolution Management (ORM).

An appeal, complaint, or review concerning this action may not be filed with more than one administrative body. You shall be deemed to have exercised your option to appeal this action at such time as you timely initiate action to appeal to MSPB. If you believe that this action constitutes a prohibited personnel practice under 5 U.S.C. § 2302(b), including retaliation for protected whistleblowing, you may elect to file an appeal to MSPB, seek corrective action from OSC, or timely file a negotiated grievance, and your election is based on which election you file first. If you believe that this action was taken against you for discriminatory reasons, see paragraph seven of this memorandum.

6.  Merit Systems Protection Board (MSPB): If you appeal to the MSPB, your appeal may be submitted by mail, facsimile, by commercial overnight delivery, by electronic filing the MSPB Appeal Form (https://e-appeal.mspb.gov), or in person at any time after you receive this letter, but only if such appeal is made not later than 30 calendar days after the separation has been effected or 30 calendar days after the date of your receipt of this letter, whichever is later. The address to mail your appeal is

Merit Systems Protection Board, Central Regional Office
230 South Dearborn Street, 31st Floor
Chicago, IL  60604-1669
Phone: (312) 353-2923
Fax: (312) 886-4231

You must submit an original and one copy of both your appeal and all attachments. If you do not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown. The judge will provide you an opportunity to show why the appeal should not be dismissed as untimely. A copy of the form is available by request if you are unable to access it at the MSPB website. Please refer to the MSPB website (www.mspb.gov) for information regarding the appeals process and procedures that must be followed. You may be represented by an attorney or other representative of your choice. If you decide to file an appeal with MSPB, you should notify the Board that the agency's point of contact for this appeal is:

Lisa Yee, Acting Chief Counsel
Office of General Counsel,
Midwest District
U.S. Department of Veterans Affairs
11301 W. Cermak Road
Tower 4, Suite 1010
Westchester, IL 60154
Telephone: Main (708) 202-2216

7. Office of Special Counsel (OSC): If you elect to seek corrective action by the OSC's Complaints Examining Unit (OSC Appeal Form) (https://osc.gov/), your complaint will be limited to a determination as to whether the agency took one or more personnel actions against you in violation of 5 U.S.C. § 2302(b) (prohibited personnel practices). This can include, but is not limited to claims of reprisal for whistleblowing and/or engaging in protected activity. If you are making a claim of retaliation for engaging in one or more protected activities and OSC dismisses your claim, you may have the right to file an individual right of action (IRA) appeal to the MSPB, but such an appeal will be limited to an adjudication of whether you proved that your protected activity was a contributing factor in the effected action.

8. Equal Employment Opportunity Commission (EEOC): If you believe this action is based on discrimination on the basis of race, color, religion, sex, national origin, age or handicap, you may file a complaint of discrimination or raise the issue of discrimination in any appeal to MSPB. If you do not raise the issue of discrimination in the negotiated grievance procedures and subsequently request that MSPB review the arbitration's decision regarding your grievance, MSPB will not allow the issue of discrimination to be raised. If you elect to file a complaint of discrimination, you may do so by contacting the Office of Resolution Management (ORM) at 1-888-566-3982. Your complaint will be processed in accordance with EEOC regulations at 29 C.F.R., Part 1614. Your initial contact with the ORM office must be done within 45 calendar days of the effective date of this action.

9. Whichever option you may choose to pursue regarding this action (*an appeal to the MSPB, a request for corrective action to OSC, or a discrimination complaint*), shall be considered an election by you to proceed under that appeal process. However, you may concurrently file a corrective action to OSC and a discrimination complaint.

10. Employee Assistance Program: If you have a health, emotional, or personal problem that is affecting your performance or conduct on the job, this medical center has an Employee Assistance Program which provides in-person, short-term counseling. They can offer assistance with a wide range of concerns, such as relationships, legal, financial, family, substance abuse, children, and more. This is a confidential service . You may submit a request online at www.foh4you.com, using VA Healthcare System (VISN 10) to identify your agency, or by calling 1-800-222-0364

11. A further explanation of your appeal rights may be obtained by consulting Tracy Hayes, Human Resources Specialist, at Tracy.Hayes2@va.gov.

KENNETH MORTIMER Digitally signed by KENNETH MORTIMER
Date: 2026.03.17 13:38:12 -04'00'

Kenneth J Mortimer, FACHE
Executive Medical Center Director

Redaction - Privacy                                            Date