## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES
NATIONAL VA COUNCIL; and

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES LOCAL
2305;

    Plaintiffs,

        *v.*

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS; and

DOUGLAS A. COLLINS, in his official
capacity as U.S. Secretary of Veterans
Affairs;

    Defendants.

Civil Action No.
25-CV-583-MRD-PAS

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
## TO ENFORCE THE PRELIMINARY INJUNCTION

Defendants, the U.S. Department of Veterans Affairs ("the VA") and

Douglas A. Collins, in his official capacity as U.S. Secretary of Veterans Affairs,

file this response in opposition to Plaintiffs' Motion to Enforce the Preliminary

Injunction ("Pls.' Mot."), ECF No. 33.

1

## INTRODUCTION

Defendants have fully complied with the Court's preliminary injunction. Plaintiffs' motion to enforce the preliminary injunction is, in essence, an improper request that the Court police the terms of the three-year Master Collective Bargaining Agreement ("Master CBA") between the VA and the American Federation of Government Employees ("AFGE"). The root of this improper request is clear: Plaintiffs conflate the Court's order *reinstating* the Master CBA (including its panoply of remedies available for breach thereof) with an order mandating *adherence* to each and every one of its terms (under penalty of judicial contempt). The reinstated Master CBA itself provides the remedy for alleged breaches of its terms. Thus, Plaintiffs' recourse for alleged breaches is to follow the procedures provided in the Agreement—the same procedures that they followed before the termination of the Master CBA. Accordingly, the Court should deny Plaintiffs' motion.

## FACTUAL BACKGROUND

On March 27, 2025, President Trump issued Executive Order 14,251, which directly led to the termination of the Master CBA—the agency action that underlies Plaintiffs' claims in this lawsuit. *Executive Order 14251 of March 27, 2025*, 90 Fed. Reg. 14553 (Apr. 3, 2025) (the "Executive Order" or "EO"). In Sections 1 and 2 of the Executive Order, the President determined that certain agencies—including the VA—have as a primary function intelligence, counterintelligence, investigative, or national security work, and that the Federal Labor Management Relations Statute ("FSLMRS") cannot be applied to those agencies and subdivisions in a manner consistent with national security requirements and considerations. Executive Order §§ 1, 2(c).

Pursuant to that Executive Order, on August 6, 2025, the VA terminated the Master CBA. *VA Terminates Union Contracts for Most Bargaining-Unit*

*Employees*, VA News (August 6, 2025), https://news.va.gov/pressroom/va-terminates-union-contracts-for-most-bargaining-unit-employees/ ("VA press release") (Silva Decl., Ex. I); *see also* ex. C to Am. Compl. for Declaratory & Injunctive Relief ("Am. Compl."), ECF No. 13-3 (Letter from Secretary Collins to AFGE stating that "pursuant to EO 14251, I am providing notice that VA is terminating the VA-AFGE MCBA . . . .").

In this suit, Plaintiffs challenge the August 6, 2026 termination of the Master CBA, but do not challenge nor contest the validity of Executive Order 14,251. Am Compl. ¶ 11, ECF No. 13. Plaintiffs' suit does not challenge any alleged *breach* of the Master CBA, either. On November 25, 2025, Plaintiffs moved the Court for a preliminary injunction. Pls.' Mot. for Prelim. Inj. and Relief under 5 U.S.C. § 705, ECF No. 14.

On March 13, 2026, this Court issued a Memorandum Opinion & Order ("Order") concluding that Plaintiffs had shown a likelihood of success on their challenge to Defendants' decision to terminate the Master CBA. Order 18, 28, ECF No. 30. At the same time, the Court expressly avoided ruling on the legality of Executive Order 14,251. Order 11; *see also id.* at 12 (clarifying that "[t]his case is not about the constitutionality of the EO"). While leaving the Executive Order in place, the Court issued a preliminary injunction, which required Defendants to take the following action:

> The Defendants shall reinstate the Master CBA—as well as any amendments, local supplemental agreements, and memoranda of understanding that were in place subsidiary to the Master CBA— for the remainder of the agreed-upon term provided in the Master CBA.

*Id.* at 29.

On March 18, 2026, the VA's Office of Labor-Management Relations issued a memorandum to its Human Resources officials, notifying them that

3

"[p]er the Order, the 2023 Master CBA with AFGE is reinstated." Wheeler Decl., Ex. C., ECF No. 33-2 (Mem. from Executive Director, Office of Labor-Management Relations to Department of Veterans Affairs Human Resource Officials) (Mar. 18, 2026) ("March 18 VA Memo").

Two days later, Defendants filed a motion seeking clarification of two aspects of the Order: that (1) it did not prohibit the VA from re-terminating the Master CBA; and (2) the Order's reference to "local supplemental agreements, and memoranda of understanding" was limited to such agreements and memorandum with the two Plaintiffs in this case. Defs.' Mot. for Clarification of Prelim. Inj., ECF No. 20. Later that same day, Plaintiffs filed a motion to enforce, along with a brief in support. Pls.' Mot.; Mem. in Supp. of Pls.' Mot. to Enforce Prelim. Inj. ("Pls.' Mem."), ECF No. 33-1. On March 23, 2026, the Court granted Defendants' motion for clarification. *See* Text Order of March 23, 2026.

## LEGAL STANDARD

A motion to enforce is appropriate when the movant demonstrates four elements:

(1) the nonmovant had notice of the court order;
(2) the court order was "clear and unambiguous;"
(3) the nonmovant "had the ability to comply with the order;" and
(4) the nonmovant "violated the order."

*Hawkins v. Dep't of Health and Human Servs.*, 665 F.3d 25, 31 (1st Cir. 2012). The burden is on the movant to demonstrate by "clear and convincing evidence" that the nonmovant failed to comply with the order. *Id.*

4

## ARGUMENT

**A.    Defendants have not violated the Court's Order.**

Defendants have complied with the Court's Order. The Order required Defendants to "reinstate the Master CBA—as well as any amendments, local supplemental agreements, and memoranda of understanding that were in place subsidiary to the Master CBA." Order 29. Defendants have done so. Plaintiffs acknowledge as much in their brief when they state, accurately, that the VA announced on March 18, 2026 that "the 2023 Master CBA with AFGE is reinstated." Pls.' Mem. at 2. The VA has also complied with the Court's Order by reinstating any amendments, local supplemental agreements, and memorandum of understanding with the two Plaintiffs who filed this suit: (1) American Federation of Government Employees Local 2305; and (2) American Federation of Government Employees National VA Counsel. *See* March 18 VA Memo.

Because Plaintiffs have not, and cannot, carry their burden of proving by clear and convincing evidence that Defendants have violated the Court's Order, their motion to enforce should be denied.

**B.    Plaintiffs seek to enforce requirements that exceed the Court's Order.**

The key defect with Plaintiffs' motion is that it fails to recognize the significance of the Court's decision to leave in place the Executive Order, which exempts the vast majority of the VA from the FSLMRS's coverage. Executive Order, §§ 1, 2(c). Certain provisions of the Master CBA incorporate the FSLMRS to the extent applicable. *See, e.g.*, ECF No. 14-1 at 3 (§3(b)); 57 (§2); 220 (§ 3(A)). Thus, to the extent Plaintiffs seek to enforce any right afforded under the FSLMRS, their motion to enforce is without basis because the Order did not make Plaintiffs subject to the FSLMRS. Plaintiffs' motion conflates

*reinstating* the Master CBA with *adhering* to each and every one of its terms in existence before issuance of the Presidential Executive Order. *See, e.g.,* Pls.' Mem. at 1. In other words, Plaintiffs argue that if the VA is not adhering to every term of the Master CBA as Plaintiffs understand it, the VA is not merely in breach of the CBA but also in violation of the preliminary injunction. That is mistaken. The existence of a contract does not guarantee that both parties will adhere to each and every contract term indefinitely. Rather, the existence of a contract provides both parties to the contract certain rights and remedies if the other party breaches. *See United States v. Winstar Corp.*, 518 U.S. 839, 919 (1996) (Scalia, J., concurring in the judgment) ("Virtually every contract operates, not as a guarantee of particular future conduct, but as an assumption of liability in the event of nonperformance. . . ." (emphasis omitted)); *see generally* Restatement (Second) of Contracts § 1 (Am. Law Inst. 1981) (defining a "contract," as "a promise or a set of promises for the breach of which the law gives a remedy, . . . .").

As Plaintiffs acknowledge, "the Master Agreement, Articles 43 and 44 outline detailed procedures, including the option of arbitration, that ensure due process and fair resolution of grievances." Decl. of Dewanda Mitchell. ¶ 11, ECF No. 14-8; *see also* ECF No. 14-1 at 219-26 (Articles 43 & 44). The Master CBA defines "grievance" broadly to include any complaint by the Union or an employee that the VA is breaching the Agreement:

> A grievance means any complaint by an employee(s) or the Union concerning any matter relating to employment, any complaint by an employee, the Union, or the Department concerning *the interpretation or application of this Agreement* and any supplements or any claimed violation, misinterpretation or misapplication of law, rule, or regulation affecting conditions of employment.

6

ECF No. 14-1 at 219 (§2(A)) (emphasis added).

If Plaintiffs have a good-faith basis for contending that the VA has breached a provision of the Master CBA (for example by not providing a covered employee with the proper amount of maternity leave), Plaintiffs' remedy is to file a complaint under the grievance procedures set out in the Master CBA, rather than filing a motion to enforce with the Court.

Even before President Trump issued the Executive Order that led to the Master CBA's termination, Plaintiffs routinely filed complaints, using the negotiated grievance procedures in the Master CBA, in which employees or Plaintiffs themselves alleged the Master CBA was not being followed in a specific situation. Indeed, even after the CBA was terminated, Plaintiffs continued filing grievances under the CBA. *See* Decl. of Tracey Therit ¶ 17, ECF No. 17-1. The labor organizations who are plaintiffs in this case should follow the same practice they have followed both before and after the August 6 termination now that the Master CBA has been reinstated. Indeed, it makes no sense to think the preliminary injunction requiring the Master CBA's reinstatement requires VA to remedy any and all labor grievances with Plaintiffs, even if those disputes were already in existence *before* the CBA's termination. The injunction simply restored the parties to the status quo as it existed before the Master CBA's termination.

Plaintiffs attempt an end-run around the exclusive procedures for resolving grievances that arise under the CBA by asking this Court to issue what amounts to a global and indefinite specific-performance injunction, such that any alleged breach of the Master CBA going forward would trigger the "potent weapon" of "judicial contempt power." *Int'l Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76 (1967). Such an approach

would be improper as a matter of federal labor law,[1] federal contracting law,[2] and even the ordinary common law of contracts.[3] Indeed, as the Supreme Court recently affirmed, "the APA's limited waiver of immunity does not extend to orders to enforce a contractual obligation to pay money[.]" *Dep't of Educ. v. California*, 604 U.S. 650, 651 (2025) (internal quotations and citations removed); *see also Albrecht v. Comm. on Emp. Benefits of Fed. Rsrv. Emp. Benefits Sys.*, 357 F.3d 62, 68 (D.C. Cir. 2004) ("We have held that the Tucker Act '"impliedly forbids—in APA terms—not only district court awards of money damages, which the Claims Court may grant, but also injunctive relief, which the Claims Court may not.'"); *see also Massachusetts v. Nat'l Insts. of Health*, 164 F.4th 1, 10 (1st Cir. 2026). In short, this Court does not have jurisdiction to entertain Plaintiffs' request that mandate (and thereafter police) across-the-board compliance with the terms of the Master CBA, and that is certainly not what the preliminary injunction does.

---

[1] The FSLMRS contains a subpart governing how alleged violations of a collective bargaining agreement are to be handled, including grievances, appeals, and judicial review. *See* FSLMRS *See* 5 U.S.C. §§ 7121-712. None of the provisions governing judicial review and enforcement permit a labor union to petition a United States district court for a global and indefinite specific performance injunction. *See* 5 U.S.C. § 7123. To be sure, Plaintiffs are no longer subject to the FSLMRS by virtue of the Executive Order, which is unchallenged here. But it remains notable that even under that statute, this sort of remedy would clearly not have been permissible.

[2] "Federal courts do not have the power to order specific performance by the United States of its alleged contractual obligations." *Coggeshall Dev. Corp. v. Diamond*, 884 F.2d 1, 3 (1st Cir. 1989).

[3] Specific performance remedies must be narrow and targeted; courts will not decree specific performance of vague, indefinite, or uncertain contractual requirements. *See* Restatement (First) of Contracts § 370 (1932) ("Specific enforcement will not be decreed unless the terms of the contract are so expressed that the court can determine with reasonable certainty what is the duty of each party and the conditions under which performance is due."); *see also Pritzker v. Yari*, 42 F.3d 53, 72 (1st Cir. 1994) (stating "a basic tenet of contract law"—*i.e.,* "a legal remedy (*e.g.,* a sum of money) is presumptively preferable to an equitable remedy (*e.g.,* specific performance), so long as the former is adequate and ascertainable").

The status quo before the August 6, 2025 CBA termination further illustrates how Plaintiffs' motion to enforce exceeds the Court's Order. A "traditional, prohibitory preliminary injunction" is designed to restore the status quo ante. *Braintree Lab'ys, Inc. v. Citigroup Glob. Markets Inc.*, 622 F.3d 36, 41 (1st Cir. 2010). Plaintiffs acknowledge that the Order here is designed to require "Defendants to return to the status quo ante." Pls.' Mem. at 6.

Yet the status quo ante was not a situation where Plaintiffs could seek enforcement of the Master CBA in district court for alleged violations of the Master CBA's terms. Rather, before the Master CBA's termination, Plaintiffs filed labor grievances when they believed the VA was out of compliance with the Master CBA. In other words, restoring Plaintiffs to the status quo ante would not restore them to a situation where Plaintiffs could seek district court intervention for every alleged violation of the Master CBA. Moreover, as noted above, granting the Plaintiff's motion reinstating the CBA, and ignoring the existence of the Executive Order, would demonstrably improve Plaintiffs' position over the original status quo and effectively place the Court in a position that it has overridden the Presidential Executive Order.

## CONCLUSION

Plaintiffs' motion to enforce should be denied. Defendants have already complied with the Court's Order. The relief the Plaintiffs seek via their motion to enforce exceeds the relief afforded in the Court's Order.

Dated: March 24, 2026

Respectfully submitted,

UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS; and
DOUGLAS A. COLLINS, in his
official capacity as U.S. Secretary of
Veterans Affairs,

By their attorneys,

CHARLES C. CALENDA
United States Attorney

*/s/ Andrea Hyatt*
Andrea Hyatt
Assistant U.S. Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (Fax)
Andrea.Hyatt@usdoj.gov

Tyler J. Becker
(VA Bar No. 97636)
Counsel to the Assistant Attorney General
U.S. Department of Justice
Civil Division
Office of the Assistant Attorney General
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 514-4052
Tyler.Becker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on March 24, 2026, I filed the foregoing document through this Court's Electronic Case Filing (ECF) system, thereby serving it upon all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 304.

*/s/ Andrea Hyatt*
ANDREA HYATT
Assistant U.S. Attorney

10