**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES NATIONAL VA COUNCIL; and<br><br>AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 2305<br><br>     *Plaintiffs,*<br><br>     **v.**<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; and<br><br>DOUGLAS A. COLLINS, in his official capacity as U.S. Secretary of Veterans Affairs<br><br>     *Defendants.* | **Case No. 1:25-cv-00583-MRD-PAS** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATUS REPORT**

6102422

Tonight, at approximately 7:20 p.m. ET, Plaintiffs received Defendants' Status Report and their purported "Notice of Termination of Collective Bargaining Agreement."  Dkt. 36. Having just learned of Defendants' purported "re-termination," and having had no prior notice of it, Plaintiffs reserve all rights.  However, in light of the Hearing scheduled for tomorrow morning at 9:30 a.m. ET, Plaintiffs write now to respectfully call two points to the Court's attention.

**First**, to put it in blunt terms, the current administration has run this play before. In *Am Fed'n of Gov't Emps. v. Noem*, pending in the Western District of Washington, the District Court issued a preliminary injunction requiring the government to keep in place a CBA that the Department of Homeland Security had terminated.  *Am. Fed'n of Gov't Emps. v. Noem*, 785 F. Supp. 3d 833 (W.D. Wash. 2025).  As here, DHS then issued a notice purporting to re-terminate the CBA.  The plaintiffs brought the matter to the District Court, which ruled that the injunction did not allow DHS to re-terminate the CBA unilaterally.  Instead, DHS was required to "move to modify or dissolve the injunction—and that motion must be granted before [it] may cease compliance."  *Am. Fed'n of Gov't Emps. v. Noem*, No. 2:25-CV-00451-JNW, 2026 WL 113599, at *3 (W.D. Wash. Jan. 15, 2026).  In more direct words, the Court wrote: "Disagreements with judicial decisions must be resolved through motions, stays, and appeals, not through unilateral noncompliance."  *Id.* (internal quotations omitted).

The same is true here.  If Defendants believe there is a basis to modify or dissolve the Court's injunction, they must raise that to the Court's attention in a noticed motion.  Until such noticed motion is granted, the Court's injunction should remain in effect, and the Court should direct Defendants to comply with the injunction and grant other appropriate relief as Plaintiffs have requested.

1

6102422

*Second*, nothing in the Court's March 23, 2026, Text Order granting Defendants' Motion for Clarification changes the foregoing rules or authorizes Defendants' purported re-termination. As the Court made clear in its Text Order, "all parties covered by [the Master Agreement] will continue to be covered by this contract until it is terminated or amended *in a lawful manner*." 3/23/26 Text Order (emphasis added). Defendants have no free-standing authority to terminate the Master Agreement during its term, and, for the reasons described by the Court in *Noem*, they have failed to proceed in an otherwise lawful manner, such as seeking leave of this Court as required.

For all these reasons, Plaintiffs respectfully submit that Defendants' purported re-termination of the Master Agreement changes nothing, and the Court should proceed to order Defendants to comply with its PI Order.

Respectfully submitted,

Dated: March 26, 2026

By:     */s/ Carly Beauvais Iafrate*
Carly Beauvais Iafrate, #6343
Law Office of Carly B. Iafrate, PC
408 Broadway, 1st Fl.
Providence, RI 02909
(401) 421-0065
ciafrate@verizon.net

2

6102422

By:    */s/ Travis Silva*
      Brook Dooley *(pro hac vice)*
      Travis Silva *(pro hac vice)*
      Taylor Reeves *(pro hac vice)*
      JiLon Li *(pro hac vice)*
      Alexandra Wheeler *(pro hac vice)*
      KEKER, VAN NEST & PETERS LLP
      633 Battery Street
      San Francisco, CA 94111-1809
      Telephone:  415 391 5400
      Facsimile:  415 397 7188
      BDooley@keker.com
      TSilva@keker.com
      TReeves@keker.com
      JLi@keker.com
      AWheeler@keker.com


      *Attorneys for American Federation of Government Employees National VA Council and American Federation of Government Employees Local 2305*


## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2026, I electronically filed the foregoing document(s), and they are available for viewing and downloading from the Court's CM/ECF System, and that all participants in the case are registered CM/ECF users and that service will be accomplished by CM/ECF system.

      */s/ Travis Silva*
      Travis Silva

3

6102422