## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES
NATIONAL VA COUNCIL; and

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES
LOCAL 2305

     *Plaintiffs,*

     **v.**

UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS; and

DOUGLAS A. COLLINS, in his official
capacity as U.S. Secretary of Veterans
Affairs

     *Defendants.*

**Case No. 1:25-cv-00583-MRD-PAS**

## DECLARATION OF MARY JEAN BURKE IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' STATUS REPORT

6109424

I, Mary Jean Burke, declare as follows:

1.      I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2.      I am President of the American Federation of Government Employees, AFL-CIO National Veterans Affairs Council ("NVAC"). I have served in this position since November 2025. Previously, I served as the NVAC First Executive Vice President from 2007 to 2025 and NVAC Health and Safety Representative from 2003 to 2007.  I make this declaration in support of Plaintiffs' Response to Defendants' Status Report in *AFGE Local 2305 et al. v. U.S. Department of Veterans Affairs*, No. 25-cv-00583-MRD-PAS (D.R.I.).  I am a signatory to the *Master Agreement Between the Department of Veterans Affairs and the American Federation of Government Employees* ("Master Agreement") that is the subject of this litigation.  I helped to negotiate the Master Agreement and am familiar with its contents.  I am familiar with the Court's March 13 preliminary injunction order and its March 27 order granting Plaintiffs' motion to enforce the preliminary injunction.

3.      Attached hereto as **Exhibit A** is a true and correct copy of an April 1, 2026 email sent by Thomas Dargon, Jr., AFGE Deputy General Counsel, to Kurt Martin, an official in the VA's Office of Labor Management Relations.  I am also a recipient of this email and the emails that preceded it.  The email reflects that on March 27. the Executive Director of the Office of Labor Management Relations emailed AFGE seeking to schedule a meeting "to discuss compliance with the March 13, 2026 and March 27, 2026, Orders issued by Judge DuBose, including the processes for re-starting dues withholding, taxpayer funded union time/official time, grievance/arbitration proceedings, office space, and equipment for union officials."  I participated in the resulting March 30, 2026 meeting, where the VA did not present any plan to put such "processes" into place.

1

6109424

4.      AFGE leaders, members, and represented employees frequently send me and/or AFGE personnel examples of Defendants' non-compliance with the Court's Preliminary Injunction.  The following testimony presents some examples of those reports.

5.      On Wednesday, March 25, 2026, a VA employee emailed a VA human relations official to request "taking the extended 4 weeks of unpaid parental leave since the union contract is reinstated."  This is a reference to a leave benefit provided by Article 35 of the Master Agreement.  The HR official replied on the same date stating: "The union contract has not been officially reinstated, so there is not BUE time at this time."  This conversation is reflected in a true and correct copy of the HR official's March 25, 2026 email to the employee, which is attached hereto as **Exhibit B**.

6.      On March 25 and 26, a represented employee requested union representation in connection with a disciplinary meeting.  Such representation is a right provided by the Master Agreement.  The VA employee made this request in scheduling correspondence with a local VA manager, James Leland.  In a Thursday, March 26 response, Mr. Leland wrote: "Although Judge Dubose has issued a ruling, the Department of Veterans Affairs has not yet issued any additional guidance to frontline supervisors regarding its implementation. You may have a representative present during this interview, but they may not be a Union representative acting in an official capacity. Currently, the agency does not recognize bargaining rights for any VA staff other than VA Police."  This conversation is reflected in a true and correct copy of Mr. Leland's March 26 email to the VA employee, which is attached hereto as **Exhibit C**.

7.      On Tuesday, March 24, 2026, Troy Stormoen, an officer of AFGE Local 2152, emailed VA officials to "request official time to perform representational duties pursuant to the reinstated Master Collective Bargaining Agreement."  On Wednesday March 25, Dr. John

2

6109424

Bucholtz, a VA Deputy District Director, denied the request, stating "With respect to implementation of the March 13, 2026, preliminary injunction, pending the forthcoming further guidance from VA's LMR, we will maintain status quo. Official time request from employees who are not police officers/firefighters/security guards are denied." This conversation is reflected in a true and correct copy of Dr. Bucholtz's March 25 email to Mr. Stormoen, which is attached hereto as **Exhibit D**.

8.       On Friday, March 27, Danny Rivera López, an official with AFGE Local 1133, requested official time. Lesli Bethard, a local VA manager, denied the request, stating that "at this time VA is not approving official union time. We have not been given any guidance on changes from Washington on the union." This conversation is reflected in a true and correct copy of Ms. Bethard's March 27 email to Mr. Rivera López, which is attached hereto as **Exhibit E**.

9.       On Wednesday March 25, 2026, Jamie Smith, a VA official, sent Darren Petite, President of AFGE Local 25, a disciplinary noticed entitled "Notice of Written Counseling" ("Notice") The Notice alleges that during "tours of duty on March 16 -18, 2026," (i.e., after the Court issued the preliminary injunction, Mr. Petite "sent multiple emails in a representative capacity without being on approved leave or taxpayer-funded union time." The Notice "directed" Mr. Petite "to immediately cease performing any representational activities during [his] VA duty time except for periods where [he] receive[s] advanced approval to be excused from VA work." The Notice states that failure to comply with this directive could result in "disciplinary action, up to and including removal from Federal service." A true and correct copy of the Notice is attached hereto as **Exhibit F**.

3

10.    On April 2, 2026, Zarina Chambers, Acting Director of the VA Providence Regional Office, sent an email denying President of Plaintiff AFGE Local 2305 Frederick Sacchi's request for reinstatement of office space, official time, and IT equipment. In the email, Ms. Chambers stated "We are waiting official guidance from the Department on our way forward. However, as it stands, the letter of March 30, 2026, may apply to some members of the Veterans Administration but would not apply to Veterans Benefits Administration because we have no bargaining unit employees."  This conversation is reflected in a true and correct copy of Ms. Chambers' April 2 email to Mr. Sacchi, which is attached hereto as **Exhibit G**.

11.    On April 2, 2026, at approximately 6:25 PM ET, the VA Office of the Chief Human Capital Officer issued a "Bulletin" with the subject line "Department of Veterans Affairs (VA) implementation of Executive Order 14251, *Exclusions from Federal Labor-Management Relations Programs*," along with accompanying guidance entitled "Guidance Related to Ongoing Litigation and the Preliminary Injunction Concerning the Termination of Certain Collective Bargaining Agreements and Implementation of Executive Order 14251: *Exclusions From Federal Labor-Management Relations Programs*."  A true and correct copy of the Bulletin and the related guidance document are attached hereto as **Exhibit H**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed April 2, 2026, at Indianapolis, Indiana.

Mary Jean Burke (Apr 2, 2026 21:13:03 EDT)

Mary Jean Burke

4

6109424