**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES NATIONAL VA COUNCIL; and<br><br>AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 2305<br><br>      *Plaintiffs,*<br><br>      **v.**<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS;<br><br>DOUGLAS A. COLLINS, in his official capacity as U.S. Secretary of Veterans Affairs<br><br><br>      *Defendants.* | **Case No. 1:25-cv-00583-MRD-PAS** |

<u>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO RECONSIDER**</u>

i

6293904

Defendants' Motion to Reconsider[1] should be denied, and the current briefing schedule, *see* July 28, 2026 Text Order, for Plaintiffs' motion to enforce the preliminary injunction, Dkt. 54, should remain in place for four reasons.

First, delay would prejudice Plaintiffs and their represented employees. Defendants propose to file their opposition brief on August 11, after their promised re-termination of the Master Agreement on August 8. On Defendants' timeline, the Master Agreement will have been terminated for days, and quite possibly weeks, before the Court hears the motion to enforce. During that time, all of the irreparable harms that the Court determined were justification to issue the preliminary injunction (*see* Dkt. 30 at 24–26) would recur.[2]

Second, Defendants obstructed the meet and confer process, and any inconvenience posed by the expedited briefing schedule is a problem of Defendants' creation. Defendants suggest that their intention has been clear since May, but this is inaccurate. On Friday, July 17, Plaintiffs' counsel emailed Defendants' counsel to request to confer about direct communications between the parties about the VA's intent to terminate the Master Agreement on August 8. On Monday, July 20, Plaintiffs' and Defendants' counsel conferred via Zoom. Defendants' counsel stated that they needed additional time to consult with their client before providing a substantive position, and they neither confirmed nor denied that the VA planned to terminate the Master Agreement on August 8. On Thursday, July 23, Plaintiffs' and Defendants' counsel against conferred. Defendants' counsel again did not provide any substantive

---

[1] Concurrently filed with Plaintiffs' opposition is the Declaration of Travis Silva ("Silva Decl."). The "VA" refers to Defendant United States Department of Veterans Affairs. Pin cites to docket entries are to ECF pagination.

[2] Defendants' July 24 correspondence makes clear that they now intend to take terminate additional provisions in the Master Agreement on August 8, even as applied to police officers, firefighters, and security guards for whom the parties agree are exempt from Executive Order 14251 and the August 2025 termination.

1

6293904

information about the VA's position; they again neither confirmed nor denied that the VA planned to terminate the Master Agreement on August 8. Silva Decl., ¶ 3 & Ex. A. Defendants' counsel instead said that the VA would send Plaintiff NVAC a letter on the subject. The VA sent that letter on Friday, July 24. Silva Decl., Ex. B. Plaintiffs filed their motion two business days later on Tuesday, July 28. Plaintiffs acted diligently and promptly whereas Defendants rejected the opportunity to confer.

Third, Defendants rejected a commonsense compromise regarding the briefing schedule. After Defendants filed their Motion to Reconsider, Plaintiffs offered to stipulate to a standard briefing schedule if Defendants agreed to maintain the status quo and continue the Master Agreement in effect pending the resolution of Plaintiffs' motion. Defendants declined that compromise. Silva Decl., Ex. C.

Fourth, Defendants fail to show good cause for reconsideration. Defendants' counsel is the United States Department of Justice, which has numerous attorneys currently involved in cases across the United States that present issues similar to the instant case. Whether in this Court or on appeal (or both), seven different DOJ attorneys have appeared for Defendants in this case. Defendants focus on one attorney and make no showing about the availability of any other attorney.

Respectfully submitted,

LAW OFFICE OF CARLY B. IAFRATE, PC

Dated: July 29, 2026

By:    */s/ Carly Beauvais Iafrate*

2

6293904

Carly Beauvais Iafrate, #6343
Law Office of Carly B. Iafrate, PC
408 Broadway, 1st Fl.
Providence, RI 02909
(401) 421-0065
ciafrate@verizon.net

Dated: July 29, 2026                    By:    */s/ Travis Silva*

Brook Dooley *(pro hac vice)*
Travis Silva *(pro hac vice)*
JiLon Li *(pro hac vice)*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:  415 397 7188
BDooley@keker.com
TSilva@keker.com
JLi@keker.com

*Attorneys for American Federation of
Government Employees National VA
Council and American Federation of
Government Employees Local 2305*

3

6293904

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 29, 2026 I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Travis Silva
Travis Silva

4

6293904