**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES NATIONAL VA COUNCIL; and<br><br>AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 2305;<br><br>       Plaintiffs,<br><br>          *v.*<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; and<br><br>DOUGLAS A. COLLINS, in his official capacity as U.S. Secretary of Veterans Affairs;<br><br>       Defendants. | Civil Action No.<br>25-CV-583-MRD-PAS |

## DEFENDANTS' REPLY IN SPPORT OF MOTION TO RECONSIDER

Defendants, the U.S. States Department of Veterans Affairs and Douglas A. Collins, submit this reply in support of their motion for this Court to reconsider its Order granting Plaintiffs' request to shorten Defendants' allotted time to respond to Plaintiffs' Motion to Enforce to just three days. Defendants' counsel is working diligently on replying to Plaintiffs' motion to enforce, which was filed only yesterday afternoon.

Defendants will respond in more detail to some of the substantive points raised in Defendants' opposition to Plaintiffs' motion to enforce. Briefing over the deadline about such a motion is not the place to litigate the merits, which both sides are working to get before the Court as soon as possible.

As an effort at compromise, Defendants respectfully request that the Court reconsider its briefing schedule on the motion to enforce such that

1

Defendants' opposition is due Tuesday, August 4, and Plaintiffs' reply is due Thursday, August 6. This would enable the motion to be ripe for decision before August 8, 2026, the expiration date of the Master Agreement's three-year term. Plaintiffs do not assert any harm before that date, while Defendants would be prejudiced from having to respond to Plaintiffs' motion to enforce a mere three days from the motion being filed, for all the reasons stated in Defendants' motion to reconsider.

A few other points raised in Plaintiffs' opposition merit response. Defendants believe these substantive points are better considered when the Court decides the merits of Plaintiffs' motion to enforce, but nevertheless addresses them here given that Plaintiffs' opposition raises them.

Plaintiffs claim that any "delay would prejudice Plaintiffs and their represented employees." Opp. 1. It is not clear how that could be possibly be true given that, as the First Circuit stated in staying this Court's prior enforcement order in this case, "[f]ederal courts do not have the power to order specific performance by the United States of its alleged contractual obligations." *AFGE Local 2305 v. U.S. Dep't of Veterans Affs.*, 177 F.4th 1, 17 (1st Cir. 2026) (quoting *Coggeshall Dev. Corp. v. Diamond*, 884 F.2d 1, 3 (1st Cir. 1989)). This Court lacks jurisdiction to enforce compliance with CBA provisions under the First Circuit's ruling. Plaintiffs did not seek rehearing en banc of that decision in the First Circuit, nor petition for certiorari to the U.S. Supreme Court.

And Plaintiffs' opposition now makes clear that they are seeking relief not only as to employees who have been previously exempted from the FSLMRS' collective-bargaining protections by the President, but also as to all employees covered by the Master Agreement, even those not covered by the Executive Order. This Court lacks jurisdiction to do that as well. The FSLMRS channels adjudication of such disputes to the FLRA, followed by direct review in the court

2

of appeals. *See* 5 U.S.C. §§ 7105(a)(2), The FSLMRS's "regime is exclusive," and a union "cannot circumvent [it] by instead bringing suit in district court." *AFGE v. Sec'y of the Air Force*, 716 F.3d 633, 636-37 (D.C. Cir. 2013). Plaintiffs' complaint does not involve those employees nor was the preliminary injunction granted on behalf of those employees.

Plaintiffs next contend that Defendants "obstructed" the meet and confer process. Opp. 1. And then Plaintiffs assert that the VA is seeking to "terminate" the agreement come August 8, 2026. *Id.* The Master Agreement, however, expires August 8, 2026 by its terms. And Plaintiffs do not dispute that  the VA informed them as early as May 19, 2026 (and again on July 15, 2026) what the VA's position was on continued CBA coverage for employees who are not exempt from Executive Order 14,251. *See* Decl. of Mary Jean Burke ex. A at 2, ECF No. 54-2 (providing written notice, dated May 19, 2026 that the VA's position was that any successor agreement will not extend to non-exempted employees); Mem. in Supp. of Pls.' Mot. to Enforce at 2, ECF No. 54-1. ("During the negotiations, on July 15, 2026, the VA informed NVAC that, as of August 8, 2026, the VA would no longer honor the Master Agreement for what it calls 'non-exempt employees.'"). The rush to judgment on Plaintiffs' motion to enforce is a crisis of their own making, when they have been aware of this issue since May. And as to the employees not covered by Executive Order 14,251, AFGE chose to not begin negotiations on a new agreement until after the time period required by the CBA, so again the rush to judgment is a crisis of their own making.

Plaintiffs also assert that "Defendants rejected a commonsense compromise" (Opp. 2), but that would have required the VA to maintain the agreement "keep the Master Agreement in *full force and effect* for *all AFGE-represented employees currently covered*," ECF 56-1, at 75 (emphasis added).

That is more relief than this Court could provide and would violate the First Circuit's stay order, which specifically stayed a portion of this Court's order requiring Defendants to "compl[y] with the ... CBA, along with any 'amendments, local supplemental agreements, and memoranda of understanding related thereto' ... in both form and substance." *AFGE Local 2305*, 177 F.4th at 21. No "commonsense compromise" was thus offered by Plaintiffs.

Lastly, Plaintiffs assert that the Department of Justice somehow needs to detail the case obligations of every single attorney who has ever entered an appearance in this case at the district court or appellate level to obtain an extension. Undersigned counsel, the attorney assigned for responding to Plaintiffs' motion to enforce, provided specific obligations that cannot be changed and which demonstrate good cause.

4

Dated: July 29, 2026

Respectfully submitted,

UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS; and
DOUGLAS A. COLLINS, in his
official capacity as U.S. Secretary of
Veterans Affairs,

By their attorneys,

TODD BLANCHE
Acting Attorney General


CHARLES C. CALENDA
First Assistant U.S. Attorney
District of Rhode Island

*/s/ Andrea Hyatt*
Andrea Hyatt
(TX Bar No. 24007419)
Assistant U.S. Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (Fax)
Andrea.Hyatt@usdoj.gov

Tyler J. Becker
(VA Bar No. 97636)
Counsel to the Assistant Attorney General
U.S. Department of Justice
Civil Division
Office of the Assistant Attorney General
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 514-4052
Tyler.Becker@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 29, 2026, I filed the foregoing document through this Court's Electronic Case Filing (ECF) system, thereby serving it upon all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 304.

/s/ Andrea Hyatt
ANDREA HYATT
Assistant U.S. Attorney