## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES
NATIONAL VA COUNCIL; and

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES LOCAL
2305;

      Plaintiffs;

          *v.*

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS; and

DOUGLAS A. COLLINS, in his official
capacity as U.S. Secretary of Veterans
Affairs;

      Defendants.

Civil Action No.
25-CV-583-MRD-PAS

## DECLARATION OF MARK ENGELBAUM

Pursuant to 28 U.S.C. § 1746, I, Mark Engelbaum, declare as follows:

1) I am the Assistant Secretary for Human Resources and Administration in the Department of Veterans Affairs (VA or Department) and have served in this role since February 13, 2025. In my current role, I lead the development and oversight of human capital strategies, policies, and practices across the nation. This portfolio includes Administration, Human Capital, Labor-Management Relations, Senior Executive Management, Employee Development, and Manpower Management.

2) I provide this declaration in support of Defendants' Opposition to Plaintiffs' Motion to Enforce. I make the following statements based upon my personal knowledge and information provided to me in my official capacity. If called as a witness, I could and would testify competently to the facts contained in this declaration.

**GOVERNMENT EXHIBIT**

**1**

1

Defs.' App'x 1

3) Exhibits 2 through 28 are true and correct copies of correspondences and documents exchanged between representatives of the American Federation of Government Employees (AFGE) and VA.

4) Exhibit 29 is a true and correct screenshot of a social media post made on a social media account purporting to belong to AFGE.

5) Exhibit 30 is a true and correct screenshot of an announcement made by AFGE on its website (https.//www.afgenvac.org).

6) Negotiating a new master collective bargaining agreement (CBA) between VA and AFGE is a complicated, multi-phase process that takes years; the last such negotiation between the parties lasted approximately five-and-a-half years, while negotiations over the parties' 2011 agreement lasted approximately nine years.

7) Since May 19, 2026, VA has attempted to engage with AFGE in good faith to negotiate a new CBA covering the employees AFGE represents who are covered by the Federal Service Labor-Management Relations Statute (FSLMRS).

8) VA's current CBA with AFGE significantly interferes with VA's ability to carry out its mission, causing egregious harm to VA and the Veterans it serves. Specifically, and as previously detailed in a declaration to this Court, the CBA has resulted in:

   a. VA being prevented from fully executing its national security mission by delaying VA's complete implementation of its Disaster Emergency Medical Personnel System and prohibiting VA from mandating all Veterans Health Administration employees register for the emergency system;

   b. VA being required to pay employees to perform union duties during their VA work hours, including health professionals such as physicians, physician assistants, and nurse practitioners, whose annual salaries can range from $187,000 to $273,000, notwithstanding the fact these employee representatives were not performing patient care duties or duties on behalf of VA;

   c. VA being prevented from using its statutory authority to discipline or remove employees under 38 U.S.C. § 714, VA being required to reinstate employees who engaged in serious misconduct (e.g., violence, medication theft, drug use), and VA being required to pay nearly $134 million dollars to employees who were previously terminated pursuant to the § 714 authority;

2

d.  VA being mandated to maintain smoking shelters on its medical center campuses, even during the height of the COVID-19 pandemic, despite smoking shelters being contrary to VA's policy of being a smoke-free facility and ubiquitous public health guidance and private health-care systems practices, who have maintained smoke-free campuses for decades;

e.  VA being prevented from implementing government-wide rules and regulations or executive orders by the President that conflict with the CBA while the CBA is in effect unless AFGE is willing to negotiate with VA over the implementation of the rule, regulation, and/or executive order; and

f.  VA being required to negotiate the local effect of changes agreed to in national negotiations, requiring extensive negotiations and delays before the VA can make changes to employee working conditions.

9)  Despite VA's timely notification on May 19, 2026, of the Department's intent to renegotiate the parties' CBA to meet the Department's mission-related needs, AFGE has engaged in dilatory tactics and delayed meeting, thereby preventing the commencement of CBA negotiations within the timeframe specified by the CBA. Specifically, AFGE refused to meet to engage in ground rules bargaining until July 14, 2026, which was twenty-five (25) days after the contractual deadline to commence bargaining. As a result, the parties' CBA will expire on August 8, 2026.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 4, 2026.

MARK ENGELBAUM
Digitally signed by MARK ENGELBAUM
Date: 2026.08.04 16:33:07 -04'00'

Mark R. Engelbaum

3

| | |
|---|---|
| **From:** | Martin, Kurt P. |
| **To:** | Kellee@afge.org |
| **Cc:** | MJ Burke; Picerno, Michael G. |
| **Subject:** | VA/AFGE 2023 MCBA Reopener and Initial Ground Rules |
| **Date:** | Tuesday, May 19, 2026 10:26:00 AM |
| **Attachments:** | AFGE MCBA Renegotiation Letter_05.19.26.pdf |
| | VA_AFGE_Proposed Ground Rules_Agency1_5.19.26.docx |

Good afternoon Dr. Kelley –

Please see the attached letter reopening the parties' 2023 MCBA for renegotiations and management's initial ground rule proposals.

Please let me know if you have any questions.

Regards,

Kurt P. Martin
U.S. Department of Veterans Affairs | Office of Labor-Management Relations (LMR)

Tel: (202) 809-7741 | Email: Kurt.Martin@va.gov
Was LMR helpful today?
Please let us know by completing our LMR Customer Satisfaction Survey:
LMR Customer Satisfaction Survey

This e-mail (including any attachments) may contain information that is private, confidential, or protected by law.  If you received this e-mail in error, you are notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately and destroy the e-mail and any attachments.

GOVERNMENT EXHIBIT

**2**

Defs.' App'x 4



**U.S. Department of Veterans Affairs**

Assistant Secretary for Human Resources and Administration
Washington DC 20420

May 19, 2026

Dr. Everett B. Kelley
National President
American Federation of Government Employees
80 F Street, NW
Washington, DC 20001

Dear Dr. Kelley:

This letter is regarding the 2023 master collective bargaining agreement (MCBA) between the Department of Veterans Affairs (VA or Department) and the American Federation of Government Employees (AFGE). I am providing timely notice of VA's intent to renegotiate the MCBA.

Pursuant to the Duration of Agreement, the MCBA has a 3-year term with a terminal date of August 8, 2026, (terminal date) and provides that negotiations shall begin within 30 days of such notice to renegotiate. The Department is prepared to begin bargaining within that timeframe and to proceed expeditiously toward renegotiating a successor agreement.

By operation of Executive Order (EO) 14251, as of the terminal date, the 2023 MCBA or any successor agreement will only extend to employees in positions that remain covered by Chapter 71 of title 5 of the United States Code (Labor Statute) (this is, employees exempted from EO 14251 (Exempted Employees)) and will not extend to employees whose positions are excluded from the Labor Statute's coverage (that is, Non-Exempted Employees). The MCBA cannot legally be extended or applied beyond the terminal date to Non-Exempted Employees because the only legal authority for the MCBA is the Labor Statute and the MCBA cannot exist outside the Labor Statute's statutory framework. If AFGE interprets the Rhode Island District Court's Orders in conjunction with EO 14251 differently, please advise VA of your position no later than May 26, 2026.

Michael Picerno, Senior Advisor, Office of the Secretary, has been designated as the Department's Chief Negotiator for these negotiations. Please identify an AFGE representative he should contact regarding negotiations as soon as possible, but no later than 5 business days after the date of this letter.

Please ensure any future correspondence concerning this matter is directed to Mr. Picerno at Michael.Picerno@va.gov.

Sincerely,

MARK ENGELBAUM
Digitally signed by MARK ENGELBAUM
Date: 2026.05.19 09:39:42 -04'00'

Mark R. Engelbaum



GOVERNMENT EXHIBIT

3

Defs.' App'x 5

**Initial Agency Proposal (A1)**
**5/19/2026**

**Ground Rules Memorandum of Understanding between the Department of Veterans Affairs (Department or VA) and American Federation of Government Employees (AFGE)**

**<u>Section 1: Purpose</u>**

A.     This Memorandum of Understanding (MOU) constitutes the entire understanding and agreement between the Department of Veterans Affairs (VA, Department, or Agency) and American Federation of Government Employees (AFGE or Union) (referred to collectively as the Parties) for conducting negotiations of a Master Collective Bargaining Agreement (MCBA or Agreement).

**<u>Section 2: Participants</u>**

A.     <u>Bargaining Team</u>: Neither Party may have more than five (5) team members, including their Chief Negotiator, at any negotiation session or impasse proceeding. Each Party shall designate its own Bargaining Team members. Each Party must serve, in writing by email, the names, location, and contact information of their respective Bargaining Team members within ten (10) calendar days of the effective date of this MOU. To minimize disruption to organizational operations, AFGE Bargaining Team members who are Bargaining Unit Employees cannot come from the same healthcare system or facility.

B.     <u>Chief Negotiator</u>: Each Party will designate a Chief Negotiator. Only the respective Chief Negotiators, or their designated alternates, have the authority to bind their respective Party on the finality of an Article. Chief Negotiators will provide leadership to and be responsible for the conduct of their Bargaining Team including alternates. Each Chief Negotiator or designated alternate Chief Negotiator will be individually responsible for maintaining professional decorum and order during all discussions, calling caucuses, reaching agreements on contract language, initialing, dating and signing agreed-upon Articles, maintaining communication between the Parties between negotiating sessions, requesting assistance, and any other logistical issues.

C.     <u>Alternates</u>: Either Chief Negotiator may substitute alternates for any members of his or her Bargaining Team at his or her discretion, including the role of Chief Negotiator. Alternates will attend negotiating sessions only when they are replacing a Bargaining Team member and will have full authority for the member they replace. The Union must provide the Department's Chief Negotiator, in writing by email, the names, location, and contact information of their respective Alternates within ten (10) calendar days of the effective date of this MOU. Additionally, AFGE's Chief Negotiator will provide written notice to the Department's Chief Negotiator at least one week prior to the scheduled negotiation session when an AFGE alternate will be a bargaining unit em

D.     <u>Note-takers</u>: Each Party may designate a Note-taker to take notes and ma the negotiations. Note-takers are one (1) of the five (5) Bargaining Team

1

GOVERNMENT EXHIBIT

4

**Initial Agency Proposal (A1)**
**5/19/2026**

each Party's respective Bargaining Team and may participate as a Bargaining Team member at the bargaining table during negotiations. Each Party is responsible for making and keeping its own notes and records and may use electronic transcription tools to do so.

E.    Subject Matter Experts (SMEs): SMEs must be mutually agreed upon two (2) business days in advance by the Chief Negotiators. SMEs are not bargaining team members and are required to abide by these ground rules. SMEs who are VA employees will be on duty time.

F.    The Parties will neither disclose nor cause to be disclosed in a public forum (e.g., informational picketing, media outlets, social media, etc.) any Agency or Union proposals, nor quote or paraphrase any Agency or Union officials from any bargaining sessions, nor use any bargaining team member's name, image, or likeness without their consent. This is not intended to prevent or limit the Parties from disclosing bargaining matters that are routinely disclosed to third parties such as the FLRA or FSIP in the normal course of bargaining.

**Section 3: Bargaining Location and Schedule**

A.    All bargaining will be conducted virtually on Microsoft Teams or equivalent virtual platform as determined by the Department. All Bargaining Team members will appear on camera throughout the duration of each negotiation session in a private setting that prevents the disclosure of information during negotiations.

B.    Bargaining will commence on the first Monday following the exchange of proposals. Unless mutually agreed otherwise, the Parties will meet for two (2) consecutive weeks of table bargaining followed by a one (1) week interval away from the table until they reach agreement, are declared at impasse, or 120 calendar days have passed from the first day of bargaining, inclusive of federal holidays and weekends, at which time bargaining shall terminate, whichever event occurs first. The Parties will not bargain on a federal holiday.

C.    The schedule for bargaining shall be Monday through Friday (first week in cycle), Monday through Thursday (second week in cycle), 10 a.m. to 5 p.m., Eastern Time.

D.    Breaks: One (1) hour lunch breaks will be by mutual agreement of the Chief Negotiators. Comfort breaks will be determined by the Chief Negotiators. Upon mutual agreement of the Chief Negotiators, the Parties may work later than 5:00 pm. The Parties agree that the bargaining team members that are bargaining unit employees are not entitled to overtime or compensatory time.

E.    Bargaining sessions may be abbreviated, extended, terminated, or rescheduled by mutual agreement of the Chief Negotiators.

**Section 4: Proposals**

2

Defs.' App'x 7

**Initial Agency Proposal (A1)**
**5/19/2026**

A.    Either Party may propose to reopen any existing Articles in the Master Agreement, propose to rollover any existing Articles, propose no more than two new Articles not found in the 2023 Master Agreement, or propose that Articles in the 2023 Master Agreement not appear in the new Master Agreement.

B.    All proposals will only contain the rights and obligations of the Parties, not otherwise provided for in law, rule, regulation, or policy, and will not contain aspirational or hortatory language, statements of purpose, policy or intent. While law, rule, regulation, or policy may not be restated or paraphrased in a proposal, it may be referenced when a party proposes negotiable procedures and appropriate arrangements related to it.

C.    Each Party will submit a complete set of electronic proposals in Microsoft Word format no later than thirty (30) calendar days following the effective date of this MOU. No new proposals shall be issued after that deadline, except upon mutual agreement by the Chief Negotiators.

D.    If a Party desires to roll over an existing Article with no changes, it will submit the existing Article as a part of its proposals in Section 4(C).


**Section 5: Procedures**

A.    General:

    1.    Bargaining Method: All bargaining will be traditional.

    2.    Caucuses: The Bargaining Team requesting a caucus (i.e., caucusing team) will leave the virtual negotiation session. The caucusing team will notify the other team no less than five (5) minutes before rejoining the negotiation session. Each Party will make every effort to restrict the number of caucuses and will provide a reasonable estimate on the anticipated length of the caucus. No caucus will exceed one (1) hour unless the Chief Negotiators mutually agree otherwise. Chief Negotiators will ensure that the timing, number, and length of caucuses are reasonable, necessary, and used effectively.

B.    Bargaining Procedures:

    1.    Before presenting an Article, each party will identify the next Article it intends to open and present for negotiation (the on-deck article).

    2.    Each party will present its opened Article and have one Article open at a time for negotiation (for a total of 2 Articles being open for discussion at the table - one Agency-introduced article, one Union-introduced Article). The Parties will continue negotiating on an open Article until negotiations are complete - i.e., they either reach agreement or determine there is no further movement on the Article. Once

3

Defs.' App'x 8

**Initial Agency Proposal (A1)**
**5/19/2026**

negotiation of an open Article has completed, the Party that introduced the Article will then present its next Article, following the same process. This procedure will continue until all Articles have been negotiated. Each proposed Article will be presented before any discussion on its substance takes place. Neither Party will read the Article aloud during its presentation.

3.    Presentation of Articles during Bargaining: Proposals and counter proposals will be identified as either Union or Agency, dated, and numbered successively. The Party presenting the proposal or counter proposal will project it on the Teams screen, explain it, and provide the meaning of the proposed language. Prior to presenting any counter proposals, the presenting Chief Negotiator will email the other Party's Chief Negotiator a copy of the counter proposal.

4.    Memorializing Agreements on Articles: The Parties will indicate "Parties agree MM/DD/YY" and highlight the phrase at the end of each section of any agreed upon language in their respective counter proposal(s). Agreement is reached on an Article when the Parties have agreement on all proposals in the Article, excluding any proposal pending collateral third-party action or review consistent with Section 7 below. When agreement is reached on an Article, the Microsoft Word document will then be saved and labeled as "Agreement" and dated by the presenting Party and emailed to the opposing Party's Chief Negotiator during the negotiation session. The presenting Chief Negotiator or designee will then convert the Microsoft Word document to an Adobe.pdf document. The presenting Chief Negotiator will initial, date and sign the .pdf document. After signing, the presenting Chief Negotiator or designee will email the signed .pdf document to the opposing Chief Negotiator. The opposing Chief Negotiator will initial, date, and sign the .pdf document, and the opposing Chief Negotiator or designee will email the final version of the agreement to the presenting Chief Negotiator. The Chief Negotiators will initial and sign the agreed to Articles without using PIV credentialing. No signed Article may be reopened without mutual consent of both Parties.

5.    After the Parties reach agreement on all Articles, the Agency will compile and transmit the agreement to the Union. The Chief Negotiators or designees will meet to conduct a review of the Agreement for grammar, spelling, formatting, and to ensure all agreed upon language is included, not to exceed five (5) business days following transmittal. The Agreement will be emailed to both Bargaining Teams upon completion.

**Section 6: Mediation Procedures**

A.    The Parties shall engage in concentrated mediation with an FMCS mediator for a period of up to two weeks, to occur no later than the final two scheduled bargaining weeks of the 120-day period.

4

Defs.' App'x 9

**Initial Agency Proposal (A1)**
**5/19/2026**

B.   Mediation shall be conducted virtually on dates and at times established by the mediator. The Parties shall maintain full availability for mediation sessions consistent with, at a minimum, the bargaining schedule set forth in Section 3.

### Section 7: Ground Rule and Bargaining Disputes

A.   Ground Rule disputes: Disputes arising under this MOU concerning the interpretation of these Ground Rules shall not extend any timelines in the MOU.

B.   Negotiability: If unable to resolve a negotiability issue, the Union may request, or the Agency may provide on its own accord, a written assertion of non-negotiability. If the Union files a negotiability appeal with the Federal Labor Relations Authority (FLRA), it must do so within fifteen (15) days of receipt of the Agency's written assertion. While any such petition is pending, the Parties will continue bargaining on all other proposals. The Parties will commence bargaining on the proposal within five (5) business days of the negotiability dispute being resolved, consistent with the bargaining schedule.

C.   Collateral third-party actions: A third-party action filed by either Party concerning these negotiations, including any negotiability disputes or impasse proceedings, will not delay further bargaining while the action is pending, except by mutual agreement. Additionally, any proposal, provision, or Article being disputed before a third party will be severed from all other agreed to proposals, provisions, and Articles. All other agreed to proposals, provisions, and Articles will constitute the entire Agreement between the Parties, subject only to Agency Head Review. If a third party orders the Parties back to the table to negotiate over a disputed proposal, provision, or Article, the Parties agree to begin negotiations on the disputed proposal, provision, or Article within five (5) business days of the order. The Parties agree to amend and incorporate into the Agreement any subsequently agreed to or ordered proposals, provisions, or Articles, subject only to Agency Head Review. Amending the Agreement to incorporate newly agreed to or ordered proposals, provisions, or Articles will not change the effective date of the MCBA.

### Section 8: Execution of the Final Agreement

A.   Within five (5) business days of transmittal of the Agreement to the Bargaining Teams as described in Section 5(B)(5), the Chief Negotiators will execute the Agreement.

B.   Upon the effective date of the Agreement, all other existing local and national collective bargaining agreements and past practices between the Parties terminate.

### Section 9: Effective Date of Ground Rules MOU

5

**Initial Agency Proposal (A1)**
**5/19/2026**

A.   This MOU is effective upon execution (signed and dated) by both Parties. The Chief Negotiators may amend any provision of this MOU by mutual written consent.

B.   Upon the effective date of these ground rules, further local supplemental negotiations and agreements are prohibited. Bargaining over Agency-initiated changes may continue as appropriate, i.e., only those changes that trigger a statutory duty to bargain under the Federal Service Labor-Management Relations Statue (FSLMRS).

Defs.' App'x 11

| | |
|---|---|
| **From:** | Everett Kelley |
| **To:** | Martin, Kurt P. |
| **Cc:** | MJ Burke; Picerno, Michael G. |
| **Subject:** | [EXTERNAL] Re: VA/AFGE 2023 MCBA Reopener and Initial Ground Rules |
| **Date:** | Wednesday, May 27, 2026 8:59:45 AM |

Mr. Martin,

We are in receipt of the May 19 letter from Mark Engelbaum. The negotiation of any successor term agreement must comply with the terms of the VA/AFGE Master Agreement, including the Duration of Agreement article. We do not agree with the contention that the VA/AFGE Master Agreement or the negotiation of a successor term agreement would only apply to "exempt" employees as interpreted by VA. Due to the holiday weekend, we are still developing a formal response and will provide one next week. In the meantime, please continue to direct all correspondence concerning this matter to NVAC President MJ Burke and myself. Thank you.

Sincerely,

Everett Kelley

---

**From:** Martin, Kurt P. <Kurt.Martin@va.gov>
**Sent:** Tuesday, May 19, 2026 11:26 AM
**To:** Everett Kelley <Kellee@afge.org>
**Cc:** MJ Burke <mjburke@afgenvac.org>; Picerno, Michael G. <Michael.Picerno@va.gov>
**Subject:** VA/AFGE 2023 MCBA Reopener and Initial Ground Rules

Good afternoon Dr. Kelley –

Please see the attached letter reopening the parties' 2023 MCBA for renegotiations and management's initial ground rule proposals.

Please let me know if you have any questions.

Regards,



Kurt P. Martin



Defs.' App'x 12

U.S. Department of Veterans Affairs | Office of Labor-Management Relations (LMR)

Tel: (202) 809-7741 | Email: Kurt.Martin@va.gov
Was LMR helpful today?
Please let us know by completing our LMR Customer Satisfaction Survey:
LMR Customer Satisfaction Survey

This e-mail (including any attachments) may contain information that is private, confidential, or protected by law.  If you received this e-mail in error, you are notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately and destroy the e-mail and any attachments.

Defs.' App'x 13

| | |
|---|---|
| **From:** | Picerno, Michael G. |
| **To:** | kellee@afge.org; mjburke@afgenvac.org |
| **Cc:** | Martin, Kurt P. |
| **Subject:** | invitation to |
| **Date:** | Friday, May 29, 2026 2:22:18 PM |

*Good afternoon, Dr. Kelley and Ms. Burke,*

*Thank you for your response.*

*We continue to assert that, by operation of EO 14251, as of the terminal date, any collective bargaining agreement between AFGE and VA (Agreements) will not extend to employees whose positions are excluded from the Labor Statute's coverage (Non-Exempted Employees), as the only legal authority for these Agreements is the Labor Statute and they cannot exist outside of that statutory framework.*

*Our contract stipulates that negotiations must commence no later than June 18, 2026. The Agency is ready to move forward and begin ground rules negotiations. We are prepared to meet virtually Monday through Friday, from 9 a.m. to 5 p.m. EDT, starting Monday, June 1st, and continuing on this schedule until negotiations are complete.*

*Please let us know whether you are available to meet starting June 1st. If not, please provide an alternate date next week. Once confirmed, I will send a Teams invite. The Agency plans to have a total of five bargaining team members.*

*Looking forward to your reply.*

*Sincerely,*

*Mike Picerno*
Chief Negotiator
Senior Advisor
Department of Veterans Affairs
202 368 0518



GOVERNMENT EXHIBIT

6

Defs.' App'x 14

| From: | Picerno, Michael G. |
|---|---|
| To: | Riske, Jacob S. |
| Subject: | FW: Ground Rules Bargaining Arrangements |
| Date: | Tuesday, June 9, 2026 1:38:36 PM |
| Attachments: | Ground Rules Bargaining Arrangements.pdf |
| Importance: | High |

**From:** Amy Morgan <Amy.Morgan@afge.org>

**Sent:** Friday, June 5, 2026 10:34 AM

**To:** Picerno, Michael G. <Michael.Picerno@va.gov>

**Cc:** MJ Burke <mjburke@afgenvac.org>

**Subject:** [EXTERNAL] Ground Rules Bargaining Arrangements

**Importance:** High

Greetings Mr. Picerno,

On behalf of NVAC President Burke, please see the attached letter regarding ground rules bargaining arrangements.

Thank you.

--

Amy Morgan

Confidential Legal Assistant, National VA Council

Office of the General Counsel

American Federation of Government Employees, AFL-CIO

This message may contain confidential attorney-client privileged information and/or confidential attorney work-product. Only an intended recipient of this message is authorized to view, retain, or otherwise use its contents, including any attachments and/or metadata. If you are not an intended recipient, please notify the sender immediately and delete this message without reading, printing, or otherwise preserving or disseminating its contents.

GOVERNMENT EXHIBIT

**7**

Defs.' App'x 15



**NATIONAL VETERANS AFFAIRS COUNCIL**
American Federation of Government Employees
Affiliated with the AFL-CIO

*Out of Many/One Union*
AFGE NVAC / AFL-CIO

June 5, 2026

Michael Picerno
Chief Negotiator
Department of Veterans Affairs
Michael.Picerno@va.gov

      RE:     Ground Rules Bargaining Arrangements

Dear Mr. Picerno:

      Thank you for your email dated May 29, 2026. The Union appreciates the Department's readiness to move forward with negotiations over a successor term agreement, and we share your commitment to a productive and timely process. In accordance with Section 4 of the Duration of Agreement Article of the Master Agreement, and as outlined in Article 47, we are eager to establish mutually agreeable ground rules to ensure a smooth negotiation process.

      We recognize that the Department initiated negotiations by submitting its ground rules proposals with its Notice to Reopen dated May 19, 2026. With the negotiation initiation timeline now satisfied, there remain several important matters, either not addressed by Article 47 or explicitly left to the Parties' agreement, that require our joint attention.

      Regarding bargaining team composition, we note your plan to include five Department representatives. Given the complexity and number of issues raised in this successor agreement negotiation, we believe it is both reasonable and necessary for the Union to have six negotiators for the ground rules discussions. This approach is consistent with the number the Union had during the negotiations of ground rules for the renegotiation of the 2011 Master Agreement.

      On the matter of meeting format, Article 47 clearly provides for face-to-face negotiations with the Department responsible for travel and per diem. While we understand the convenience of virtual meetings, the Parties are under no obligation to bargain virtually. We believe the purpose of in-person negotiations is important for us to reach agreement. Therefore, we insist on adherence to the contractual requirement for face-to-face sessions. To facilitate this, we propose alternating meeting locations between the Veterans Affairs Central Office and the American Federation of Government Employees' Headquarters, both of which are in Washington, DC. Additionally, we request that the host party provide a private



PO Box 2209 Salem, VA 24153 · (540) 345-6301

GOVERNMENT EXHIBIT 8

Defs.' App'x 16

caucus room for the visiting party, separate from the main (Department/Union) negotiation room, to allow for confidential discussions as needed. We also propose that both rooms (i.e., the negotiation room and the caucus room) be equipped with a projector and the necessary equipment to facilitate the presentation of proposals.

Given the travel involved, it is essential that we agree on practical dates and times. The proposed start date of June 1st is, among other things, not feasible due to travel logistics. However, we are open to your suggestion of an 8-hour day instead of the 8-1/2 hour days including a break for lunch listed in Article 47. We are also amenable to a 9am/5pm start and stop time, which aligns with our mutual interests. To further accommodate travel, we propose negotiating ground rules Tuesday through Thursday, with travel on Monday and Friday at a frequency of one week per month. We suggest discussion of dates beginning in July or August 2026.

Finally, as provided in Article 47, when traditional bargaining is used, the Union's written proposals will be submitted prior to bargaining. We propose to provide our written initial proposals within 24 hours of the commencement of the first bargaining session, ensuring both Parties have adequate time for review and preparation.

We are confident that, by working together in good faith and adhering to established agreements, we can reach accord on these arrangements promptly. We look forward to your response and to a successful negotiation process.

Sincerely,

Mary Jean Burke
President and Chief Negotiator
National VA Council #53

Defs.' App'x 17

| | |
|---|---|
| **From:** | Picerno, Michael G. |
| **To:** | Riske, Jacob S.; Roath Schule, Alexandra K. (OGC) |
| **Subject:** | FW: Ground rules Negotiations |
| **Date:** | Wednesday, June 10, 2026 11:42:14 AM |
| **Attachments:** | VA AFGE Ground rules response.docx |

**From:** Picerno, Michael G.
**Sent:** Wednesday, June 10, 2026 11:13 AM
**To:** mjburke@afgenvac.org
**Cc:** Amy.Morgan@afge.org; Martin, Kurt P. <Kurt.Martin@va.gov>
**Subject:** Ground rules Negotiations

Dear MJ;

Please see the Department's response to your latest communication regarding ground rules negotiations.  Looking forward to your reply and commencing negotiations.

Sincerely,

Michael Picerno
Senior Advisor
Office of the Secretary
Department of Veterans Affairs
Cell 202 368 0518

GOVERNMENT EXHIBIT

9

Defs.' App'x 18

Dear Ms. Burke,

Thank you for your response to the Department's May 19, 2026, MCBA Reopener notice and related May 29, 2026, email. The Department continues to assert the arguments raised in those communications and is prepared to bargain in good faith consistent with the Department's prior communications on this matter. Further, nothing in this letter constitutes a waiver of any right or argument the Department has asserted or may assert in any forum.

The Department does not agree with the Union's position that Article 47 requires face-to-face in-person negotiations or that any language within Article 47 discussing face-to-face in person negotiations is applicable to ground rules negotiations for a term agreement. Rather, the contract is clear that only the scheduling provisions found in Article 47 relate to term bargaining (i.e., those found in Section 2.F of Article 47). The parties have historically and consistently bargained over all other provisions related to ground rules negotiations for a term agreement, including, but not limited to, whether negotiations occur in person, who pays for travel, and the number of bargaining team members. This historical and consistent practice confirms that Section 4 of the Duration of Agreement was never intended to govern ground rules negotiations wholesale. Indeed, if other provisions of Article 47 applied to ground rules negotiations for term bargaining, the parties would not have negotiated over these matters in the past.

Furthermore, in the Union's June 5, 2026, letter, the Union states it "recognize[s] that the Department initiated negotiations by submitting its ground rules proposals with its Notice to Reopen…" and that this action "satisfied" the "negotiation initiation timeline." While the intent of the Union's statement is somewhat unclear, it appears to be a reference to the Duration of Agreement's requirement that "[n]egotiations shall begin no later than 30 days after" one party gives timely notice to the other "… of its intention to renegotiate this Agreement…." To the extent the Union is asserting the parties have already satisfied this contractual requirement to begin negotiations within 30 days, this assertion is incorrect. The FSLMRS defines collective bargaining, or negotiating, as one of mutual performance to meet and consult in a good-faith effort to reach agreement. Neither the Department's May 19, 2026, email correspondence to renegotiate the contract, nor AFGE's responses to that email satisfy this statutory requirement or the requirements within the MCBA. To satisfy these statutory and contractual requirements, the parties must meet and engage substantively over ground rules proposals on or before June 18, 2026.

The Department further notes many of the Union's specific proposals in its June 5, 2026, letter are inconsistent with the statutory obligation to "meet at reasonable times and convenient places as frequently as may be necessary and to avoid unnecessary

GOVERNMENT EXHIBIT
10

Limiting negotiations to one three-day in-person session per month, refusing virtual face-to-face bargaining despite acknowledging its convenience, and deferring scheduling discussions to July or August are not consistent with the statutory obligation to bargain in good-faith, particularly given the June 18 contractual deadline for initiating negotiations.

Notwithstanding the objections raised above, the Department will agree to bargain 3 weeks per month on the following cadence until the parties reach agreement or impasse:

- In-Person bargaining (at VACO), Monday, June 15, 1 p.m. to 5 p.m., Tuesday, June 16 – Wednesday, June 17, 9 a.m. to 5 p.m. EDT

- Virtual bargaining, Monday, June 22 – Friday, June 26, 9 a.m. to 5 p.m. EDT

- Virtual bargaining, Monday, July 6 – Friday, July 10, 9 a.m. to 5 p.m. EDT

- In-Person bargaining (at AFGE), Tuesday, July 14 – Thursday, July 16, 9 a.m. to 5 p.m. EDT

- Virtual bargaining, Monday, July 20 – Friday, July 24, 9 a.m. to 5 p.m. EDT

- Virtual bargaining, Monday, July 27 – Friday, July 31, 9 a.m. to 5 p.m. EDT

Regarding the in-person sessions proposed by the Department above, the Department agrees with the Union's suggestions related to the availability of a caucus room separate from the main negotiation room and the suggestions related to the equipment furnished in each room. The Department also agrees to the Union's suggestion that the Union submit written proposals no later than 24 hours prior to the parties' initiation of negotiations. Finally, while the Department only intends to bring up to five bargaining team members to the negotiations, it does not object to the Union's request to bring up to six representatives with each party responsible for its own travel for all in-person sessions.

Please provide a response by Friday, June 12, 2026. We look forward to commencing negotiations.


Michael Picerno

Chief Negotiator

Senior Advisor

Office of the Secretary

Department of Veterans Affairs

**From:** Amy Morgan <Amy.Morgan@afge.org>
**Sent:** Friday, June 12, 2026 9:56 AM
**To:** Picerno, Michael G. <Michael.Picerno@va.gov>
**Cc:** MJ Burke <mjburke@afgenvac.org>
**Subject:** [EXTERNAL] Ground Rules Bargaining Arrangements
**Importance:** High

Greetings Mr. Picerno,

On behalf of NVAC President Burke, please see the attached letter regarding ground rules bargaining arrangements.

Thank you.

--

Amy Morgan

Confidential Legal Assistant, National VA Council

Office of the General Counsel

American Federation of Government Employees, AFL-CIO

This message may contain confidential attorney-client privileged information and/or confidential attorney work-product. Only an intended recipient of this message is authorized to view, retain, or otherwise use its contents, including any attachments and/or metadata. If you are not an intended recipient, please notify the sender immediately and delete this message without reading, printing, or otherwise preserving or disseminating its contents.

GOVERNMENT
EXHIBIT

11

Defs.' App'x 21



AFGE National VA Council

# NATIONAL VETERANS AFFAIRS COUNCIL

American Federation of Government Employees

Affiliated with the AFL-CIO

*Out of Many/***One Union**

AFGE NVAC / AFL-CIO

June 12, 2026

Michael Picerno
Chief Negotiator
Department of Veterans Affairs
Michael.Picerno@va.gov

   RE: Ground Rules Bargaining Arrangements

Dear Mr. Picerno,

  Thank you for your June 10, 2026 correspondence and for stating your willingness to move forward in good faith on several important aspects of our arrangements for ground rules negotiations. Your letter appears to confuse ground rules negotiations with what we are currently engaged in, which is discussion of the arrangements for ground rules negotiations, what we like to call ground rules for ground rules. We are discussing how we will negotiate the ground rules.

  To that end, we appreciate the Department's agreement to: provide a separate caucus room; ensure necessary equipment in both rooms; receive the Union's submission of written initial proposals no later than 24 hours prior to the Parties' first ground rules negotiations session; and, allow the Union to bring up to six representatives to the table for ground rules negotiations. These agreements reflect our shared commitment to a productive and respectful bargaining process.

  We must dispute the Department's interpretation of the Master Agreement regarding arrangements for ground rules negotiations. The Union disagrees with the Department's narrowing of the term "arrangements" to mean "only scheduling provisions." The language of the Duration of Agreement Article explicitly uses "arrangements," and requires that they be in accordance with Article 47. Article 47 encompasses several logistical and procedural matters, including face-to-face negotiations and travel, paid for by the Department. This interpretation is not only consistent with the plain language of the Master Agreement but is also supported by the precedent for the Parties' prior ground rules negotiations, including for the renegotiation of the 1997 Master Agreement and 2011 Master Agreement.

  Further, we also dispute your assertion that we have not already satisfied the requirement in the Duration of Agreement Article to begin negotiations "no later than 30 days" after a party provides notice to of its intention to renegotiate the Master Agreement. The Department provided its ground rules proposals contemporaneously with its May 19, 2026 Notice to Renegotiate the Master Agreement. Then, on May 29, 2026, you sent us an email with your opening proposals for the arrangements governing ground rules negotiations. On June 5, 2026, the Union provided responsive proposals. Therefore, we have satisfied the contractual requirement to begin negotiations within 30 days. While Section 3 - Reopener of the Duration of the Agreement Article



PO Box 2209 Salem, VA 24153 · (540) 345-6301

GOVERNMENT EXHIBIT 12

Defs.' App'x 22

requires the Parties to "meet" within 30 days, that Section applies to mid-term negotiations where the Parties agree to add to, amend, or modify the Master Agreement. That Section does not apply here concerning a renegotiation of the Master Agreement.

The arrangements detailed in Article 47 are intended to ensure a fair and effective bargaining process. Unilateral reinterpretation or disregard for these provisions undermines the integrity of our collective bargaining relations and sets a concerning precedent for pending negotiations. Adherence to these established and agreed upon arrangements is not only a matter of contractual obligation but also of mutual respect and trust between the Parties.

Regarding the scheduling of negotiations, the Statute requires that we meet at reasonable times and places. The Department's proposed schedule provided just five days' notice for in-person bargaining in Washington, DC, with the Union being required to fund travel costs for its representatives. Plainly, this is not reasonable. We are available to meet in person during the week of July 13, 2026, as you offered. We are also available to meet in person during the week of August 10, 2026. Travel will be on Monday and Friday, with bargaining from Tuesday through Thursday from 9am to 5pm. It appears we have agreement to alternate locations between AFGE and VA Headquarters in Washington, DC for each week-long session. In accordance with Article 47, the Department is required to pay the travel and per diem costs for ground rules negotiations. By suggesting Washington, DC, the Union will only need travel orders for three of our six negotiators.

In conclusion, we urge the Department to honor both the letter and spirit of our Master Agreement and the Statute and to work with us in a manner that upholds the principles of fairness, respect, and collaboration. We look forward to continuing our discussions and reaching mutually agreeable arrangements for ground rules negotiations.

Sincerely,

Mary Jean Burke
President and Chief Negotiator
National VA Council #53

Defs.' App'x 23

| | |
|---|---|
| **From:** | Picerno, Michael G. |
| **To:** | Amy Morgan |
| **Cc:** | MJ Burke; Martin, Kurt P. |
| **Subject:** | RE: Ground Rules Bargaining Arrangements |
| **Date:** | Tuesday, June 16, 2026 1:39:35 PM |

MJ,

Thank you for your June 12 correspondence.

Your letter confirms that the parties remain engaged only in discussions regarding logistical matters for ground rules negotiations—not in the actual negotiation of a ground rules agreement as contemplated by the Statute and the parties' Master Collective Bargaining Agreement.

Your letter characterizes the parties' recent discussions as "the arrangements for ground rules negotiations" and "how we will negotiate the ground rules." You likewise acknowledge that the Union will provide its written initial proposals "no later than 24 hours prior to the Parties' first ground rules negotiation session." Those statements recognize that the first bargaining session has yet to occur.

Discussions concerning logistics or processes are not synonymous with bargaining over an agreement, and the Department's submission of its written proposals does not itself constitute negotiations. Collective bargaining requires bilateral engagement and substantive discussions directed toward reaching an agreement – events which have not yet occurred. Accordingly, the Department disagrees with the Union's assertion that the contractual requirement that negotiations begin within thirty (30) days has been satisfied.

The Department also disagrees with the Union's assertion that Article 47 requires in-person bargaining. Even assuming, for the sake of argument, that Article 47, Section 2.G applied to the instant situation, nothing in that provision—or elsewhere in Article 47—unequivocally requires the parties to bargain in person. The Department has repeatedly offered face-to-face bargaining through a virtual platform that permits immediate negotiations without additional delay.

The Department remains prepared to begin bargaining immediately through virtual face-to-face sessions or another mutually agreeable arrangement that permits the parties to satisfy their statutory and contractual obligations without further delay. If the Union continues to maintain that the parties are merely discussing the ground rules for negotiating ground rules, then the Department requests that the Union immediately provide substantive counterproposals to the Department's ground rules proposal so that negotiations may commence.

The Statute requires bargaining over ground rules; it does not contemplate endless preliminary discussions over how such negotiations will occur.
The Union's current position that negotiations cannot begin unless the parties are physically co-located and its assertion that travel logistics prevent bargaining from

GOVERNMENT EXHIBIT

13

beginning sooner is inconsistent with its own recent conduct. In another pending negotiation, the parties bargained virtually face-to-face on Microsoft Teams. Further, the Union agreed on May 27 and again on May 29 to meet in person the following week. On June 4, the Union further offered availability for in-person bargaining during the weeks of June 15, June 22, and June 29. Yet here, the Union refuses to commence bargaining until the week of July 13. The Department will not agree to unnecessary delay where the parties have recently negotiated using a virtual face-to-face platform, which remains available, and where the Union has demonstrated its ability to travel for in-person negotiations on substantially shorter notice.

The Department also notes that, while the Union invokes principles of fairness and collaboration, it has declined to agree to even a single virtual bargaining session or otherwise demonstrate reciprocal flexibility. In addition, the Union's proposal to bargain only three days per month for ground rules negotiations is inconsistent with the parties' statutory obligation to meet at reasonable times and bargain in good faith without unnecessary delay.

Notwithstanding the aforementioned, and in the interest of beginning negotiations immediately, the Department agrees to pay the travel and per diem for three Union representatives to negotiate ground rules in accordance with the following schedule:

- In-Person bargaining (at VACO), Tuesday, June 23 – Thursday, June 25, 9 a.m. to 5 p.m. EDT
- Virtual bargaining, Monday, June 29 – Thursday, July 2, 9 a.m. to 5 p.m. EDT
- In-Person bargaining (at AFGE), Monday, July 6 – Thursday, July 9, 9 a.m. to 5 p.m. EDT
- Virtual bargaining, Monday, July 20 – Friday, July 24, 9 a.m. to 5 p.m. EDT
- In-Person bargaining (at VACO), Monday, July 27 – Thursday, July 30, 9 a.m. to 5 p.m. EDT
- Virtual bargaining, Monday, August 3 – Friday, August 7, 9 a.m. to 5 p.m. EDT

Please identify the three union representatives who will require travel and per diem and confirm your agreement to this negotiation schedule no later than noon EDT tomorrow, so travel arrangements can be made.

If the Union believes this time is insufficient to finalize travel arrangements for the June 23 negotiation session, the Department's standing offer to bargain through a virtual face-to-face platform remains available. Any additional delay in commencing negotiations therefore rests solely with the Union's refusal to utilize that available format.

I look forward to hearing from you and commencing negotiations

Yours

Michael Picerno

Chief Negotiator
Senior Advisor
Office of the Secretary
202 268 0518

---

**From:** Amy Morgan <Amy.Morgan@afge.org>
**Sent:** Friday, June 12, 2026 9:56 AM
**To:** Picerno, Michael G. <Michael.Picerno@va.gov>
**Cc:** MJ Burke <mjburke@afgenvac.org>
**Subject:** [EXTERNAL] Ground Rules Bargaining Arrangements
**Importance:** High

Greetings Mr. Picerno,

On behalf of NVAC President Burke, please see the attached letter regarding ground rules bargaining arrangements.

Thank you.

--

Amy Morgan

Confidential Legal Assistant, National VA Council

Office of the General Counsel

American Federation of Government Employees, AFL-CIO

This message may contain confidential attorney-client privileged information and/or confidential attorney work-product. Only an intended recipient of this message is authorized to view, retain, or otherwise use its contents, including any attachments and/or metadata. If you are not an intended recipient, please notify the sender immediately and delete this message without reading, printing, or otherwise preserving or disseminating its contents.

| | |
|---|---|
| **From:** | Picerno, Michael G. |
| **To:** | Riske, Jacob S.; Minnich, Jessica R., VBAVACO; Flatley, Steven J. (WMC) |
| **Subject:** | FW: Ground Rules Bargaining Arrangements |
| **Date:** | Wednesday, June 17, 2026 1:31:24 PM |
| **Attachments:** | 2026 06 17 Ground Rules Bargaining Arrangements.pdf |
| **Importance:** | High |

**From:** Amy Morgan <Amy.Morgan@afge.org>
**Sent:** Wednesday, June 17, 2026 1:06 PM
**To:** Picerno, Michael G. <Michael.Picerno@va.gov>
**Cc:** MJ Burke <mjburke@afgenvac.org>; Martin, Kurt P. <Kurt.Martin@va.gov>
**Subject:** [EXTERNAL] RE: Ground Rules Bargaining Arrangements
**Importance:** High

Greetings Mr. Picerno,

On behalf of NVAC President Burke, please see the attached letter regarding ground rules bargaining arrangements.

Thank you.

--

Amy Morgan

Confidential Legal Assistant, National VA Council

Office of the General Counsel

American Federation of Government Employees, AFL-CIO

This message may contain confidential attorney-client privileged information and/or confidential attorney work-product. Only an intended recipient of this message is authorized to view, retain, or otherwise use its contents, including any attachments and/or metadata. If you are not an intended recipient, please notify the sender immediately and delete this message without reading, printing, or otherwise preserving or disseminating its contents.

**From:** Picerno, Michael G. <Michael.Picerno@va.gov>
**Sent:** Tuesday, June 16, 2026 1:40 PM
**To:** Amy Morgan <Amy.Morgan@afge.org>
**Cc:** MJ Burke <mjburke@afgenvac.org>; Martin, Kurt P. <Kurt.Martin@va.gov>
**Subject:** RE: Ground Rules Bargaining Arrangements

MJ,

GOVERNMENT EXHIBIT

14

Defs.' App'x 27



AFGE National VA Council

## NATIONAL VETERANS AFFAIRS COUNCIL
American Federation of Government Employees
Affiliated with the AFL-CIO

*Out of Many/***One Union**
AFGE NVAC / AFL-CIO

June 17, 2026

Michael Picerno
Chief Negotiator
Department of Veterans Affairs
Michael.Picerno@va.gov

RE:   Ground Rules Bargaining Arrangements

Dear Mr. Picerno:

We have been patient, understanding that you are new to negotiating arrangements and ground rules for a successor agreement with AFGE. However, to be frank, there is no basis for your current disagreements. The Department is wasting time by demanding a meeting that is not required and insisting on violations of the provisions of the Duration of Agreement Article and Article 47. Negotiations must proceed based on mutual agreement of the Parties, yet from the outset, the Department continues to make unilateral demands and ultimatums.

You have started using the term "session" instead of "meeting," but this does not change the outcome. There is no requirement for a session or meeting to occur within 30 days; that requirement applies only to reopeners, not renegotiations. Negotiations cover the entire process, including establishing ground rules, face-to-face bargaining, preparation, facilitation, approved travel time, mediation, impasse, and third-party proceedings. We have already exchanged several proposals about the arrangements for ground rules negotiations. This means we have met the requirements to begin negotiations within 30 days. Now, you seem to be demanding a different timeline for our counterproposals on ground rules. The sooner we schedule our first meeting, the sooner we can provide our proposals.

Article 47 has only a few requirements for negotiating ground rules. One is that meetings must be face-to-face. Another is that the Department must pay travel and per diem. Virtual meetings do not count as face-to-face bargaining. Insisting otherwise is incorrect and shows bad faith. The travel provision in Article 47 would be meaningless if virtual meetings were considered face-to-face bargaining. This face-to-face requirement has been in the Master Agreement since 1997, before virtual bargaining existed. The Department also recognized the difference between virtual and face-to-face meetings during the renegotiation of the 2011 Master Agreement, and the requirement remained unchanged in the 2023 Master Agreement. Therefore, ground rules negotiations must be face-to-face, with the Department paying the travel and per diem costs. This is our final statement on this matter. We have tried to avoid filing a grievance, but your actions leave us no choice.

You have also raised mid-term bargaining. While mid-term bargaining has no relevance in this discussion, we will address it. Obviously, the Union does not use the same t——f————d



PO Box 2209 Salem, VA 24153 · (540) 345-6301

GOVERNMENT
EXHIBIT

**15**

rules negotiations as for mid-term bargaining. We offered to meet face-to-face for mid-term negotiations during the weeks of June 15, June 22, and June 29, so those dates were not also available for ground rules bargaining. The Department's mid-term team has not refused our scheduling offer, and we are ready to meet once travel orders are provided. Thank you for confirming that the Department received our mid-term scheduling offer, is available those weeks, and can produce travel orders quickly, but is simply refusing to do so. This shows the Department is acting in bad faith for mid-term negotiations. We hope this does not also happen with ground rules negotiations.

We do not want to prolong discussions about these ground rules arrangements. We agree on matters where Article 47 is silent (such as locations, timing of counter proposals, rooms, and equipment). We also agree on matters that Article 47 explicitly left open for agreement (the number of negotiators). The only remaining issue is compliance with the requirements for face-to-face bargaining and travel paid for by the Department.

We note that your June 10 correspondence offered the week of July 13 for face-to-face negotiations at AFGE Headquarters in Washington, DC. In our June 12 correspondence, the Union then agreed to face-to-face negotiations during that offered week. Those dates, while not included in your June 16 email, are quickly approaching given the intervening holidays. Please let us know whether the Department will provide the travel orders for that mutually agreeable session, at which time the Union will provide the names of the negotiators who will be traveling to Washington, DC. As we indicated previously, the Union remains available for face-to-face negotiations during the week of August 10. The travel orders will also need to include the procedures for non-VA employees to make travel arrangements and secure reimbursement from the Department.

Sincerely,

Mary Jean Burke
President and Chief Negotiator
National VA Council #53

| From: | Riske, Jacob S. |
|---|---|
| To: | Flatley, Steven J. (WMC); Minnich, Jessica R., VBAVACO |
| Subject: | FW: Ground Rules Bargaining Arrangements |
| Date: | Thursday, June 25, 2026 3:46:10 PM |
| Attachments: | AFGE_Response_06252026.pdf |

Thanks,

Jake

**From:** Picerno, Michael G. <Michael.Picerno@va.gov>
**Sent:** Thursday, June 25, 2026 3:32 PM
**To:** Amy Morgan <Amy.Morgan@afge.org>
**Cc:** MJ Burke <mjburke@afgenvac.org>; Martin, Kurt P. <Kurt.Martin@va.gov>; Riske, Jacob S. <Jacob.Riske@va.gov>
**Subject:** RE: Ground Rules Bargaining Arrangements

Dear MJ;
Please see our attached response and invitation to commence bargaining on ground rules.

Sincerely yours

Michael Picerno

Senior Advisor

Chief Negotiator

Department of Veterans Affairs

**From:** Amy Morgan <Amy.Morgan@afge.org>
**Sent:** Wednesday, June 17, 2026 1:06 PM
**To:** Picerno, Michael G. <Michael.Picerno@va.gov>
**Cc:** MJ Burke <mjburke@afgenvac.org>; Martin, Kurt P. <Kurt.Martin@va.gov>
**Subject:** [EXTERNAL] RE: Ground Rules Bargaining Arrangements
**Importance:** High

Greetings Mr. Picerno,

On behalf of NVAC President Burke, please see the attached letter regarding ground rules bargaining arrangements.

Thank you.

GOVERNMENT
EXHIBIT

**16**

Defs.' App'x 30

June 25, 2026

Good afternoon, MJ,

Thank you for getting back to us. The Department is committed to working in good faith with you to negotiate a successor Master Collective Bargaining Agreement (MCBA) applicable to AFGE-represented employees covered by the Federal Service Labor-Management Relations Statute (the Statute).

The Statute obliges both agencies and unions "to meet at reasonable times and convenient places as frequently as may be necessary, and to avoid unnecessary delays."  5 U.S.C. § 7114(b)(3). Unfortunately, AFGE's actions are inconsistent with faithful fulfillment of this obligation.

Section 2 of the Duration Article of the MCBA provides that negotiations "shall begin no later than 30 days after" either party provides timely notice to renegotiate. On May 19, the Department provided notice to renegotiate.  AFGE refused to meet before the 30-day window closed on June 18. AFGE's contention that exchanging emails discussing "ground rules for ground rules" satisfies the requirement to begin negotiations is not supported by the Statute. Further, the Department's June 10 letter makes clear that it was not waiving this statutory obligation to meet.

Since providing notice to renegotiate in mid-May, the Department has offered to meet the weeks of June 1, June 15, June 22, July 6, July 13, July 20, and July 27. AFGE has in turn offered to meet for three days in mid-July and three days in mid-August. AFGE's conduct does not satisfy statutory requirements to meet as frequently as necessary and avoid unnecessary delays.

In the spirit of compromise and to begin negotiations, and without waiving any right or conceding our position regarding the interpretation and applicability of Article 47 as well as the requirements outlined in the Duration of Agreement article, the Department is prepared to meet in-person to begin negotiating ground rules for a successor agreement. The Department will meet in person at AFGE Headquarters on Tuesday, July 14 through Thursday, July 16 from 9 a.m. to 5 p.m.

The Department will further provide travel orders for the three bargaining representatives AFGE indicated will need to travel to Washington, D.C. Please identify the AFGE members who will be traveling and let us know if all three already have Concur profiles in place. Additionally, please specify the exact location for our meeting at AFGE's Headquarters. Once we receive this information, VA will promptly provide the Instructions to Travel (ITT).

GOVERNMENT
EXHIBIT

**17**

Defs.' App'x 31

AFGE's conduct to date has created the strong impression that the Union is engaging in dilatory tactics. The Department again reiterates its offer and preference to commence negotiations sooner. Specifically, the Department will also be available to negotiate ground rules from 9 a.m. to 5 p.m.  on the following sets of dates:

- Monday, June 29 through Thursday, July 2 (virtually via MS Teams)
- Monday, July 6 through Friday, July 10 (VACO, 811 Vermont Avenue NW, Washington, DC)

The Department has acceded to AFGE's insistence on in-person negotiations, as well as AFGE's request to pay the resultant travel costs. If AFGE remains unwilling to meet sooner than two months after receiving the Department's ground rules proposal the Department will be forced to draw the inference that AFGE is deliberately delaying negotiations. In that event, the Department intends to request Federal Mediation and Conciliation Service (FMCS) assistance during the initial week of bargaining. VA believes that FMCS's expert mediation services would assist in bargaining. To the extent VA is incorrectly imputing dilatory intent to AFGE, a third-party neutral's assistance in the bargaining process could help clear up the misunderstanding.

AFGE can demonstrate good faith by accepting the Department's offer for negotiations on either of the sets of earlier dates enumerated above. Such an act would be a concrete step AFGE can take to accelerate rather than delay negotiations. In the event AFGE demonstrates good faith by participating in negotiations on either of those sets of dates the Department would find it unnecessary to request FMCS assistance during the first week of bargaining. Please advise the Department as to which, if any, additional bargaining sessions you will be participating in.

If further negotiations are necessary after July 16, and if parties have not reached impasse, the Department remains available to meet for in-person negotiations from Monday, July 20 through Friday, July 24, and Monday, July 27 through Friday, July 31, both from 9 a.m. to 5 p.m. EDT.

If you have any questions or need further clarification, please don't hesitate to reach out. We look forward to your response so we can meet to begin negotiations.


Michael Picerno
Senior Advisor

| | |
|---|---|
| **From:** | Picerno, Michael G. |
| **To:** | Martin, Kurt P.; Minnich, Jessica R., VBAVACO; Flatley, Steven J. (WMC); Riske, Jacob S. |
| **Subject:** | FW: Ground Rules Bargaining Arrangements |
| **Date:** | Friday, June 26, 2026 9:19:26 AM |
| **Attachments:** | 2026 06 26 Ground Rules Bargaining Arrangements.pdf |

---

**From:** Amy Morgan <Amy.Morgan@afge.org>

**Sent:** Friday, June 26, 2026 9:05 AM

**To:** Picerno, Michael G. <Michael.Picerno@va.gov>

**Cc:** MJ Burke <mjburke@afgenvac.org>; Martin, Kurt P. <Kurt.Martin@va.gov>; Riske, Jacob S. <Jacob.Riske@va.gov>

**Subject:** [EXTERNAL] RE: Ground Rules Bargaining Arrangements

Greetings Mr. Picerno,

On behalf of NVAC President Burke, please see the attached letter regarding ground rules bargaining arrangements.

Thank you.

--

Amy Morgan

Confidential Legal Assistant, National VA Council

Office of the General Counsel

American Federation of Government Employees, AFL-CIO

This message may contain confidential attorney-client privileged information and/or confidential attorney work-product. Only an intended recipient of this message is authorized to view, retain, or otherwise use its contents, including any attachments and/or metadata. If you are not an intended recipient, please notify the sender immediately and delete this message without reading, printing, or otherwise preserving or disseminating its contents.

---

**From:** Picerno, Michael G. <Michael.Picerno@va.gov>

**Sent:** Thursday, June 25, 2026 3:32 PM

**To:** Amy Morgan <Amy.Morgan@afge.org>

**Cc:** MJ Burke <mjburke@afgenvac.org>; Martin, Kurt P. <Kurt.Martin@va.gov>; Riske, Jacob S. <Jacob.Riske@va.gov>

**Subject:** RE: Ground Rules Bargaining Arrangements

GOVERNMENT EXHIBIT

18

Defs.' App'x 33



AFGE National VA Council

# NATIONAL VETERANS AFFAIRS COUNCIL
## American Federation of Government Employees
### Affiliated with the AFL-CIO

Out of Many/**One Union**
AFGE NVAC / AFL-CIO

June 26, 2026

Michael Picerno
Chief Negotiator
Department of Veterans Affairs
Michael.Picerno@va.gov

          RE:   Ground Rules Bargaining Arrangements


Dear Mr. Picerno:

        To avoid any delay, the travel orders for the week of July 13th need to be for MJ Burke, Barbara Casanova, and Tinita Cole. To my knowledge, only Ms. Cole has a Concur profile and credit card. I do not know if Barb and I still have a Concur profile, so reimbursement will need to be set up. AFGE Headquarters is located at 80 F St. NW, Washington, DC. We will provide a formal response to your remaining requests shortly.



Sincerely,

Mary Jean Burke
President and Chief Negotiator
National VA Council #53

GOVERNMENT
EXHIBIT

**19**

PO Box 2209 Salem, VA 24153 · (540) 345-6301

Defs.' App'x 34

| From: | Martin, Kurt P. |
|---|---|
| To: | Riske, Jacob S.; Flatley, Steven J. (WMC); Minnich, Jessica R., VBAVACO |
| Subject: | FW: Ground Rules Bargaining Arrangements |
| Date: | Tuesday, June 30, 2026 3:35:37 PM |
| Attachments: | 2026 06 30 Response to June 25, 2026 Letter.pdf |
| Importance: | High |

**From:** Amy Morgan <Amy.Morgan@afge.org>

**Sent:** Tuesday, June 30, 2026 2:08 PM

**To:** Picerno, Michael G. <Michael.Picerno@va.gov>

**Cc:** MJ Burke <mjburke@afgenvac.org>; Martin, Kurt P. <Kurt.Martin@va.gov>

**Subject:** [EXTERNAL] RE: Ground Rules Bargaining Arrangements

**Importance:** High

Greetings Mr. Picerno,

On behalf of NVAC President Burke, please find attached a response to your June 25 letter.

Thank you.

--

Amy Morgan

Confidential Legal Assistant, National VA Council

Office of the General Counsel

American Federation of Government Employees, AFL-CIO

This message may contain confidential attorney-client privileged information and/or confidential attorney work-product. Only an intended recipient of this message is authorized to view, retain, or otherwise use its contents, including any attachments and/or metadata. If you are not an intended recipient, please notify the sender immediately and delete this message without reading, printing, or otherwise preserving or disseminating its contents.

**From:** Picerno, Michael G. <Michael.Picerno@va.gov>

**Sent:** Thursday, June 25, 2026 3:32 PM

**To:** Amy Morgan <Amy.Morgan@afge.org>

**Cc:** MJ Burke <mjburke@afgenvac.org>; Martin, Kurt P. <Kurt.Martin@va.gov>; Riske, Jacob S. <Jacob.Riske@va.gov>

**Subject:** RE: Ground Rules Bargaining Arrangements

Dear MJ;

GOVERNMENT EXHIBIT

**20**

Defs.' App'x 35



AFGE National VA Council

# NATIONAL VETERANS AFFAIRS COUNCIL
American Federation of Government Employees
Affiliated with the AFL-CIO

Out of Many/**One Union**
AFGE NVAC / AFL-CIO

June 30, 2026

Michael Picerno
Chief Negotiator
Department of Veterans Affairs
Michael.Picerno@va.gov

      RE:   Response to June 25, 2026 Letter

Dear Mr. Picerno:

      Your letter dated June 25, 2026 accuses the Union of engaging in dilatory tactics and failing to meet statutory obligations to bargain in good faith. These accusations are baseless and contradicted by our documented communications since the Department's May 19 Renegotiation Notice and the requirements of both the Master Agreement and the Federal Service Labor-Management Relations Statute ("Statute").

      You have now moved from the contractual requirement of beginning negotiations within 30 days to the statutory requirement to meet at reasonable times. Your shifting justifications do little to change the outcome that the Union has acted in good faith and met all contractual and statutory requirements. We promptly responded to the Department's Renegotiation Notice as evidenced by our letters on June 5, June 12, and June 17. We reached agreement on the ground rules team composition, submission of proposals, and room requirements. We repeatedly sought to reach agreement on the scheduling of meetings, while the Department sought to dictate a format contrary to the parties' agreement as outlined in the Master Agreement.

      As you know, the Union represents a national bargaining unit of hundreds of thousands of VA employees, and negotiations require travel and coordination among multiple representatives. Where schedules are planned six months to a year in advance, the ability to assemble a bargaining team for a subject of this magnitude, coordinate schedules, and meet within 60 days is plainly above and beyond what should be reasonably expected under these circumstances. It is also consistent with the logistical realities of national-level bargaining. The Union's Ground Rules Team consists of the highest elected officials of the Union, who have significant commitments and responsibilities. The Department's demand for immediate meetings with minimal notice, or to dictate the frequency and format of sessions, disregards the need for reasonable logistical planning and mutual agreement.

      The Statute obligates both parties to meet at reasonable times and places and to bargain in good faith, which means *a sincere resolve to reach agreement*. It does not empower one party to unilaterally dictate the terms, schedule, or format of negotiations. It certainly does not allow one party to exalt itself and command that the other provide an offering of good faith at its altar. The



PO Box 2209 Salem, VA 24153 · (540) 345-6301

GOVERNMENT EXHIBIT
**21**

Defs.' App'x 36

Union's good faith is documented. The Department's lack of good faith is also documented. Why else would you demand an impasse process before we have reached impasse? We do not agree to FMCS assistance, a step that must be exhausted to invoke the assistance of the Federal Service Impasses Panel, before we have even established that an impasse exists. The Department's demand shows the clear difference in approach to these negotiations.

If it is not clear, we continue to decline the invitation to violate the face-to-face requirement in Article 47 of the Master Agreement and we are not available the week of July 6 due to preplanned engagements. Your June 16 email offered dates to meet in August. For clarity, we need to understand if you are rejecting our proposal to meet during the week of August 10 because it is not addressed in your June 25 letter. Is the Department able to meet during the week of August 10 or not?

The Union's conduct has been reasonable, transparent, and fully compliant with both the Master Agreement and the Statute. The Department's accusations of delay are unfounded. The Union remains committed to bargaining in good faith and expects the Department to do the same by respecting the need for mutual agreement and reasonable scheduling for national-level negotiations.

Sincerely,

Mary Jean Burke
President and Chief Negotiator
National VA Council #53

**From:**  Picerno, Michael G.
**To:**  mjburke@afgenvac.org; Amy.Morgan@afge.org; Martin, Kurt P.; Minnich, Jessica R., VBAVACO; Riske, Jacob S.; Flatley, Steven J. (WMC)
**Subject:**  Ground Rules Bargaining Arrangements
**Date:**  Thursday, July 2, 2026 10:52:58 AM
**Attachments:**  Reply to AFGE June 30 letter (7.2.2026).pdf

Dear MJ

Please see our latest correspondence regarding ground rules negotiation scheduling

Have a good 4th

Michael Picerno
Senior Advisor
Office of the Secretary
202 368 0518

GOVERNMENT EXHIBIT
22

Defs.' App'x 38

Dear MJ –

As the newly elected NVAC President, you may not yet be fully familiar with the range of services FMCS mediators provide during collective bargaining negotiations. Your letter suggests an assumption that FMCS mediators are only involved once the parties have reached "impasse."

In reality, FMCS routinely supports collective bargaining well before impasse by offering neutral mediation and facilitation to help teams "function more effectively and achieve desired outcomes." It is common practice for FMCS to engage early, providing structure, consultation, and facilitation to both sides to promote more effective bargaining, clearer communication, and, when necessary, basic relationship improvement. Here is a link to the FMCS website so you can better familiarize yourself with their services.

Given that both parties are already accusing each other of bad-faith conduct before negotiations have even begun, involving an FMCS mediator to help ensure good-faith negotiations seems not only appropriate but prudent. Please confirm if you are refusing to meet with an FMCS mediator present.

Regarding scheduling, your asserted inability to assemble a bargaining team on a timely basis, or with sufficient availability to meet regularly, does not negate your obligations under the Statute. It is also directly contradicted by the Master Agreement, which requires negotiations to begin within 30 days. Having agreed to that timeline, your claim that assembling your team within 60 days is "above and beyond" what is reasonable is simply not credible.

The difficulty you describe in coordinating schedules and convening your team speaks not to the complexity of national-level bargaining, but to a lack of commitment to reaching agreement on a new MCBA. The Department has been more than flexible by offering multiple meeting opportunities both virtually and in-person. Schedules planned six months to a year in advance do not obviate your statutory obligation to meet at reasonable times to negotiate. You either need to adjust your schedules or identify other representatives who can satisfy this requirement.

Since you have not responded to our June 25th communication requesting confirmation of AFGE's availability to meet the weeks of July 20 and July 27 (should further negotiations be required after July 16th), confirming whether the Department agrees to meet the week of August 10 is premature.

GOVERNMENT
EXHIBIT

23

Defs.' App'x 39

Again, please confirm whether you agree to meet, whether in-person or virtually, the weeks of July 20 and July 27, if agreement is not reached and the parties are not at impasse after our negotiations during the week of July 13th.

Mike Picerno
Chief Negotiator
Senior Advisor
Office of the Secretary
202-268-0518

| | |
|---|---|
| **From:** | Amy Morgan |
| **To:** | Picerno, Michael G. |
| **Cc:** | MJ Burke; Martin, Kurt P.; Minnich, Jessica R., VBAVACO; Flatley, Steven J. (WMC); Riske, Jacob S. |
| **Subject:** | [EXTERNAL] RE: Ground Rules Bargaining Arrangements |
| **Date:** | Wednesday, July 8, 2026 3:00:01 PM |
| **Attachments:** | 2026 07 08 Response to July 2 2026 Letter.pdf |
| **Importance:** | High |

Greetings Mr. Picerno,

On behalf of NVAC President Burke, please find attached a response to your July 2 letter.

Thank you.


--

Amy Morgan

Confidential Legal Assistant, National VA Council

Office of the General Counsel

American Federation of Government Employees, AFL-CIO

This message may contain confidential attorney-client privileged information and/or
confidential attorney work-product. Only an intended recipient of this message is authorized to
view, retain, or otherwise use its contents, including any attachments and/or metadata. If you
are not an intended recipient, please notify the sender immediately and delete this message
without reading, printing, or otherwise preserving or disseminating its contents.


**From:** Picerno, Michael G. <Michael.Picerno@va.gov>
**Sent:** Thursday, July 2, 2026 10:53 AM
**To:** MJ Burke <mjburke@afgenvac.org>; Amy Morgan <Amy.Morgan@afge.org>; Martin, Kurt P.
<Kurt.Martin@va.gov>; Minnich, Jessica R., VBAVACO <jessica.minnich@va.gov>; Riske, Jacob S.
<Jacob.Riske@va.gov>; Flatley, Steven J. (WMC) <Steven.Flatley@va.gov>
**Subject:** Ground Rules Bargaining Arrangements

Dear MJ

Please see our latest correspondence regarding ground rules negotiation scheduling

Have a good 4th

Michael Picerno

Senior Advisor

Office of the Secretary



GOVERNMENT
EXHIBIT

24

Defs.' App'x 41



## NATIONAL VETERANS AFFAIRS COUNCIL
American Federation of Government Employees
Affiliated with the AFL-CIO

*Out of Many/***One Union**
AFGE NVAC / AFL-CIO

July 8, 2026

Michael Picerno
Chief Negotiator
Department of Veterans Affairs
Michael.Picerno@va.gov

      RE:    Response to July 2, 2026 Letter

Dear Mr. Picerno:

      Thank you for your July 2, 2026 letter. I would like to clarify that I am fully familiar with the services provided by the FMCS, having served as 1st Executive Vice President and participated in the execution of two Master Agreements over the past 18 years. The Union recognizes the value of mediators and is open to discussing the potential benefits of early mediation or facilitation, provided both parties agree on the scope and timing of such involvement. However, at this stage, we do not believe the presence of a mediator is necessary, as we remain committed to reaching agreement through direct negotiations.

      Regarding the selection of our bargaining representatives, the Union maintains the right to choose its own team members. Our priority is to select experienced negotiators who have a proven record of concluding agreements. It is inappropriate for the Department to dictate or influence the composition of the Union's bargaining team.

      With respect to scheduling the sessions, the Union's next availability for negotiations is in August. This is a reasonable timeframe. While the Department has had time to prepare its schedule for bargaining sessions, the Union learned of the renegotiations with the Department's May 19, 2026 notice. Our team already had commitments. We request confirmation of the Department's availability for negotiations during the week of August 10th.

Sincerely,

Mary Jean Burke
President and Chief Negotiator
National VA Council #53



PO Box 2209 Salem, VA 24153 · (540) 345-6301



GOVERNMENT EXHIBIT 25

Defs.' App'x 42

| | |
|---|---|
| **From:** | Picerno, Michael G. |
| **To:** | mjburke@afgenvac.org; kwagner@fmcs.gov |
| **Cc:** | amy.morgan@afge.org; Minnich, Jessica R., VBAVACO; Flatley, Steven J. (WMC); Riske, Jacob S. |
| **Subject:** | FW: Ground Rules Bargaining Arrangements |
| **Date:** | Wednesday, July 8, 2026 3:46:03 PM |
| **Attachments:** | 2026 07 08 Response to July 2 2026 Letter.pdf |
| **Importance:** | High |

Dear MJ -

Thank you for your July 8 letter. I am happy to hear you recognize the value of mediators and are open to discussing the potential benefits of early mediation. As you may recall, in 2019, I requested the assistance of FMCS during the fourth week of face-to-face bargaining, and from that time forward we worked out of their Headquarters on "E" St, with Commissioner Larry Passwaters serving as mediator.  I believe both parties respected Larry and found his efforts and expertise to be valuable in moving the process forward in a professional and congenial manner.  With that in mind, I believe the early intervention of an experienced neutral would benefit both parties and assist us in getting beyond the back-and-forth we have engaged in and commencing a meaningful dialogue over the negotiation of ground rules for our upcoming term negotiations.

Towards that end, I have taken the liberty of contacting FMCS Commissioner Kevin Wagner, who is included on this message. Mr. Wagner has graciously accepted my request to initiate a dialogue with you and members of your bargaining team. He has indicated his willingness and interest in discussing our current situation and offering any assistance needed. Even if you don't agree to utilize his services during the first week of bargaining, it would be beneficial for the parties to have an informal conversation with Mr. Wagner to familiarize him with our teams and current situation. Mr. Wagner indicated he is available this Friday, July 10, for a brief informal discussion.

Please let me know which of your team (along with yourself) would be available for a call Friday and I will send an invite via Microsoft teams.  I believe this is a step both parties can take to show goodwill and an interest in fulfilling our obligations under the FSLMRS.

Looking forward to hearing from you.

Michael Picerno
Senior Advisor
Office of the Secretary
Department of Veterans Affairs
Cell 202 368 0518



**From:** Amy Morgan <Amy.Morgan@afge.org>
**Sent:** Wednesday, July 8, 2026 3:00 PM
**To:** Picerno, Michael G. <Michael.Picerno@va.gov>
**Cc:** MJ Burke <mjburke@afgenvac.org>; Martin, Kurt P. <Kurt.Martin@va.gov>; Minnich, Jessica R., VBAVACO <jessica.minnich@va.gov>; Flatley, Steven J. (WMC) <Steven.Flatley@va.gov>; Riske, Jacob S. <Jacob.Riske@va.gov>

**From:** Kevin Wagner
**To:** MJ Burke; Picerno, Michael G.
**Cc:** amy.morgan@afge.org; Minnich, Jessica R., VBAVACO; Flatley, Steven J. (WMC); Riske, Jacob S.
**Subject:** RE: [EXTERNAL] FW: Ground Rules Bargaining Arrangements
**Date:** Wednesday, July 8, 2026 4:24:02 PM
**Attachments:** image001.png

If the parties need assistance in any type of negotiations (ground rules/I and I/MOU/CBA), you have my contact information.  Don't hesitate to contact me.

Kevin J. Wagner

Commissioner

Federal Mediation and Conciliation Service

www.fmcs.gov

One Independence Square-Suite 700

Washington, DC 20427

202-606-9140 (Office)

703-295-2006 (Work Cell)



**From:** MJ Burke <mjburke@afgenvac.org>
**Sent:** Wednesday, July 8, 2026 4:16 PM
**To:** Kevin Wagner <kwagner@fmcs.gov>; Picerno, Michael G. <Michael.Picerno@va.gov>
**Cc:** amy.morgan@afge.org; Minnich, Jessica R., VBAVACO <jessica.minnich@va.gov>; Flatley, Steven J. (WMC) <Steven.Flatley@va.gov>; Riske, Jacob S. <Jacob.Riske@va.gov>
**Subject:** Re: [EXTERNAL] FW: Ground Rules Bargaining Arrangements

Hi Kevin,

I wish we were meeting under better circumstances. You may not be aware, but FMCS is currently working with VA to impede our Master Agreement. As a result, AFGE is in active litigation against FMCS. If we get to a point where mediation is necessary, we will discuss it with VA. But at this point, mediation services will not be with FMCS.

Thank you,

MJ

Get Outlook for iOS

**From:** Kevin Wagner <kwagner@fmcs.gov>
**Sent:** Wednesday, 08 July 2026 16:11:25
**To:** Picerno, Michael G. <Michael.Picerno@va.gov>; MJ Burke <mjburke@afgenvac.org>
**Cc:** amy.morgan@afge.org <amy.morgan@afge.org>; Minnich, Jessica R., VBAVACO <jessica.minnich@va.gov>; Flatley, Steven J. (WMC) <Steven.Flatley@va.gov>; Riske, Jacob S. <Jacob.Riske@va.gov>
**Subject:** RE: [EXTERNAL] FW: Ground Rules Bargaining Arrangements

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you verify the sender and know the content is safe.

As Michael mentioned I am happy to participate in a meeting to discuss process, logistics, etc.

I do have availability this Friday AM from anytime from 10am-12pm.  I'm also available from 1-2pm on Friday.  The meeting would take 30-60 minutes at most.  This is not a mediation but just a discussion.

Kevin J. Wagner
Commissioner
Federal Mediation and Conciliation Service
www.fmcs.gov
One Independence Square-Suite 700
Washington, DC 20427
202-606-9140 (Office)
703-295-2006 (Work Cell)



---

**From:** Picerno, Michael G. <Michael.Picerno@va.gov>
**Sent:** Wednesday, July 8, 2026 3:46 PM
**To:** mjburke@afgenvac.org; Kevin Wagner <kwagner@fmcs.gov>
**Cc:** amy.morgan@afge.org; Minnich, Jessica R., VBAVACO <jessica.minnich@va.gov>; Flatley, Steven J. (WMC) <Steven.Flatley@va.gov>; Riske, Jacob S. <Jacob.Riske@va.gov>
**Subject:** [EXTERNAL] FW: Ground Rules Bargaining Arrangements
**Importance:** High

---

Dear MJ -



July 24, 2026

Everett Kelley
President, American Federation of Government Employees
80 F Street, NW
Washington, DC 20001

Dear Dr. Kelley,

The Department writes to address two distinct but related matters concerning the 2023 master collective bargaining agreement (MCBA) between the Department of Veterans Affairs (VA or Department) and the American Federation of Government Employees (AFGE): (1) the Union's failure to satisfy the contractual requirement that negotiations begin within 30 days of the Department's notice to renegotiate and the resulting effect on the MCBA's automatic extension provision; and, (2) the application of the MCBA to employees whose positions are excluded from coverage under the Federal Service Labor-Management Relations Statute (FSLMRS) by operation of Executive Order (EO) 14251.

### (1) The Union's Failure to Timely Negotiate Voided the MCBA's Automatic Extension Provision for All Employees

The FSLMRS defines collective bargaining as a mutual obligation to "meet at reasonable times and to consult and bargain in a good-faith effort to reach agreement." 5 U.S.C. § 7103(a)(12). The FSLMRS also independently imposes on each party an affirmative obligation to "meet" in satisfaction of its duty to negotiate in good faith. *See id.*

The MCBA became effective August 8, 2023. Section 2 of the Duration of Agreement article (Attachment A) establishes the MCBA "will remain in full force and effect for a period of three years after its effective date" (i.e., until August 8, 2026) and that the MCBA "shall be automatically renewed for one year periods" *unless* either party provides "notice of its intention to renegotiate [the MCBA] no less than sixty nor more than one hundred twenty days prior to its termination date."  Section 2 requires such negotiations "shall begin no later than 30 days after these conditions have been met." Section 2 further states that "[i]f renegotiation of an Agreement is in progress but not completed upon the terminal date of [the MCBA], [the MCBA] will be automatically extended until a new agreement is negotiated."

On May 19, 2026, the Department provided timely written notice to the Union of its intention to renegotiate the MCBA. (Attachment B, Exhibit 2). The notice reminded the Union that Section 2 of the Duration of Agreement article in the MCBA requires the parties to begin negotiations within 30 days (e.g., no later than June 18, 2026) of the



GOVERNMENT EXHIBIT
27

<span style="color:blue">Defs.' App'x 46</span>



notice to renegotiate. *Id*. The Department also provided the Union with its initial ground rules proposals on that same date, May 19, 2026. (Attachment B, Exhibit 1).

On May 27, 2026, the Union acknowledged receipt of the Department's notice to renegotiate but did not offer any dates for the parties to meet and begin negotiations. (Attachment B, Exhibit 4).

Following the Union's acknowledgement, on May 29, 2026, VA offered to meet to begin ground rules negotiations prior to June 18, 2026. Specifically, the Department offered to start virtual negotiations on June 1, 2026, and communicated its continuing availability and willingness to meet Monday through Friday thereafter until negotiations were complete. (Attachment B, Exhibit 5). In response to VA's offer, and despite the contract's requirement that the parties meet within 30 days of the renegotiation notice, the Union rejected VA's proposed dates and, instead, proposed "dates beginning in July or August 2026." (Attachment B, Exhibit 7). Further, despite acknowledging the convenience of virtual negotiations, the Union insisted all negotiations be conducted in-person. *Id*. On June 10, 2026, in response to the Union's insistence that the parties meet in-person, VA offered to meet with the Union in-person on June 15-17, 2026. (Attachment B, Exhibits 7 – 9). On June 12, 2026, the Union advised VA it would not meet the week of June 15, claiming VA's offered dates, which would have enabled the Union to comply with the MCBA's requirements, were "not reasonable." (Attachment B, Exhibit 11). Instead, the Union agreed to meet with VA the week of July 13, 2026 (i.e., more than three weeks after the parties were contractually required to begin negotiations). *Id*. Resultingly, the parties did not begin negotiations until July 14, 2026, thereby failing to begin negotiations within the 30-day period required under Section 2 of the Duration of Agreement article.

In sum, despite the Department's repeated offers to begin negotiations prior to June 18, 2026, the Union continually refused to meet with VA and offered no days or times to meet during the 30 day period required by Section 2 of the Duration of Agreement article.

The automatic extension provision found within Section 2 of the Duration of Agreement article is contingent upon negotiations beginning no later than 30 days after a party gives timely notice of their intention to renegotiate the MCBA. Because the Union failed and refused to meet within the 30-day window mandated by the MCBA, automatic extension will not occur.

As a result, all collective bargaining agreements between the parties will expire and not automatically extend beyond the MCBA's terminal date of August 8, 2026. Thus, effective August 8, 2026, with respect to employees covered by EO 14251, the MCBA and all other expired agreements will be terminated in their entirety. Furthermore, because the MCBA is not automatically extending past August 8, 2026, effective August



8, 2026, VA is, with respect to employees excluded from EO 14251's[1] coverage, terminating, and will no longer adhere to, the provisions in these expired agreements dealing with permissive subjects, including, but not limited to, bargaining below the level of recognition and any article or provision concerning the numbers, types, and grades of employees or positions assigned to any organizational subdivision, work project, or tour of duty, or on the technology, methods, and means of performing work.

### (2) Independently, MCBA's Automatic Extension Provision Cannot Be Applied to Employees Covered by EO 14251

Independent of the foregoing, and as previously communicated in the Department's May 19, and May 29, 2026, correspondence, the MCBA and any other collective bargaining agreements and related past practices by and between AFGE and VA cannot legally be extended or applied beyond August 8, 2026, to employees whose positions have been excluded from the FSLMRS' coverage by operation of EO 14251 (i.e., Non-Exempted Employees). Even if the MCBA and other collective bargaining agreements could legally be extended to such employees beyond August 8, 2026, the Department is not obligated to agree to such an extension, and it is choosing not to extend the agreements with regard to such employees, who now lack collective-bargaining rights under the FSLMRS.[2]

The Duration of Agreement article in the MCBA also cannot operate with respect to employees excluded from FSLMRS coverage. The Duration provision states that if "renegotiation … is in progress but not completed by the terminal date" (i.e., August 8, 2026), the MCBA "will be automatically extended *until a new agreement is negotiated.*" (emphasis added). No new agreement will be negotiated with respect to employees excluded from FSLMRS coverage by operation of EO 14251. AFGE has insisted that negotiations continue with respect to such employees, but VA is not obligated to and will not negotiate a "new agreement" with respect to such employees. (*See* Attachment B, Exhibit 20 wherein the Union claims to continue to represent and bargain on behalf of "… a national bargaining unit of hundreds of thousands of VA employees…."). VA's obligation is only to negotiate a new agreement for employees covered by the FSLMRS.

Accordingly, as of August 8, 2026, the Department will no longer apply any collective bargaining agreement or past practice by and between AFGE and VA to any employee not covered by the FSLMRS.

---

[1] The permissive subjects will not extend beyond August 8, 2026, by operation of law for employees covered by EO 14251 because the FSLMRS does not apply to those employees and no notice regarding termination of permissive subjects is thus required.

[2] In EO 14251, the President determined VA has, as a primary function intelligence, counterintelligence, investigative, or national security work, and that the FSLMRS could not be applied to VA and its Non-Exempted Employees in a manner consistent with national security requirements and considerations.



**Assistant Secretary for Human Resources and Administration**
Washington DC 20420

Irrespective of the two matters discussed above, the Department remains committed to working in good faith with the Union to negotiate a new MCBA applicable to the VA employees AFGE continues to represent and who are covered by the FSLMRS.

If you have any questions or need further clarification, do not hesitate to contact me.

      Sincerely,

MARK ENGELBAUM

Digitally signed by
MARK ENGELBAUM
Date: 2026.07.24
13:01:41 -04'00'

Mark R. Engelbaum

# DURATION OF AGREEMENT

## Section 1 - Effective Date

This Agreement will be implemented and become effective when it has been approved, ratified, and signed by the parties, including review pursuant to 5 USC 7114(c). The effective date of this Agreement is August 8, 2023

## Section 2 - Duration of Agreement

This Agreement shall remain in full force and effect for a period of three years after its effective date. It shall be automatically renewed for one year periods unless either party gives the other party notice of its intention to renegotiate this Agreement no less than sixty nor more than one hundred twenty days prior to its termination date. Negotiations shall begin no later than 30 days after these conditions have been met. If renegotiation of an Agreement is in progress but not completed upon the terminal date of this Agreement, this Agreement will be automatically extended until a new agreement is negotiated.

## Section 3 - Reopener

Negotiations initiated by either party during the term to add to, amend, or modify this Agreement may be conducted only by mutual consent of the parties. If mutual consent is reached, such notice to renegotiate must be accompanied by the revised proposals for the article(s) the party wishes to renegotiate. The parties will meet for the purpose of negotiating the amendments or modifications within 30 days of receipt of the proposals from the moving party.

## Section 4 - Negotiation Schedule

Arrangements for negotiating both the reopener or renegotiation under Section 2 or 3 above shall be in accordance with Article 47 - Mid-term Bargaining.

## Section 5 - Amendments and Modifications

This Agreement may only be amended, modified, or renegotiated in accordance with the provisions of this Agreement.

## ATTACHMENT B

Department of Veterans Affairs and American Federation of Government Employees
2026 Correspondence on MCBA Ground Rules

| Exhibit | Description | Date(s) | Page Number(s) |
|---|---|---|---|
| 1 | Department Email - Subj: VA/AFGE 2023 MCBA Reopener and Initial Ground Rules | 05/19/2026 | 1 |
| 2 | Attachment to Exhibit 1 - Letter from Mark Engelbaum to Everett Kelley | 05/19/2026 | 2 |
| 3 | Attachment to Exhibit 1 - Initial Agency Proposal | 05/19/2026 | 3-8 |
| 4 | Union Email - RE: VA/AFGE 2023 MCBA Reopener and Initial Ground Rules | 05/27/2026 | 9-10 |
| 5 | Department Email - Subj: Invitation to | 05/29/2026 | 11 |
| 6 | Union Email - Subj: Ground Rules Bargaining Arrangements | 06/05/2026 | 12 |
| 7 | Attachment to Exhibit 7 - Letter from Mary Jean Burke to Michael Picerno | 06/05/2026 | 13-14 |
| 8 | Department Email - FW: Ground rules Negotiations | 06/10/2026 | 15 |
| 9 | Attachment to Exhibit 8 - Letter from Michael Picerno to Mary Jean Burke | 06/10/2026 | 16-17 |
| 10 | Union Email - Subj: Ground Rules Bargaining Arrangements | 06/12/2026 | 18 |
| 11 | Attachment to Exhibit 10 - Letter from Mary Jean Burke to Michael Picerno | 06/12/2026 | 19-20 |
| 12 | Department Email - RE: Ground Rules Bargaining Arrangements | 06/16/2026 | 21-23 |
| 13 | Union Email - RE: Ground Rules Bargaining Arrangements (p. 1 only; chain omitted) | 06/17/2026 | 24 |
| 14 | Attachment to Exhibit 13 - Letter from Mary Jean Burke to Michael Picerno | 06/17/2026 | 25-26 |
| 15 | Department Email - RE: Ground Rules Bargaining Arrangements (p. 1 only; chain omitted) | 06/25/2026 | 27 |

Attachment B

| Exhibit | Description | Date(s) | Page Number(s) |
|---|---|---|---|
| 16 | Attachment to Exhibit 15 - Letter from Michael Picerno to Mary Jean Burke | 06/25/2026 | 28-29 |
| 17 | Union Email - RE: Ground Rules Bargaining Arrangements (p. 1 only; chain omitted) | 06/26/2026 | 30 |
| 18 | Attachment to Exhibit 17 - Letter from Mary Jean Burke to Michael Picerno | 06/26/2026 | 31 |
| 19 | Union Email - RE: Ground Rules Bargaining Arrangements (p. 1 only; chain omitted) | 06/30/2026 | 32 |
| 20 | Attachment to Exhibit 19 - Letter from Mary Jean Burke to Michael Picerno | 06/30/2026 | 33-34 |
| 21 | Department Email - Ground Rules Bargaining Arrangements | 07/02/2026 | 35 |
| 22 | Attachment to Exhibit 21 - Letter from Michael Picerno to Mary Jean Burke | 07/02/2026 | 36-37 |
| 23 | Union Email - RE: Ground Rules Bargaining Arrangements (p. 1 only) | 07/08/2026 | 38 |
| 24 | Attachment to Exhibit 23 - Letter from Mary Jean Burke to Michael Picerno | 07/08/2026 | 39 |
| 25 | Department Email - Ground Rules Bargaining Arrangements (p. 1 only, attachment omitted - see Exhibit 24) | 07/08/2026 | 40 |
| 26 | Union Email Exchange with FMCS - FW: Ground Rules Bargaining Arrangements (pp. 1-2 only, chain omitted) | 07/08/2026 | 41-42 |

| From: | Martin, Kurt P. |
|---|---|
| To: | Kellee@afge.org |
| Cc: | MJ Burke; Picerno, Michael G. |
| Subject: | VA/AFGE 2023 MCBA Reopener and Initial Ground Rules |
| Date: | Tuesday, May 19, 2026 10:26:00 AM |
| Attachments: | AFGE MCBA Renegotiation Letter_05.19.26.pdf |
| | VA_AFGE_Proposed Ground Rules_Agency1_5.19.26.docx |

Good afternoon Dr. Kelley –

Please see the attached letter reopening the parties' 2023 MCBA for renegotiations and management's initial ground rule proposals.

Please let me know if you have any questions.

Regards,

Kurt P. Martin
U.S. Department of Veterans Affairs | Office of Labor-Management Relations (LMR)

Tel: (202) 809-7741 | Email: Kurt.Martin@va.gov
Was LMR helpful today?
Please let us know by completing our LMR Customer Satisfaction Survey:
LMR Customer Satisfaction Survey

This e-mail (including any attachments) may contain information that is private, confidential, or protected by law. If you received this e-mail in error, you are notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately and destroy the e-mail and any attachments.



**Assistant Secretary for Human Resources and Administration**
Washington DC 20420

May 19, 2026

Dr. Everett B. Kelley
National President
American Federation of Government Employees
80 F Street, NW
Washington, DC 20001

Dear Dr. Kelley:

This letter is regarding the 2023 master collective bargaining agreement (MCBA) between the Department of Veterans Affairs (VA or Department) and the American Federation of Government Employees (AFGE). I am providing timely notice of VA's intent to renegotiate the MCBA.

Pursuant to the Duration of Agreement, the MCBA has a 3-year term with a terminal date of August 8, 2026, (terminal date) and provides that negotiations shall begin within 30 days of such notice to renegotiate. The Department is prepared to begin bargaining within that timeframe and to proceed expeditiously toward renegotiating a successor agreement.

By operation of Executive Order (EO) 14251, as of the terminal date, the 2023 MCBA or any successor agreement will only extend to employees in positions that remain covered by Chapter 71 of title 5 of the United States Code (Labor Statute) (this is, employees exempted from EO 14251 (Exempted Employees)) and will not extend to employees whose positions are excluded from the Labor Statute's coverage (that is, Non-Exempted Employees). The MCBA cannot legally be extended or applied beyond the terminal date to Non-Exempted Employees because the only legal authority for the MCBA is the Labor Statute and the MCBA cannot exist outside the Labor Statute's statutory framework. If AFGE interprets the Rhode Island District Court's Orders in conjunction with EO 14251 differently, please advise VA of your position no later than May 26, 2026.

Michael Picerno, Senior Advisor, Office of the Secretary, has been designated as the Department's Chief Negotiator for these negotiations. Please identify an AFGE representative he should contact regarding negotiations as soon as possible, but no later than 5 business days after the date of this letter.

Please ensure any future correspondence concerning this matter is directed to Mr. Picerno at Michael.Picerno@va.gov.

Sincerely,

MARK ENGELBAUM
Digitally signed by MARK ENGELBAUM
Date: 2026.05.19 09:39:42 -04'00'

Mark R. Engelbaum

**Initial Agency Proposal (A1)**
**5/19/2026**

**Ground Rules Memorandum of Understanding between the Department of Veterans Affairs (Department or VA) and American Federation of Government Employees (AFGE)**

**Section 1: Purpose**

A.    This Memorandum of Understanding (MOU) constitutes the entire understanding and agreement between the Department of Veterans Affairs (VA, Department, or Agency) and American Federation of Government Employees (AFGE or Union) (referred to collectively as the Parties) for conducting negotiations of a Master Collective Bargaining Agreement (MCBA or Agreement).

**Section 2: Participants**

A.    Bargaining Team: Neither Party may have more than five (5) team members, including their Chief Negotiator, at any negotiation session or impasse proceeding. Each Party shall designate its own Bargaining Team members. Each Party must serve, in writing by email, the names, location, and contact information of their respective Bargaining Team members within ten (10) calendar days of the effective date of this MOU. To minimize disruption to organizational operations, AFGE Bargaining Team members who are Bargaining Unit Employees cannot come from the same healthcare system or facility.

B.    Chief Negotiator: Each Party will designate a Chief Negotiator. Only the respective Chief Negotiators, or their designated alternates, have the authority to bind their respective Party on the finality of an Article. Chief Negotiators will provide leadership to and be responsible for the conduct of their Bargaining Team including alternates. Each Chief Negotiator or designated alternate Chief Negotiator will be individually responsible for maintaining professional decorum and order during all discussions, calling caucuses, reaching agreements on contract language, initialing, dating and signing agreed-upon Articles, maintaining communication between the Parties between negotiating sessions, requesting assistance, and any other logistical issues.

C.    Alternates: Either Chief Negotiator may substitute alternates for any members of his or her Bargaining Team at his or her discretion, including the role of Chief Negotiator. Alternates will attend negotiating sessions only when they are replacing a Bargaining Team member and will have full authority for the member they replace. The Union must provide the Department's Chief Negotiator, in writing by email, the names, location, and contact information of their respective Alternates within ten (10) calendar days of the effective date of this MOU. Additionally, AFGE's Chief Negotiator will provide written notice to the Department's Chief Negotiator at least one week prior to the scheduled negotiation session when an AFGE alternate will be a bargaining unit employee.

D.    Note-takers: Each Party may designate a Note-taker to take notes and maintain records of the negotiations. Note-takers are one (1) of the five (5) Bargaining Team members of

Attachment B - Page 3

Defs.' App'x 55

**Initial Agency Proposal (A1)**
**5/19/2026**

each Party's respective Bargaining Team and may participate as a Bargaining Team member at the bargaining table during negotiations. Each Party is responsible for making and keeping its own notes and records and may use electronic transcription tools to do so.

E.    Subject Matter Experts (SMEs): SMEs must be mutually agreed upon two (2) business days in advance by the Chief Negotiators. SMEs are not bargaining team members and are required to abide by these ground rules. SMEs who are VA employees will be on duty time.

F.    The Parties will neither disclose nor cause to be disclosed in a public forum (e.g., informational picketing, media outlets, social media, etc.) any Agency or Union proposals, nor quote or paraphrase any Agency or Union officials from any bargaining sessions, nor use any bargaining team member's name, image, or likeness without their consent. This is not intended to prevent or limit the Parties from disclosing bargaining matters that are routinely disclosed to third parties such as the FLRA or FSIP in the normal course of bargaining.

## Section 3: Bargaining Location and Schedule

A.    All bargaining will be conducted virtually on Microsoft Teams or equivalent virtual platform as determined by the Department. All Bargaining Team members will appear on camera throughout the duration of each negotiation session in a private setting that prevents the disclosure of information during negotiations.

B.    Bargaining will commence on the first Monday following the exchange of proposals. Unless mutually agreed otherwise, the Parties will meet for two (2) consecutive weeks of table bargaining followed by a one (1) week interval away from the table until they reach agreement, are declared at impasse, or 120 calendar days have passed from the first day of bargaining, inclusive of federal holidays and weekends, at which time bargaining shall terminate, whichever event occurs first. The Parties will not bargain on a federal holiday.

C.    The schedule for bargaining shall be Monday through Friday (first week in cycle), Monday through Thursday (second week in cycle), 10 a.m. to 5 p.m., Eastern Time.

D.    Breaks: One (1) hour lunch breaks will be by mutual agreement of the Chief Negotiators. Comfort breaks will be determined by the Chief Negotiators. Upon mutual agreement of the Chief Negotiators, the Parties may work later than 5:00 pm. The Parties agree that the bargaining team members that are bargaining unit employees are not entitled to overtime or compensatory time.

E.    Bargaining sessions may be abbreviated, extended, terminated, or rescheduled by mutual agreement of the Chief Negotiators.

## Section 4: Proposals

2

Defs.' App'x 56

**Initial Agency Proposal (A1)**
**5/19/2026**

A.   Either Party may propose to reopen any existing Articles in the Master Agreement, propose to rollover any existing Articles, propose no more than two new Articles not found in the 2023 Master Agreement, or propose that Articles in the 2023 Master Agreement not appear in the new Master Agreement.

B.   All proposals will only contain the rights and obligations of the Parties, not otherwise provided for in law, rule, regulation, or policy, and will not contain aspirational or hortatory language, statements of purpose, policy or intent. While law, rule, regulation, or policy may not be restated or paraphrased in a proposal, it may be referenced when a party proposes negotiable procedures and appropriate arrangements related to it.

C.   Each Party will submit a complete set of electronic proposals in Microsoft Word format no later than thirty (30) calendar days following the effective date of this MOU. No new proposals shall be issued after that deadline, except upon mutual agreement by the Chief Negotiators.

D.   If a Party desires to roll over an existing Article with no changes, it will submit the existing Article as a part of its proposals in Section 4(C).

## Section 5: Procedures

A.   General:

  1.   Bargaining Method: All bargaining will be traditional.

  2.   Caucuses: The Bargaining Team requesting a caucus (i.e., caucusing team) will leave the virtual negotiation session. The caucusing team will notify the other team no less than five (5) minutes before rejoining the negotiation session. Each Party will make every effort to restrict the number of caucuses and will provide a reasonable estimate on the anticipated length of the caucus. No caucus will exceed one (1) hour unless the Chief Negotiators mutually agree otherwise. Chief Negotiators will ensure that the timing, number, and length of caucuses are reasonable, necessary, and used effectively.

B.   Bargaining Procedures:

  1.   Before presenting an Article, each party will identify the next Article it intends to open and present for negotiation (the on-deck article).

  2.   Each party will present its opened Article and have one Article open at a time for negotiation (for a total of 2 Articles being open for discussion at the table - one Agency-introduced article, one Union-introduced Article). The Parties will continue negotiating on an open Article until negotiations are complete - i.e., they either reach agreement or determine there is no further movement on the Article. Once

3

**Initial Agency Proposal (A1)**
**5/19/2026**

negotiation of an open Article has completed, the Party that introduced the Article will then present its next Article, following the same process. This procedure will continue until all Articles have been negotiated. Each proposed Article will be presented before any discussion on its substance takes place. Neither Party will read the Article aloud during its presentation.

3. <u>Presentation of Articles during Bargaining</u>: Proposals and counter proposals will be identified as either Union or Agency, dated, and numbered successively. The Party presenting the proposal or counter proposal will project it on the Teams screen, explain it, and provide the meaning of the proposed language. Prior to presenting any counter proposals, the presenting Chief Negotiator will email the other Party's Chief Negotiator a copy of the counter proposal.

4. <u>Memorializing Agreements on Articles</u>: The Parties will indicate "Parties agree MM/DD/YY" and highlight the phrase at the end of each section of any agreed upon language in their respective counter proposal(s). Agreement is reached on an Article when the Parties have agreement on all proposals in the Article, excluding any proposal pending collateral third-party action or review consistent with Section 7 below. When agreement is reached on an Article, the Microsoft Word document will then be saved and labeled as "Agreement" and dated by the presenting Party and emailed to the opposing Party's Chief Negotiator during the negotiation session. The presenting Chief Negotiator or designee will then convert the Microsoft Word document to an Adobe.pdf document. The presenting Chief Negotiator will initial, date and sign the .pdf document. After signing, the presenting Chief Negotiator or designee will email the signed .pdf document to the opposing Chief Negotiator. The opposing Chief Negotiator will initial, date, and sign the .pdf document, and the opposing Chief Negotiator or designee will email the final version of the agreement to the presenting Chief Negotiator. The Chief Negotiators will initial and sign the agreed to Articles without using PIV credentialing. No signed Article may be reopened without mutual consent of both Parties.

5. After the Parties reach agreement on all Articles, the Agency will compile and transmit the agreement to the Union. The Chief Negotiators or designees will meet to conduct a review of the Agreement for grammar, spelling, formatting, and to ensure all agreed upon language is included, not to exceed five (5) business days following transmittal. The Agreement will be emailed to both Bargaining Teams upon completion.

**<u>Section 6: Mediation Procedures</u>**

A. The Parties shall engage in concentrated mediation with an FMCS mediator for a period of up to two weeks, to occur no later than the final two scheduled bargaining weeks of the 120-day period.

4

**Initial Agency Proposal (A1)**
**5/19/2026**

B. Mediation shall be conducted virtually on dates and at times established by the mediator. The Parties shall maintain full availability for mediation sessions consistent with, at a minimum, the bargaining schedule set forth in Section 3.

**Section 7: Ground Rule and Bargaining Disputes**

A. Ground Rule disputes: Disputes arising under this MOU concerning the interpretation of these Ground Rules shall not extend any timelines in the MOU.

B. Negotiability: If unable to resolve a negotiability issue, the Union may request, or the Agency may provide on its own accord, a written assertion of non-negotiability. If the Union files a negotiability appeal with the Federal Labor Relations Authority (FLRA), it must do so within fifteen (15) days of receipt of the Agency's written assertion. While any such petition is pending, the Parties will continue bargaining on all other proposals. The Parties will commence bargaining on the proposal within five (5) business days of the negotiability dispute being resolved, consistent with the bargaining schedule.

C. Collateral third-party actions: A third-party action filed by either Party concerning these negotiations, including any negotiability disputes or impasse proceedings, will not delay further bargaining while the action is pending, except by mutual agreement. Additionally, any proposal, provision, or Article being disputed before a third party will be severed from all other agreed to proposals, provisions, and Articles. All other agreed to proposals, provisions, and Articles will constitute the entire Agreement between the Parties, subject only to Agency Head Review. If a third party orders the Parties back to the table to negotiate over a disputed proposal, provision, or Article, the Parties agree to begin negotiations on the disputed proposal, provision, or Article within five (5) business days of the order. The Parties agree to amend and incorporate into the Agreement any subsequently agreed to or ordered proposals, provisions, or Articles, subject only to Agency Head Review. Amending the Agreement to incorporate newly agreed to or ordered proposals, provisions, or Articles will not change the effective date of the MCBA.

**Section 8: Execution of the Final Agreement**

A. Within five (5) business days of transmittal of the Agreement to the Bargaining Teams as described in Section 5(B)(5), the Chief Negotiators will execute the Agreement.

B. Upon the effective date of the Agreement, all other existing local and national collective bargaining agreements and past practices between the Parties terminate.

**Section 9: Effective Date of Ground Rules MOU**

**Initial Agency Proposal (A1)**
**5/19/2026**

A.    This MOU is effective upon execution (signed and dated) by both Parties. The Chief Negotiators may amend any provision of this MOU by mutual written consent.

B.    Upon the effective date of these ground rules, further local supplemental negotiations and agreements are prohibited. Bargaining over Agency-initiated changes may continue as appropriate, i.e., only those changes that trigger a statutory duty to bargain under the Federal Service Labor-Management Relations Statue (FSLMRS).

6

Defs.' App'x 60

**From:**      Everett Kelley
**To:**        Martin, Kurt P.
**Cc:**        MJ Burke; Picerno, Michael G.
**Subject:**   [EXTERNAL] Re: VA/AFGE 2023 MCBA Reopener and Initial Ground Rules
**Date:**      Wednesday, May 27, 2026 8:59:45 AM

Mr. Martin,

We are in receipt of the May 19 letter from Mark Engelbaum. The negotiation of any successor term agreement must comply with the terms of the VA/AFGE Master Agreement, including the Duration of Agreement article. We do not agree with the contention that the VA/AFGE Master Agreement or the negotiation of a successor term agreement would only apply to "exempt" employees as interpreted by VA. Due to the holiday weekend, we are still developing a formal response and will provide one next week. In the meantime, please continue to direct all correspondence concerning this matter to NVAC President MJ Burke and myself. Thank you.

Sincerely,

Everett Kelley

---

**From:** Martin, Kurt P. <Kurt.Martin@va.gov>
**Sent:** Tuesday, May 19, 2026 11:26 AM
**To:** Everett Kelley <Kellee@afge.org>
**Cc:** MJ Burke <mjburke@afgenvac.org>; Picerno, Michael G. <Michael.Picerno@va.gov>
**Subject:** VA/AFGE 2023 MCBA Reopener and Initial Ground Rules

Good afternoon Dr. Kelley –

Please see the attached letter reopening the parties' 2023 MCBA for renegotiations and management's initial ground rule proposals.

Please let me know if you have any questions.

Regards,



Kurt P. Martin

Defs.' App'x 61

U.S. Department of Veterans Affairs | Office of Labor-Management Relations (LMR)

Tel: (202) 809-7741 | Email: Kurt.Martin@va.gov
Was LMR helpful today?
Please let us know by completing our LMR Customer Satisfaction Survey:
LMR Customer Satisfaction Survey

This e-mail (including any attachments) may contain information that is private, confidential, or protected by law.  If you received this e-mail in error, you are notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately and destroy the e-mail and any attachments.

| From: | Picerno, Michael G. |
|---|---|
| To: | kellee@afge.org; mjburke@afgenvac.org |
| Cc: | Martin, Kurt P. |
| Subject: | invitation to |
| Date: | Friday, May 29, 2026 2:22:18 PM |

*Good afternoon, Dr. Kelley and Ms. Burke,*

*Thank you for your response.*

*We continue to assert that, by operation of EO 14251, as of the terminal date, any collective bargaining agreement between AFGE and VA (Agreements) will not extend to employees whose positions are excluded from the Labor Statute's coverage (Non-Exempted Employees), as the only legal authority for these Agreements is the Labor Statute and they cannot exist outside of that statutory framework.*

*Our contract stipulates that negotiations must commence no later than June 18, 2026. The Agency is ready to move forward and begin ground rules negotiations. We are prepared to meet virtually Monday through Friday, from 9 a.m. to 5 p.m. EDT, starting Monday, June 1st, and continuing on this schedule until negotiations are complete.*

*Please let us know whether you are available to meet starting June 1st. If not, please provide an alternate date next week. Once confirmed, I will send a Teams invite. The Agency plans to have a total of five bargaining team members.*

*Looking forward to your reply.*

*Sincerely,*

*Mike Picerno*
Chief Negotiator
Senior Advisor
Department of Veterans Affairs
202 368 0518

Defs.' App'x 63

| | |
|---|---|
| **From:** | Picerno, Michael G. |
| **To:** | Riske, Jacob S. |
| **Subject:** | FW: Ground Rules Bargaining Arrangements |
| **Date:** | Tuesday, June 9, 2026 1:38:36 PM |
| **Attachments:** | Ground Rules Bargaining Arrangements.pdf |
| **Importance:** | High |

**From:** Amy Morgan <Amy.Morgan@afge.org>

**Sent:** Friday, June 5, 2026 10:34 AM

**To:** Picerno, Michael G. <Michael.Picerno@va.gov>

**Cc:** MJ Burke <mjburke@afgenvac.org>

**Subject:** [EXTERNAL] Ground Rules Bargaining Arrangements

**Importance:** High

Greetings Mr. Picerno,

On behalf of NVAC President Burke, please see the attached letter regarding ground rules bargaining arrangements.

Thank you.

--

Amy Morgan

Confidential Legal Assistant, National VA Council

Office of the General Counsel

American Federation of Government Employees, AFL-CIO

This message may contain confidential attorney-client privileged information and/or confidential attorney work-product. Only an intended recipient of this message is authorized to view, retain, or otherwise use its contents, including any attachments and/or metadata. If you are not an intended recipient, please notify the sender immediately and delete this message without reading, printing, or otherwise preserving or disseminating its contents.



AFGE National VA Council

# NATIONAL VETERANS AFFAIRS COUNCIL

American Federation of Government Employees

Affiliated with the AFL-CIO

*Out of Many/***One Union**

AFGE NVAC / AFL-CIO

June 5, 2026

Michael Picerno
Chief Negotiator
Department of Veterans Affairs
Michael.Picerno@va.gov

RE:     Ground Rules Bargaining Arrangements

Dear Mr. Picerno:

Thank you for your email dated May 29, 2026. The Union appreciates the Department's readiness to move forward with negotiations over a successor term agreement, and we share your commitment to a productive and timely process. In accordance with Section 4 of the Duration of Agreement Article of the Master Agreement, and as outlined in Article 47, we are eager to establish mutually agreeable ground rules to ensure a smooth negotiation process.

We recognize that the Department initiated negotiations by submitting its ground rules proposals with its Notice to Reopen dated May 19, 2026. With the negotiation initiation timeline now satisfied, there remain several important matters, either not addressed by Article 47 or explicitly left to the Parties' agreement, that require our joint attention.

Regarding bargaining team composition, we note your plan to include five Department representatives. Given the complexity and number of issues raised in this successor agreement negotiation, we believe it is both reasonable and necessary for the Union to have six negotiators for the ground rules discussions. This approach is consistent with the number the Union had during the negotiations of ground rules for the renegotiation of the 2011 Master Agreement.

On the matter of meeting format, Article 47 clearly provides for face-to-face negotiations with the Department responsible for travel and per diem. While we understand the convenience of virtual meetings, the Parties are under no obligation to bargain virtually. We believe the purpose of in-person negotiations is important for us to reach agreement. Therefore, we insist on adherence to the contractual requirement for face-to-face sessions. To facilitate this, we propose alternating meeting locations between the Veterans Affairs Central Office and the American Federation of Government Employees' Headquarters, both of which are in Washington, DC. Additionally, we request that the host party provide a private



PO Box 2209 Salem, VA 24153 · (540) 345-6301

caucus room for the visiting party, separate from the main (Department/Union) negotiation room, to allow for confidential discussions as needed. We also propose that both rooms (i.e., the negotiation room and the caucus room) be equipped with a projector and the necessary equipment to facilitate the presentation of proposals.

Given the travel involved, it is essential that we agree on practical dates and times. The proposed start date of June 1st is, among other things, not feasible due to travel logistics. However, we are open to your suggestion of an 8-hour day instead of the 8-1/2 hour days including a break for lunch listed in Article 47. We are also amenable to a 9am/5pm start and stop time, which aligns with our mutual interests. To further accommodate travel, we propose negotiating ground rules Tuesday through Thursday, with travel on Monday and Friday at a frequency of one week per month. We suggest discussion of dates beginning in July or August 2026.

Finally, as provided in Article 47, when traditional bargaining is used, the Union's written proposals will be submitted prior to bargaining. We propose to provide our written initial proposals within 24 hours of the commencement of the first bargaining session, ensuring both Parties have adequate time for review and preparation.

We are confident that, by working together in good faith and adhering to established agreements, we can reach accord on these arrangements promptly. We look forward to your response and to a successful negotiation process.

Sincerely,

Mary Jean Burke
President and Chief Negotiator
National VA Council #53

PO Box 2209 Salem, VA 24153 · (540) 345-6301

| | |
|---|---|
| **From:** | Picerno, Michael G. |
| **To:** | Riske, Jacob S.; Roath Schule, Alexandra K. (OGC) |
| **Subject:** | FW: Ground rules Negotiations |
| **Date:** | Wednesday, June 10, 2026 11:42:14 AM |
| **Attachments:** | VA AFGE Ground rules response.docx |

**From:** Picerno, Michael G.
**Sent:** Wednesday, June 10, 2026 11:13 AM
**To:** mjburke@afgenvac.org
**Cc:** Amy.Morgan@afge.org; Martin, Kurt P. <Kurt.Martin@va.gov>
**Subject:** Ground rules Negotiations

Dear MJ;

Please see the Department's response to your latest communication regarding ground rules negotiations.  Looking forward to your reply and commencing negotiations.

Sincerely,

Michael Picerno
Senior Advisor
Office of the Secretary
Department of Veterans Affairs
Cell 202 368 0518

Dear Ms. Burke,

Thank you for your response to the Department's May 19, 2026, MCBA Reopener notice and related May 29, 2026, email. The Department continues to assert the arguments raised in those communications and is prepared to bargain in good faith consistent with the Department's prior communications on this matter. Further, nothing in this letter constitutes a waiver of any right or argument the Department has asserted or may assert in any forum.

The Department does not agree with the Union's position that Article 47 requires face-to-face in-person negotiations or that any language within Article 47 discussing face-to-face in person negotiations is applicable to ground rules negotiations for a term agreement. Rather, the contract is clear that only the scheduling provisions found in Article 47 relate to term bargaining (i.e., those found in Section 2.F of Article 47). The parties have historically and consistently bargained over all other provisions related to ground rules negotiations for a term agreement, including, but not limited to, whether negotiations occur in person, who pays for travel, and the number of bargaining team members. This historical and consistent practice confirms that Section 4 of the Duration of Agreement was never intended to govern ground rules negotiations wholesale. Indeed, if other provisions of Article 47 applied to ground rules negotiations for term bargaining, the parties would not have negotiated over these matters in the past.

Furthermore, in the Union's June 5, 2026, letter, the Union states it "recognize[s] that the Department initiated negotiations by submitting its ground rules proposals with its Notice to Reopen…" and that this action "satisfied" the "negotiation initiation timeline." While the intent of the Union's statement is somewhat unclear, it appears to be a reference to the Duration of Agreement's requirement that "[n]egotiations shall begin no later than 30 days after" one party gives timely notice to the other "… of its intention to renegotiate this Agreement…." To the extent the Union is asserting the parties have already satisfied this contractual requirement to begin negotiations within 30 days, this assertion is incorrect. The FSLMRS defines collective bargaining, or negotiating, as one of mutual performance to meet and consult in a good-faith effort to reach agreement. Neither the Department's May 19, 2026, email correspondence to renegotiate the contract, nor AFGE's responses to that email satisfy this statutory requirement or the requirements within the MCBA. To satisfy these statutory and contractual requirements, the parties must meet and engage substantively over ground rules proposals on or before June 18, 2026.

The Department further notes many of the Union's specific proposals in its June 5, 2026, letter are inconsistent with the statutory obligation to "meet at reasonable times and convenient places as frequently as may be necessary and to avoid unnecessary delays."

Defs.' App'x 68

Limiting negotiations to one three-day in-person session per month, refusing virtual face-to-face bargaining despite acknowledging its convenience, and deferring scheduling discussions to July or August are not consistent with the statutory obligation to bargain in good-faith, particularly given the June 18 contractual deadline for initiating negotiations.

Notwithstanding the objections raised above, the Department will agree to bargain 3 weeks per month on the following cadence until the parties reach agreement or impasse:

- In-Person bargaining (at VACO), Monday, June 15, 1 p.m. to 5 p.m., Tuesday, June 16 – Wednesday, June 17, 9 a.m. to 5 p.m. EDT

- Virtual bargaining, Monday, June 22 – Friday, June 26, 9 a.m. to 5 p.m. EDT

- Virtual bargaining, Monday, July 6 – Friday, July 10, 9 a.m. to 5 p.m. EDT

- In-Person bargaining (at AFGE), Tuesday, July 14 – Thursday, July 16, 9 a.m. to 5 p.m. EDT

- Virtual bargaining, Monday, July 20 – Friday, July 24, 9 a.m. to 5 p.m. EDT

- Virtual bargaining, Monday, July 27 – Friday, July 31, 9 a.m. to 5 p.m. EDT

Regarding the in-person sessions proposed by the Department above, the Department agrees with the Union's suggestions related to the availability of a caucus room separate from the main negotiation room and the suggestions related to the equipment furnished in each room. The Department also agrees to the Union's suggestion that the Union submit written proposals no later than 24 hours prior to the parties' initiation of negotiations. Finally, while the Department only intends to bring up to five bargaining team members to the negotiations, it does not object to the Union's request to bring up to six representatives with each party responsible for its own travel for all in-person sessions.

Please provide a response by Friday, June 12, 2026. We look forward to commencing negotiations.


Michael Picerno

Chief Negotiator

Senior Advisor

Office of the Secretary

Department of Veterans Affairs

Defs.' App'x 69

**From:** Amy Morgan <Amy.Morgan@afge.org>

**Sent:** Friday, June 12, 2026 9:56 AM

**To:** Picerno, Michael G. <Michael.Picerno@va.gov>

**Cc:** MJ Burke <mjburke@afgenvac.org>

**Subject:** [EXTERNAL] Ground Rules Bargaining Arrangements

**Importance:** High

Greetings Mr. Picerno,

On behalf of NVAC President Burke, please see the attached letter regarding ground rules bargaining arrangements.

Thank you.

--

Amy Morgan

Confidential Legal Assistant, National VA Council

Office of the General Counsel

American Federation of Government Employees, AFL-CIO

This message may contain confidential attorney-client privileged information and/or confidential attorney work-product. Only an intended recipient of this message is authorized to view, retain, or otherwise use its contents, including any attachments and/or metadata. If you are not an intended recipient, please notify the sender immediately and delete this message without reading, printing, or otherwise preserving or disseminating its contents.



AFGE National VA Council

# NATIONAL VETERANS AFFAIRS COUNCIL

American Federation of Government Employees

Affiliated with the AFL-CIO

*Out of Many/***One Union**

AFGE NVAC / AFL-CIO

June 12, 2026

Michael Picerno
Chief Negotiator
Department of Veterans Affairs
Michael.Picerno@va.gov

    RE: Ground Rules Bargaining Arrangements

Dear Mr. Picerno,

   Thank you for your June 10, 2026 correspondence and for stating your willingness to move forward in good faith on several important aspects of our arrangements for ground rules negotiations. Your letter appears to confuse ground rules negotiations with what we are currently engaged in, which is discussion of the arrangements for ground rules negotiations, what we like to call ground rules for ground rules. We are discussing how we will negotiate the ground rules.

   To that end, we appreciate the Department's agreement to: provide a separate caucus room; ensure necessary equipment in both rooms; receive the Union's submission of written initial proposals no later than 24 hours prior to the Parties' first ground rules negotiations session; and, allow the Union to bring up to six representatives to the table for ground rules negotiations. These agreements reflect our shared commitment to a productive and respectful bargaining process.

   We must dispute the Department's interpretation of the Master Agreement regarding arrangements for ground rules negotiations. The Union disagrees with the Department's narrowing of the term "arrangements" to mean "only scheduling provisions." The language of the Duration of Agreement Article explicitly uses "arrangements," and requires that they be in accordance with Article 47. Article 47 encompasses several logistical and procedural matters, including face-to-face negotiations and travel, paid for by the Department. This interpretation is not only consistent with the plain language of the Master Agreement but is also supported by the precedent for the Parties' prior ground rules negotiations, including for the renegotiation of the 1997 Master Agreement and 2011 Master Agreement.

   Further, we also dispute your assertion that we have not already satisfied the requirement in the Duration of Agreement Article to begin negotiations "no later than 30 days" after a party provides notice to of its intention to renegotiate the Master Agreement. The Department provided its ground rules proposals contemporaneously with its May 19, 2026 Notice to Renegotiate the Master Agreement. Then, on May 29, 2026, you sent us an email with your opening proposals for the arrangements governing ground rules negotiations. On June 5, 2026, the Union provided responsive proposals. Therefore, we have satisfied the contractual requirement to begin negotiations within 30 days. While Section 3 - Reopener of the Duration of the Agreement Article



Defs.' App'x 71

requires the Parties to "meet" within 30 days, that Section applies to mid-term negotiations where the Parties agree to add to, amend, or modify the Master Agreement. That Section does not apply here concerning a renegotiation of the Master Agreement.

The arrangements detailed in Article 47 are intended to ensure a fair and effective bargaining process. Unilateral reinterpretation or disregard for these provisions undermines the integrity of our collective bargaining relations and sets a concerning precedent for pending negotiations. Adherence to these established and agreed upon arrangements is not only a matter of contractual obligation but also of mutual respect and trust between the Parties.

Regarding the scheduling of negotiations, the Statute requires that we meet at reasonable times and places. The Department's proposed schedule provided just five days' notice for in-person bargaining in Washington, DC, with the Union being required to fund travel costs for its representatives. Plainly, this is not reasonable. We are available to meet in person during the week of July 13, 2026, as you offered. We are also available to meet in person during the week of August 10, 2026. Travel will be on Monday and Friday, with bargaining from Tuesday through Thursday from 9am to 5pm. It appears we have agreement to alternate locations between AFGE and VA Headquarters in Washington, DC for each week-long session. In accordance with Article 47, the Department is required to pay the travel and per diem costs for ground rules negotiations. By suggesting Washington, DC, the Union will only need travel orders for three of our six negotiators.

In conclusion, we urge the Department to honor both the letter and spirit of our Master Agreement and the Statute and to work with us in a manner that upholds the principles of fairness, respect, and collaboration. We look forward to continuing our discussions and reaching mutually agreeable arrangements for ground rules negotiations.

Sincerely,

Mary Jean Burke
President and Chief Negotiator
National VA Council #53

| | |
|---|---|
| **From:** | Picerno, Michael G. |
| **To:** | Amy Morgan |
| **Cc:** | MJ Burke; Martin, Kurt P. |
| **Subject:** | RE: Ground Rules Bargaining Arrangements |
| **Date:** | Tuesday, June 16, 2026 1:39:35 PM |

MJ,

Thank you for your June 12 correspondence.

Your letter confirms that the parties remain engaged only in discussions regarding logistical matters for ground rules negotiations—not in the actual negotiation of a ground rules agreement as contemplated by the Statute and the parties' Master Collective Bargaining Agreement.

Your letter characterizes the parties' recent discussions as "the arrangements for ground rules negotiations" and "how we will negotiate the ground rules." You likewise acknowledge that the Union will provide its written initial proposals "no later than 24 hours prior to the Parties' first ground rules negotiation session." Those statements recognize that the first bargaining session has yet to occur.

Discussions concerning logistics or processes are not synonymous with bargaining over an agreement, and the Department's submission of its written proposals does not itself constitute negotiations. Collective bargaining requires bilateral engagement and substantive discussions directed toward reaching an agreement – events which have not yet occurred. Accordingly, the Department disagrees with the Union's assertion that the contractual requirement that negotiations begin within thirty (30) days has been satisfied.

The Department also disagrees with the Union's assertion that Article 47 requires in-person bargaining. Even assuming, for the sake of argument, that Article 47, Section 2.G applied to the instant situation, nothing in that provision—or elsewhere in Article 47—unequivocally requires the parties to bargain in person. The Department has repeatedly offered face-to-face bargaining through a virtual platform that permits immediate negotiations without additional delay.

The Department remains prepared to begin bargaining immediately through virtual face-to-face sessions or another mutually agreeable arrangement that permits the parties to satisfy their statutory and contractual obligations without further delay. If the Union continues to maintain that the parties are merely discussing the ground rules for negotiating ground rules, then the Department requests that the Union immediately provide substantive counterproposals to the Department's ground rules proposal so that negotiations may commence.

The Statute requires bargaining over ground rules; it does not contemplate endless preliminary discussions over how such negotiations will occur.
The Union's current position that negotiations cannot begin unless the parties are physically co-located and its assertion that travel logistics prevent bargaining from

Defs.' App'x 73

beginning sooner is inconsistent with its own recent conduct. In another pending negotiation, the parties bargained virtually face-to-face on Microsoft Teams. Further, the Union agreed on May 27 and again on May 29 to meet in person the following week. On June 4, the Union further offered availability for in-person bargaining during the weeks of June 15, June 22, and June 29. Yet here, the Union refuses to commence bargaining until the week of July 13. The Department will not agree to unnecessary delay where the parties have recently negotiated using a virtual face-to-face platform, which remains available, and where the Union has demonstrated its ability to travel for in-person negotiations on substantially shorter notice.

The Department also notes that, while the Union invokes principles of fairness and collaboration, it has declined to agree to even a single virtual bargaining session or otherwise demonstrate reciprocal flexibility. In addition, the Union's proposal to bargain only three days per month for ground rules negotiations is inconsistent with the parties' statutory obligation to meet at reasonable times and bargain in good faith without unnecessary delay.

Notwithstanding the aforementioned, and in the interest of beginning negotiations immediately, the Department agrees to pay the travel and per diem for three Union representatives to negotiate ground rules in accordance with the following schedule:

- In-Person bargaining (at VACO), Tuesday, June 23 – Thursday, June 25, 9 a.m. to 5 p.m. EDT
- Virtual bargaining, Monday, June 29 – Thursday, July 2, 9 a.m. to 5 p.m. EDT
- In-Person bargaining (at AFGE), Monday, July 6 – Thursday, July 9, 9 a.m. to 5 p.m. EDT
- Virtual bargaining, Monday, July 20 – Friday, July 24, 9 a.m. to 5 p.m. EDT
- In-Person bargaining (at VACO), Monday, July 27 – Thursday, July 30, 9 a.m. to 5 p.m. EDT
- Virtual bargaining, Monday, August 3 – Friday, August 7, 9 a.m. to 5 p.m. EDT

Please identify the three union representatives who will require travel and per diem and confirm your agreement to this negotiation schedule no later than noon EDT tomorrow, so travel arrangements can be made.

If the Union believes this time is insufficient to finalize travel arrangements for the June 23 negotiation session, the Department's standing offer to bargain through a virtual face-to-face platform remains available. Any additional delay in commencing negotiations therefore rests solely with the Union's refusal to utilize that available format.

I look forward to hearing from you and commencing negotiations

Yours

Michael Picerno

Chief Negotiator
Senior Advisor
Office of the Secretary
202 268 0518

---

**From:** Amy Morgan <Amy.Morgan@afge.org>
**Sent:** Friday, June 12, 2026 9:56 AM
**To:** Picerno, Michael G. <Michael.Picerno@va.gov>
**Cc:** MJ Burke <mjburke@afgenvac.org>
**Subject:** [EXTERNAL] Ground Rules Bargaining Arrangements
**Importance:** High

Greetings Mr. Picerno,

On behalf of NVAC President Burke, please see the attached letter regarding ground rules bargaining arrangements.

Thank you.

--

Amy Morgan

Confidential Legal Assistant, National VA Council

Office of the General Counsel

American Federation of Government Employees, AFL-CIO

This message may contain confidential attorney-client privileged information and/or confidential attorney work-product. Only an intended recipient of this message is authorized to view, retain, or otherwise use its contents, including any attachments and/or metadata. If you are not an intended recipient, please notify the sender immediately and delete this message without reading, printing, or otherwise preserving or disseminating its contents.

| | |
|---|---|
| **From:** | Picerno, Michael G. |
| **To:** | Riske, Jacob S.; Minnich, Jessica R., VBAVACO; Flatley, Steven J. (WMC) |
| **Subject:** | FW: Ground Rules Bargaining Arrangements |
| **Date:** | Wednesday, June 17, 2026 1:31:24 PM |
| **Attachments:** | 2026 06 17 Ground Rules Bargaining Arrangements.pdf |
| **Importance:** | High |

**From:** Amy Morgan <Amy.Morgan@afge.org>

**Sent:** Wednesday, June 17, 2026 1:06 PM

**To:** Picerno, Michael G. <Michael.Picerno@va.gov>

**Cc:** MJ Burke <mjburke@afgenvac.org>; Martin, Kurt P. <Kurt.Martin@va.gov>

**Subject:** [EXTERNAL] RE: Ground Rules Bargaining Arrangements

**Importance:** High

Greetings Mr. Picerno,

On behalf of NVAC President Burke, please see the attached letter regarding ground rules bargaining arrangements.

Thank you.

--

Amy Morgan

Confidential Legal Assistant, National VA Council

Office of the General Counsel

American Federation of Government Employees, AFL-CIO

This message may contain confidential attorney-client privileged information and/or confidential attorney work-product. Only an intended recipient of this message is authorized to view, retain, or otherwise use its contents, including any attachments and/or metadata. If you are not an intended recipient, please notify the sender immediately and delete this message without reading, printing, or otherwise preserving or disseminating its contents.

**From:** Picerno, Michael G. <Michael.Picerno@va.gov>

**Sent:** Tuesday, June 16, 2026 1:40 PM

**To:** Amy Morgan <Amy.Morgan@afge.org>

**Cc:** MJ Burke <mjburke@afgenvac.org>; Martin, Kurt P. <Kurt.Martin@va.gov>

**Subject:** RE: Ground Rules Bargaining Arrangements

MJ,



AFGE National VA Council

**NATIONAL VETERANS AFFAIRS COUNCIL**

American Federation of Government Employees

Affiliated with the AFL-CIO

*Out of Many/***One Union**

AFGE NVAC / AFL-CIO

June 17, 2026

Michael Picerno
Chief Negotiator
Department of Veterans Affairs
Michael.Picerno@va.gov

      RE:   Ground Rules Bargaining Arrangements

Dear Mr. Picerno:

We have been patient, understanding that you are new to negotiating arrangements and ground rules for a successor agreement with AFGE. However, to be frank, there is no basis for your current disagreements. The Department is wasting time by demanding a meeting that is not required and insisting on violations of the provisions of the Duration of Agreement Article and Article 47. Negotiations must proceed based on mutual agreement of the Parties, yet from the outset, the Department continues to make unilateral demands and ultimatums.

You have started using the term "session" instead of "meeting," but this does not change the outcome. There is no requirement for a session or meeting to occur within 30 days; that requirement applies only to reopeners, not renegotiations. Negotiations cover the entire process, including establishing ground rules, face-to-face bargaining, preparation, facilitation, approved travel time, mediation, impasse, and third-party proceedings. We have already exchanged several proposals about the arrangements for ground rules negotiations. This means we have met the requirements to begin negotiations within 30 days. Now, you seem to be demanding a different timeline for our counterproposals on ground rules. The sooner we schedule our first meeting, the sooner we can provide our proposals.

Article 47 has only a few requirements for negotiating ground rules. One is that meetings must be face-to-face. Another is that the Department must pay travel and per diem. Virtual meetings do not count as face-to-face bargaining. Insisting otherwise is incorrect and shows bad faith. The travel provision in Article 47 would be meaningless if virtual meetings were considered face-to-face bargaining. This face-to-face requirement has been in the Master Agreement since 1997, before virtual bargaining existed. The Department also recognized the difference between virtual and face-to-face meetings during the renegotiation of the 2011 Master Agreement, and the requirement remained unchanged in the 2023 Master Agreement. Therefore, ground rules negotiations must be face-to-face, with the Department paying the travel and per diem costs. This is our final statement on this matter. We have tried to avoid filing a grievance, but your actions leave us no choice.

You have also raised mid-term bargaining. While mid-term bargaining has no relevance in this discussion, we will address it. Obviously, the Union does not use the same team for ground



PO Box 2209 Salem, VA 24153 · (540) 345-6301

Defs.' App'x 77

rules negotiations as for mid-term bargaining. We offered to meet face-to-face for mid-term negotiations during the weeks of June 15, June 22, and June 29, so those dates were not also available for ground rules bargaining. The Department's mid-term team has not refused our scheduling offer, and we are ready to meet once travel orders are provided. Thank you for confirming that the Department received our mid-term scheduling offer, is available those weeks, and can produce travel orders quickly, but is simply refusing to do so. This shows the Department is acting in bad faith for mid-term negotiations. We hope this does not also happen with ground rules negotiations.

We do not want to prolong discussions about these ground rules arrangements. We agree on matters where Article 47 is silent (such as locations, timing of counter proposals, rooms, and equipment). We also agree on matters that Article 47 explicitly left open for agreement (the number of negotiators). The only remaining issue is compliance with the requirements for face-to-face bargaining and travel paid for by the Department.

We note that your June 10 correspondence offered the week of July 13 for face-to-face negotiations at AFGE Headquarters in Washington, DC. In our June 12 correspondence, the Union then agreed to face-to-face negotiations during that offered week. Those dates, while not included in your June 16 email, are quickly approaching given the intervening holidays. Please let us know whether the Department will provide the travel orders for that mutually agreeable session, at which time the Union will provide the names of the negotiators who will be traveling to Washington, DC. As we indicated previously, the Union remains available for face-to-face negotiations during the week of August 10. The travel orders will also need to include the procedures for non-VA employees to make travel arrangements and secure reimbursement from the Department.

Sincerely,

Mary Jean Burke
President and Chief Negotiator
National VA Council #53

| From: | Riske, Jacob S. |
|---|---|
| To: | Flatley, Steven J. (WMC); Minnich, Jessica R., VBAVACO |
| Subject: | FW: Ground Rules Bargaining Arrangements |
| Date: | Thursday, June 25, 2026 3:46:10 PM |
| Attachments: | AFGE_Response_06252026.pdf |

Thanks,

Jake

**From:** Picerno, Michael G. <Michael.Picerno@va.gov>
**Sent:** Thursday, June 25, 2026 3:32 PM
**To:** Amy Morgan <Amy.Morgan@afge.org>
**Cc:** MJ Burke <mjburke@afgenvac.org>; Martin, Kurt P. <Kurt.Martin@va.gov>; Riske, Jacob S. <Jacob.Riske@va.gov>
**Subject:** RE: Ground Rules Bargaining Arrangements

Dear MJ;

Please see our attached response and invitation to commence bargaining on ground rules.

Sincerely yours

Michael Picerno

Senior Advisor

Chief Negotiator

Department of Veterans Affairs

**From:** Amy Morgan <Amy.Morgan@afge.org>
**Sent:** Wednesday, June 17, 2026 1:06 PM
**To:** Picerno, Michael G. <Michael.Picerno@va.gov>
**Cc:** MJ Burke <mjburke@afgenvac.org>; Martin, Kurt P. <Kurt.Martin@va.gov>
**Subject:** [EXTERNAL] RE: Ground Rules Bargaining Arrangements
**Importance:** High

Greetings Mr. Picerno,

On behalf of NVAC President Burke, please see the attached letter regarding ground rules bargaining arrangements.

Thank you.

June 25, 2026

Good afternoon, MJ,

Thank you for getting back to us. The Department is committed to working in good faith with you to negotiate a successor Master Collective Bargaining Agreement (MCBA) applicable to AFGE-represented employees covered by the Federal Service Labor-Management Relations Statute (the Statute).

The Statute obliges both agencies and unions "to meet at reasonable times and convenient places as frequently as may be necessary, and to avoid unnecessary delays."  5 U.S.C. § 7114(b)(3). Unfortunately, AFGE's actions are inconsistent with faithful fulfillment of this obligation.

Section 2 of the Duration Article of the MCBA provides that negotiations "shall begin no later than 30 days after" either party provides timely notice to renegotiate. On May 19, the Department provided notice to renegotiate.  AFGE refused to meet before the 30-day window closed on June 18. AFGE's contention that exchanging emails discussing "ground rules for ground rules" satisfies the requirement to begin negotiations is not supported by the Statute. Further, the Department's June 10 letter makes clear that it was not waiving this statutory obligation to meet.

Since providing notice to renegotiate in mid-May, the Department has offered to meet the weeks of June 1, June 15, June 22, July 6, July 13, July 20, and July 27. AFGE has in turn offered to meet for three days in mid-July and three days in mid-August. AFGE's conduct does not satisfy statutory requirements to meet as frequently as necessary and avoid unnecessary delays.

In the spirit of compromise and to begin negotiations, and without waiving any right or conceding our position regarding the interpretation and applicability of Article 47 as well as the requirements outlined in the Duration of Agreement article, the Department is prepared to meet in-person to begin negotiating ground rules for a successor agreement. The Department will meet in person at AFGE Headquarters on Tuesday, July 14 through Thursday, July 16 from 9 a.m. to 5 p.m.

The Department will further provide travel orders for the three bargaining representatives AFGE indicated will need to travel to Washington, D.C. Please identify the AFGE members who will be traveling and let us know if all three already have Concur profiles in place. Additionally, please specify the exact location for our meeting at AFGE's Headquarters. Once we receive this information, VA will promptly provide the Instructions to Travel (ITT).

Defs.' App'x 80

AFGE's conduct to date has created the strong impression that the Union is engaging in dilatory tactics. The Department again reiterates its offer and preference to commence negotiations sooner. Specifically, the Department will also be available to negotiate ground rules from 9 a.m. to 5 p.m. on the following sets of dates:

- Monday, June 29 through Thursday, July 2 (virtually via MS Teams)
- Monday, July 6 through Friday, July 10 (VACO, 811 Vermont Avenue NW, Washington, DC)

The Department has acceded to AFGE's insistence on in-person negotiations, as well as AFGE's request to pay the resultant travel costs. If AFGE remains unwilling to meet sooner than two months after receiving the Department's ground rules proposal the Department will be forced to draw the inference that AFGE is deliberately delaying negotiations. In that event, the Department intends to request Federal Mediation and Conciliation Service (FMCS) assistance during the initial week of bargaining. VA believes that FMCS's expert mediation services would assist in bargaining. To the extent VA is incorrectly imputing dilatory intent to AFGE, a third-party neutral's assistance in the bargaining process could help clear up the misunderstanding.

AFGE can demonstrate good faith by accepting the Department's offer for negotiations on either of the sets of earlier dates enumerated above. Such an act would be a concrete step AFGE can take to accelerate rather than delay negotiations. In the event AFGE demonstrates good faith by participating in negotiations on either of those sets of dates the Department would find it unnecessary to request FMCS assistance during the first week of bargaining. Please advise the Department as to which, if any, additional bargaining sessions you will be participating in.

If further negotiations are necessary after July 16, and if parties have not reached impasse, the Department remains available to meet for in-person negotiations from Monday, July 20 through Friday, July 24, and Monday, July 27 through Friday, July 31, both from 9 a.m. to 5 p.m. EDT.

If you have any questions or need further clarification, please don't hesitate to reach out. We look forward to your response so we can meet to begin negotiations.

Michael Picerno
Senior Advisor

| From: | Picerno, Michael G. |
|---|---|
| To: | Martin, Kurt P.; Minnich, Jessica R., VBAVACO; Flatley, Steven J. (WMC); Riske, Jacob S. |
| Subject: | FW: Ground Rules Bargaining Arrangements |
| Date: | Friday, June 26, 2026 9:19:26 AM |
| Attachments: | 2026 06 26 Ground Rules Bargaining Arrangements.pdf |

**From:** Amy Morgan <Amy.Morgan@afge.org>

**Sent:** Friday, June 26, 2026 9:05 AM

**To:** Picerno, Michael G. <Michael.Picerno@va.gov>

**Cc:** MJ Burke <mjburke@afgenvac.org>; Martin, Kurt P. <Kurt.Martin@va.gov>; Riske, Jacob S. <Jacob.Riske@va.gov>

**Subject:** [EXTERNAL] RE: Ground Rules Bargaining Arrangements

Greetings Mr. Picerno,

On behalf of NVAC President Burke, please see the attached letter regarding ground rules bargaining arrangements.

Thank you.


--

Amy Morgan

Confidential Legal Assistant, National VA Council

Office of the General Counsel

American Federation of Government Employees, AFL-CIO

This message may contain confidential attorney-client privileged information and/or confidential attorney work-product. Only an intended recipient of this message is authorized to view, retain, or otherwise use its contents, including any attachments and/or metadata. If you are not an intended recipient, please notify the sender immediately and delete this message without reading, printing, or otherwise preserving or disseminating its contents.


**From:** Picerno, Michael G. <Michael.Picerno@va.gov>

**Sent:** Thursday, June 25, 2026 3:32 PM

**To:** Amy Morgan <Amy.Morgan@afge.org>

**Cc:** MJ Burke <mjburke@afgenvac.org>; Martin, Kurt P. <Kurt.Martin@va.gov>; Riske, Jacob S. <Jacob.Riske@va.gov>

**Subject:** RE: Ground Rules Bargaining Arrangements



AFGE National VA Council

**NATIONAL VETERANS AFFAIRS COUNCIL**

American Federation of Government Employees

Affiliated with the AFL-CIO

*Out of Many/***One Union**

AFGE NVAC / AFL-CIO

June 26, 2026

Michael Picerno
Chief Negotiator
Department of Veterans Affairs
Michael.Picerno@va.gov

   RE: Ground Rules Bargaining Arrangements

Dear Mr. Picerno:

  To avoid any delay, the travel orders for the week of July 13th need to be for MJ Burke, Barbara Casanova, and Tinita Cole. To my knowledge, only Ms. Cole has a Concur profile and credit card. I do not know if Barb and I still have a Concur profile, so reimbursement will need to be set up. AFGE Headquarters is located at 80 F St. NW, Washington, DC. We will provide a formal response to your remaining requests shortly.

Sincerely,

*Mary Jean Burke*

Mary Jean Burke
President and Chief Negotiator
National VA Council #53

UNION LABEL

PO Box 2209 Salem, VA 24153 · (540) 345-6301

| | |
|---|---|
| **From:** | Martin, Kurt P. |
| **To:** | Riske, Jacob S.; Flatley, Steven J. (WMC); Minnich, Jessica R., VBAVACO |
| **Subject:** | FW: Ground Rules Bargaining Arrangements |
| **Date:** | Tuesday, June 30, 2026 3:35:37 PM |
| **Attachments:** | 2026 06 30 Response to June 25, 2026 Letter.pdf |
| **Importance:** | High |

**From:** Amy Morgan <Amy.Morgan@afge.org>

**Sent:** Tuesday, June 30, 2026 2:08 PM

**To:** Picerno, Michael G. <Michael.Picerno@va.gov>

**Cc:** MJ Burke <mjburke@afgenvac.org>; Martin, Kurt P. <Kurt.Martin@va.gov>

**Subject:** [EXTERNAL] RE: Ground Rules Bargaining Arrangements

**Importance:** High

Greetings Mr. Picerno,

On behalf of NVAC President Burke, please find attached a response to your June 25 letter.

Thank you.

--

Amy Morgan

Confidential Legal Assistant, National VA Council

Office of the General Counsel

American Federation of Government Employees, AFL-CIO

This message may contain confidential attorney-client privileged information and/or confidential attorney work-product. Only an intended recipient of this message is authorized to view, retain, or otherwise use its contents, including any attachments and/or metadata. If you are not an intended recipient, please notify the sender immediately and delete this message without reading, printing, or otherwise preserving or disseminating its contents.

**From:** Picerno, Michael G. <Michael.Picerno@va.gov>

**Sent:** Thursday, June 25, 2026 3:32 PM

**To:** Amy Morgan <Amy.Morgan@afge.org>

**Cc:** MJ Burke <mjburke@afgenvac.org>; Martin, Kurt P. <Kurt.Martin@va.gov>; Riske, Jacob S. <Jacob.Riske@va.gov>

**Subject:** RE: Ground Rules Bargaining Arrangements

Dear MJ;



AFGE National VA Council

# NATIONAL VETERANS AFFAIRS COUNCIL

American Federation of Government Employees

Affiliated with the AFL-CIO

*Out of Many/***One Union**

AFGE NVAC / AFL-CIO

June 30, 2026

Michael Picerno
Chief Negotiator
Department of Veterans Affairs
Michael.Picerno@va.gov

RE:   Response to June 25, 2026 Letter

Dear Mr. Picerno:

Your letter dated June 25, 2026 accuses the Union of engaging in dilatory tactics and failing to meet statutory obligations to bargain in good faith. These accusations are baseless and contradicted by our documented communications since the Department's May 19 Renegotiation Notice and the requirements of both the Master Agreement and the Federal Service Labor-Management Relations Statute ("Statute").

You have now moved from the contractual requirement of beginning negotiations within 30 days to the statutory requirement to meet at reasonable times. Your shifting justifications do little to change the outcome that the Union has acted in good faith and met all contractual and statutory requirements. We promptly responded to the Department's Renegotiation Notice as evidenced by our letters on June 5, June 12, and June 17. We reached agreement on the ground rules team composition, submission of proposals, and room requirements. We repeatedly sought to reach agreement on the scheduling of meetings, while the Department sought to dictate a format contrary to the parties' agreement as outlined in the Master Agreement.

As you know, the Union represents a national bargaining unit of hundreds of thousands of VA employees, and negotiations require travel and coordination among multiple representatives. Where schedules are planned six months to a year in advance, the ability to assemble a bargaining team for a subject of this magnitude, coordinate schedules, and meet within 60 days is plainly above and beyond what should be reasonably expected under these circumstances. It is also consistent with the logistical realities of national-level bargaining. The Union's Ground Rules Team consists of the highest elected officials of the Union, who have significant commitments and responsibilities. The Department's demand for immediate meetings with minimal notice, or to dictate the frequency and format of sessions, disregards the need for reasonable logistical planning and mutual agreement.

The Statute obligates both parties to meet at reasonable times and places and to bargain in good faith, which means *a sincere resolve to reach agreement*. It does not empower one party to unilaterally dictate the terms, schedule, or format of negotiations. It certainly does not allow one party to exalt itself and command that the other provide an offering of good faith at its altar. The



PO Box 2209 Salem, VA 24153 · (540) 345-6301

Union's good faith is documented. The Department's lack of good faith is also documented. Why else would you demand an impasse process before we have reached impasse? We do not agree to FMCS assistance, a step that must be exhausted to invoke the assistance of the Federal Service Impasses Panel, before we have even established that an impasse exists. The Department's demand shows the clear difference in approach to these negotiations.

If it is not clear, we continue to decline the invitation to violate the face-to-face requirement in Article 47 of the Master Agreement and we are not available the week of July 6 due to preplanned engagements. Your June 16 email offered dates to meet in August. For clarity, we need to understand if you are rejecting our proposal to meet during the week of August 10 because it is not addressed in your June 25 letter. Is the Department able to meet during the week of August 10 or not?

The Union's conduct has been reasonable, transparent, and fully compliant with both the Master Agreement and the Statute. The Department's accusations of delay are unfounded. The Union remains committed to bargaining in good faith and expects the Department to do the same by respecting the need for mutual agreement and reasonable scheduling for national-level negotiations.

Sincerely,

Mary Jean Burke
President and Chief Negotiator
National VA Council #53

PO Box 2209 Salem, VA 24153 · (540) 345-6301

| | |
|---|---|
| **From:** | Picerno, Michael G. |
| **To:** | mjburke@afgenvac.org; Amy.Morgan@afge.org; Martin, Kurt P.; Minnich, Jessica R., VBAVACO; Riske, Jacob S.; Flatley, Steven J. (WMC) |
| **Subject:** | Ground Rules Bargaining Arrangements |
| **Date:** | Thursday, July 2, 2026 10:52:58 AM |
| **Attachments:** | Reply to AFGE June 30 letter (7.2.2026).pdf |

Dear MJ

Please see our latest correspondence regarding ground rules negotiation scheduling

Have a good 4th

Michael Picerno

Senior Advisor

Office of the Secretary

202 368 0518

Dear MJ –

As the newly elected NVAC President, you may not yet be fully familiar with the range of services FMCS mediators provide during collective bargaining negotiations. Your letter suggests an assumption that FMCS mediators are only involved once the parties have reached "impasse."

In reality, FMCS routinely supports collective bargaining well before impasse by offering neutral mediation and facilitation to help teams "function more effectively and achieve desired outcomes." It is common practice for FMCS to engage early, providing structure, consultation, and facilitation to both sides to promote more effective bargaining, clearer communication, and, when necessary, basic relationship improvement. Here is a link to the FMCS website so you can better familiarize yourself with their services.

Given that both parties are already accusing each other of bad-faith conduct before negotiations have even begun, involving an FMCS mediator to help ensure good-faith negotiations seems not only appropriate but prudent. Please confirm if you are refusing to meet with an FMCS mediator present.

Regarding scheduling, your asserted inability to assemble a bargaining team on a timely basis, or with sufficient availability to meet regularly, does not negate your obligations under the Statute. It is also directly contradicted by the Master Agreement, which requires negotiations to begin within 30 days. Having agreed to that timeline, your claim that assembling your team within 60 days is "above and beyond" what is reasonable is simply not credible.

The difficulty you describe in coordinating schedules and convening your team speaks not to the complexity of national-level bargaining, but to a lack of commitment to reaching agreement on a new MCBA. The Department has been more than flexible by offering multiple meeting opportunities both virtually and in-person. Schedules planned six months to a year in advance do not obviate your statutory obligation to meet at reasonable times to negotiate. You either need to adjust your schedules or identify other representatives who can satisfy this requirement.

Since you have not responded to our June 25th communication requesting confirmation of AFGE's availability to meet the weeks of July 20 and July 27 (should further negotiations be required after July 16th), confirming whether the Department agrees to meet the week of August 10 is premature.

Again, please confirm whether you agree to meet, whether in-person or virtually, the weeks of July 20 and July 27, if agreement is not reached and the parties are not at impasse after our negotiations during the week of July 13th.

Mike Picerno
Chief Negotiator
Senior Advisor
Office of the Secretary
202-268-0518

| | |
|---|---|
| **From:** | Amy Morgan |
| **To:** | Picerno, Michael G. |
| **Cc:** | MJ Burke; Martin, Kurt P.; Minnich, Jessica R., VBAVACO; Flatley, Steven J. (WMC); Riske, Jacob S. |
| **Subject:** | [EXTERNAL] RE: Ground Rules Bargaining Arrangements |
| **Date:** | Wednesday, July 8, 2026 3:00:01 PM |
| **Attachments:** | 2026 07 08 Response to July 2 2026 Letter.pdf |
| **Importance:** | High |

Greetings Mr. Picerno,

On behalf of NVAC President Burke, please find attached a response to your July 2 letter.

Thank you.

--

Amy Morgan

Confidential Legal Assistant, National VA Council

Office of the General Counsel

American Federation of Government Employees, AFL-CIO

This message may contain confidential attorney-client privileged information and/or confidential attorney work-product. Only an intended recipient of this message is authorized to view, retain, or otherwise use its contents, including any attachments and/or metadata. If you are not an intended recipient, please notify the sender immediately and delete this message without reading, printing, or otherwise preserving or disseminating its contents.

---

**From:** Picerno, Michael G. <Michael.Picerno@va.gov>
**Sent:** Thursday, July 2, 2026 10:53 AM
**To:** MJ Burke <mjburke@afgenvac.org>; Amy Morgan <Amy.Morgan@afge.org>; Martin, Kurt P. <Kurt.Martin@va.gov>; Minnich, Jessica R., VBAVACO <jessica.minnich@va.gov>; Riske, Jacob S. <Jacob.Riske@va.gov>; Flatley, Steven J. (WMC) <Steven.Flatley@va.gov>
**Subject:** Ground Rules Bargaining Arrangements

Dear MJ

Please see our latest correspondence regarding ground rules negotiation scheduling

Have a good 4th

Michael Picerno

Senior Advisor

Office of the Secretary

Defs.' App'x 90



AFGE National VA Council

# NATIONAL VETERANS AFFAIRS COUNCIL

American Federation of Government Employees

Affiliated with the AFL-CIO

*Out of Many/***One Union**

AFGE NVAC / AFL-CIO

July 8, 2026

Michael Picerno
Chief Negotiator
Department of Veterans Affairs
Michael.Picerno@va.gov

RE:    Response to July 2, 2026 Letter

Dear Mr. Picerno:

Thank you for your July 2, 2026 letter. I would like to clarify that I am fully familiar with the services provided by the FMCS, having served as 1st Executive Vice President and participated in the execution of two Master Agreements over the past 18 years. The Union recognizes the value of mediators and is open to discussing the potential benefits of early mediation or facilitation, provided both parties agree on the scope and timing of such involvement. However, at this stage, we do not believe the presence of a mediator is necessary, as we remain committed to reaching agreement through direct negotiations.

Regarding the selection of our bargaining representatives, the Union maintains the right to choose its own team members. Our priority is to select experienced negotiators who have a proven record of concluding agreements. It is inappropriate for the Department to dictate or influence the composition of the Union's bargaining team.

With respect to scheduling the sessions, the Union's next availability for negotiations is in August. This is a reasonable timeframe. While the Department has had time to prepare its schedule for bargaining sessions, the Union learned of the renegotiations with the Department's May 19, 2026 notice. Our team already had commitments. We request confirmation of the Department's availability for negotiations during the week of August 10th.

Sincerely,

*Mary Jea Burke*

Mary Jean Burke
President and Chief Negotiator
National VA Council #53

| From: | Picerno, Michael G. |
|---|---|
| To: | mjburke@afgenvac.org; kwagner@fmcs.gov |
| Cc: | amy.morgan@afge.org; Minnich, Jessica R., VBAVACO; Flatley, Steven J. (WMC); Riske, Jacob S. |
| Subject: | FW: Ground Rules Bargaining Arrangements |
| Date: | Wednesday, July 8, 2026 3:46:03 PM |
| Attachments: | 2026 07 08 Response to July 2 2026 Letter.pdf |
| Importance: | High |

Dear MJ -

Thank you for your July 8 letter. I am happy to hear you recognize the value of mediators and are open to discussing the potential benefits of early mediation. As you may recall, in 2019, I requested the assistance of FMCS during the fourth week of face-to-face bargaining, and from that time forward we worked out of their Headquarters on "E" St, with Commissioner Larry Passwaters serving as mediator.  I believe both parties respected Larry and found his efforts and expertise to be valuable in moving the process forward in a professional and congenial manner.  With that in mind, I believe the early intervention of an experienced neutral would benefit both parties and assist us in getting beyond the back-and-forth we have engaged in and commencing a meaningful dialogue over the negotiation of ground rules for our upcoming term negotiations.

Towards that end, I have taken the liberty of contacting FMCS Commissioner Kevin Wagner, who is included on this message. Mr. Wagner has graciously accepted my request to initiate a dialogue with you and members of your bargaining team. He has indicated his willingness and interest in discussing our current situation and offering any assistance needed. Even if you don't agree to utilize his services during the first week of bargaining, it would be beneficial for the parties to have an informal conversation with Mr. Wagner to familiarize him with our teams and current situation. Mr. Wagner indicated he is available this Friday, July 10, for a brief informal discussion.

Please let me know which of your team (along with yourself) would be available for a call Friday and I will send an invite via Microsoft teams.  I believe this is a step both parties can take to show goodwill and an interest in fulfilling our obligations under the FSLMRS.

Looking forward to hearing from you.

Michael Picerno
Senior Advisor
Office of the Secretary
Department of Veterans Affairs
Cell 202 368 0518

---

**From:** Amy Morgan <Amy.Morgan@afge.org>
**Sent:** Wednesday, July 8, 2026 3:00 PM
**To:** Picerno, Michael G. <Michael.Picerno@va.gov>
**Cc:** MJ Burke <mjburke@afgenvac.org>; Martin, Kurt P. <Kurt.Martin@va.gov>; Minnich, Jessica R., VBAVACO <jessica.minnich@va.gov>; Flatley, Steven J. (WMC) <Steven.Flatley@va.gov>; Riske, Jacob S. <Jacob.Riske@va.gov>

| From: | Kevin Wagner |
|---|---|
| To: | MJ Burke; Picerno, Michael G. |
| Cc: | amy.morgan@afge.org; Minnich, Jessica R., VBAVACO; Flatley, Steven J. (WMC); Riske, Jacob S. |
| Subject: | RE: [EXTERNAL] FW: Ground Rules Bargaining Arrangements |
| Date: | Wednesday, July 8, 2026 4:24:02 PM |
| Attachments: | image001.png |

If the parties need assistance in any type of negotiations (ground rules/I and I/MOU/CBA), you have my contact information.  Don't hesitate to contact me.

Kevin J. Wagner

Commissioner

Federal Mediation and Conciliation Service

www.fmcs.gov

One Independence Square-Suite 700

Washington, DC 20427

202-606-9140 (Office)

703-295-2006 (Work Cell)



**From:** MJ Burke <mjburke@afgenvac.org>
**Sent:** Wednesday, July 8, 2026 4:16 PM
**To:** Kevin Wagner <kwagner@fmcs.gov>; Picerno, Michael G. <Michael.Picerno@va.gov>
**Cc:** amy.morgan@afge.org; Minnich, Jessica R., VBAVACO <jessica.minnich@va.gov>; Flatley, Steven J. (WMC) <Steven.Flatley@va.gov>; Riske, Jacob S. <Jacob.Riske@va.gov>
**Subject:** Re: [EXTERNAL] FW: Ground Rules Bargaining Arrangements

Hi Kevin,

I wish we were meeting under better circumstances. You may not be aware, but FMCS is currently working with VA to impede our Master Agreement. As a result, AFGE is in active litigation against FMCS. If we get to a point where mediation is necessary, we will discuss it with VA. But at this point, mediation services will not be with FMCS.

Thank you,

MJ

Get Outlook for iOS

Defs.' App'x 93

**From:** Kevin Wagner <kwagner@fmcs.gov>
**Sent:** Wednesday, 08 July 2026 16:11:25
**To:** Picerno, Michael G. <Michael.Picerno@va.gov>; MJ Burke <mjburke@afgenvac.org>
**Cc:** amy.morgan@afge.org <amy.morgan@afge.org>; Minnich, Jessica R., VBAVACO <jessica.minnich@va.gov>; Flatley, Steven J. (WMC) <Steven.Flatley@va.gov>; Riske, Jacob S. <Jacob.Riske@va.gov>
**Subject:** RE: [EXTERNAL] FW: Ground Rules Bargaining Arrangements

> **CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you verify the sender and know the content is safe.

As Michael mentioned I am happy to participate in a meeting to discuss process, logistics, etc.

I do have availability this Friday AM from anytime from 10am-12pm.  I'm also available from 1-2pm on Friday.  The meeting would take 30-60 minutes at most.  This is not a mediation but just a discussion.

Kevin J. Wagner
Commissioner
Federal Mediation and Conciliation Service
www.fmcs.gov
One Independence Square-Suite 700
Washington, DC 20427
202-606-9140 (Office)
703-295-2006 (Work Cell)



---

**From:** Picerno, Michael G. <Michael.Picerno@va.gov>
**Sent:** Wednesday, July 8, 2026 3:46 PM
**To:** mjburke@afgenvac.org; Kevin Wagner <kwagner@fmcs.gov>
**Cc:** amy.morgan@afge.org; Minnich, Jessica R., VBAVACO <jessica.minnich@va.gov>; Flatley, Steven J. (WMC) <Steven.Flatley@va.gov>; Riske, Jacob S. <Jacob.Riske@va.gov>
**Subject:** [EXTERNAL] FW: Ground Rules Bargaining Arrangements
**Importance:** High

---

Dear MJ -

**From:** Picerno, Michael G.
**Sent:** Tuesday, August 4, 2026 3:54 PM
**To:** mjburke@afgenvac.org; amy.morgan@afge.org
**Cc:** Martin, Kurt P. <Kurt.Martin@va.gov>
**Subject:** Upcoming Ground Rules Negotiations

Good afternoon, MJ,

In preparation for our upcoming session, we have reviewed the proposals exchanged and the extensive discussion at the table during the week of July 13th. While the parties reached tentative agreement on a number of items, e.g., the preamble, role of chief negotiators, alternates, subject-matter experts, and observers, the union has shown no movement on several other important matters, including the number of bargaining team members, travel, the bargaining timeline, notetakers, confidentiality of bargaining matters, and the presentation of Articles.

Given this lack of movement, we believe a mediator is essential for the session next week, and we are again seeking your voluntary agreement to that approach. Please let me know by COB Friday if the Union agrees.

As stated on several occasions both in writing and verbally, VA maintains that negotiations for a new or successor contract did not begin for Non-Exempted Employees—those employees to whom Executive Order 14251 applies—after VA provided timely notice of its intent to renegotiate the Master Agreement. VA was explicit that any new or successor agreement would only cover employees not otherwise excluded from coverage of the FSLMRS. But if AFGE believes, or a court or the FLRA determines, that negotiations have begun as to Non-Exempted Employees, VA hereby ceases negotiations as to Non-Exempted Employees because the Executive Order suspends collective bargaining as to them and the VA is not obligated to enter into a collective-bargaining agreement with AFGE as to Non-Exempted Employees.

Looking forward to hearing from you

Michael Picerno
Senior Advisor
Office of the Secretary
Department of Veterans Affairs
Cell 202 368 0518



GOVERNMENT
EXHIBIT

**28**

Defs.' App'x 95





GOVERNMENT
EXHIBIT

**30**