UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| | ) | |
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 2305 and AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES NATIONAL VA COUNCIL, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 25-cv-583-MRD-PAS |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS and DOUGLAS COLLINS in his official capacity as U.S. Secretary of Veterans Affairs, | ) ) ) ) | |
| Defendants. | ) | |
| | ) | |

ORDER

The parties appeared before the Court this morning on the Plaintiffs' Motion to Enforce the Preliminary Injunction currently in place and on appeal at the First Circuit. ECF No. 54. The Plaintiffs contend that the Defendants are in violation of the Preliminary Injunction ordered by this Court on March 13, clarified on March 23, and enforced on March 27, 2026, because the Defendants announced their intention to consider the Master CBA re-terminated for all VA employees as of August 8, 2026. *Id.* at 2. This motion is being considered and resolved on an expedited basis, at Plaintiffs' request. As such, the Court assumes the reader's familiarity with the procedural history of this case and explains only as much as is necessary to provide sufficient context and explanation of its resolution of the pending motion to enforce.

At the Court's request, the parties submitted briefs addressing the threshold question as to whether this Court is divested of jurisdiction to resolve the instant motion given that the preliminary injunction order is currently on appeal at the First Circuit. Neither party provided a definite answer to this question. This motion to enforce seems to fall into a space just adjacent to the circumstances in which the First Circuit has examined the district court's jurisdiction to decide follow-up motions related to preliminary injunctions when the merits of the injunction is on appeal. *See*

*Colon-Torres v. Negron-Fernandez*, 997 F.3d 63, 7475 (1st Cir. 2021); *Contour Design, Inc. v. Chance Mold Steel Co.*, 649 F.3d 31, 34 (1st Cir. 2011); *see also* Fed. R. Civ. P. 62(d). The parties, however, are in agreement that, in this case and under these circumstances, the Defendants' appeal has not divested this Court of jurisdiction to decide the question presented by this pending motion and a limited remand from the Circuit Court is not required. *See* ECF Nos. 58 at 11; 59 at 3-5. The Court agrees.

After careful consideration of the parties' arguments and exhibits attached to their written memoranda, the Court notes and concludes as follows:

Per the orders entered on March 13, March 23, and March 27, 2026, the Master CBA is in full force and effect for the remainder of the agreed-upon term provided within the contract. This Court is mindful of the partial stay that the First Circuit put in place after granting the Defendants' Motion to stay the March 27 order in part. *See Am. Fed'n of Gov't Emps. Loc. 2305 v. United States Dep't of Veterans Affs.*, 177 F.4th 1, 21 (1st Cir. 2026). The Court, to the extent that it understands the panel's reasoning behind the grant of the partial stay, has no intention of running afoul of their holding. In other words, the Court does not intend or interpret this Order as requiring any specific performance by the parties.

There is no doubt that the *agreed-upon term* provided within the Master CBA is explained, in plain and unambiguous detail, in the Duration of Agreement provision. *See* ECF Nos. 54-1 at 4; 58 at 8; 14-3 at 311. The Defendants' assertion that the Plaintiffs failed to comply with the 30-day clock to begin negotiations and that this purported failure is a lawful basis on which to terminate the agreement, is not well-taken. The exhibits each party provided in support of their positions on this motion are chock full of correspondence between the parties directly related to the Defendants' notice of intent to renegotiate the Master CBA (rather than allow it to auto-renew as is on August 8). *See* ECF Nos. 54-2; 58-2. The Duration of Agreement provision instructs that, once a notice of intent to renegotiate is communicated, "*negotiations* shall begin no later than 30 days after . . ." (emphasis added). The word *negotiations* is not qualified in any way.

The communications exchanged between the parties within the 30 days immediately following the Defendants' announcement of their intent to renegotiate were laser-focused on negotiations. These communications included the scope of the future CBA and the logistics for anticipated meetings to discuss when and how the scope and substance of the future CBA would be negotiated. For the Defendants' part, they combined an opening salvo to the future scope of a CBA with their notice

of intent to renegotiate. *See* ECF No. 54-2 at 7. On the Plaintiffs' side, their initial responses countered the Defendants' announcement that the renegotiated terms would exclude non-exempted employees. They then engaged in a robust back-and-forth regarding the logistics for setting ground rules of the renegotiation. *See id.* at 15, 18-19. Neither party allowed the negotiations to languish, despite the apparent difficulty in reaching agreement as to the ground rules for the contract term-specific negotiations.

With the conditions of the Duration of Agreement satisfied, the Defendants' announcement of their intent to consider the Master CBA completely defunct as of August 8, 2026 is in direct contravention of this Court's order that the Master CBA would remain in effect for the duration of the *agreed-upon term* of the contract. The parties are reminded that this Court's preliminary injunction order, as clarified by this Court and stayed in part by the Circuit, is in full force and effect pending the Circuit Court's resolution of the merits of Defendants' appeal.

The Plaintiffs' Motion to Enforce (ECF No. 54) is GRANTED.

IT IS SO ORDERED.

Melissa R. DuBose
United States District Judge

August 7, 2026