**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES NATIONAL VA COUNCIL; and<br><br>AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 2305;<br><br>Plaintiffs,<br><br>*v.*<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; and<br><br>DOUGLAS A. COLLINS, in his official capacity as U.S. Secretary of Veterans Affairs;<br><br>Defendants. | Civil Action No.<br>1:25-CV-583-MRD-PAS |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SHORTEN DEFENDANTS' TIME TO RESPOND**

Defendants, the U.S. States Department of Veterans Affairs and Douglas A. Collins, in his official capacity as U.S. Secretary of Veterans Affairs, file this opposition to Plaintiffs' motion to shorten the deadline for Defendants to respond to Plaintiffs' latest motion—Plaintiffs' Motion to Modify the Preliminary Injunction and for an Indicative Ruling Under Federal Rule of Civil Procedure 62.1 ("Motion for Indicative Ruling"), ECF No. 80. Defendants seek the standard response time allowed under Local Rule Cv 7(a)(3), which is fourteen days.

Plaintiffs filed their Motion for Indicative Ruling after business hours on Friday, October 16, 2026. In it, Plaintiffs ask the Court to cut Defendants' response time in half, such that Defendants would have only five business days to respond to their motion. *See* Motion for Indicative Ruling at 1.

Defendants oppose the motion because Plaintiffs have not, and cannot, demonstrate good cause for their motion, and granting Plaintiffs' motion would prejudice Defendants.

The only basis Plaintiffs offer for halving Defendants' response time is Plaintiffs' allegation that they "face irreparable harm" if the VA is not forced to treat the Master Collective Bargaining Agreement as being in effect. Motion for Indicative Ruling at 2. That proffered justification lacks merit for two reasons. First, the First Circuit held it is the VA—not the Plaintiffs—that will suffer irreparable harm from being required to treat the Master CBA as reinstated and operative past its August 8, 2026 termination date. *See AFGE v. U.S. Dep't of Veterans Affairs*, No. 26-1321, slip op. at 7 (1st Cir. Oct. 5, 2026) (holding that Defendants are "likely to suffer irreparable harm" from being required "to treat the CBA as reinstated and operative even past the August 8, 2026, termination date"). Second, Plaintiffs acknowledge that their Motion for Indicative Ruling, even if granted, would have no immediate effect. Instead, it would merely indicate to the First Circuit that this Court would modify the Preliminary Injunction if, in the future, the First Circuit were to remand for that purpose. *See* Mem. in Supp. of Pls.' Mot. to Modify the Prelim. Inj. & for an Indicative Ruling Under Fed. R. Civ. P. 62.1 (Pls.' Mem.) at 3, ECF No. 80-1. A decision from the First Circuit is not imminent—the parties have not yet finished briefing the case—and the First Circuit is under no obligation to remand before it resolves the appeal. *See* Order Granting Motion to Extend Time, *AFGE v. U.S. Dep't of Veterans Affairs*, No. 26-1321 (Oct. 16, 2026) (extending the deadline for Defendants to file their appellate brief until November 23, 2026). In sum, Plaintiffs have not, and cannot, demonstrate good cause for depriving Defendants of the response time to which they are entitled under Local Rule Cv 7(a)(3).

Not only is Plaintiffs' motion unsupported, it would prejudice Defendants. The undersigned defense counsel have pre-existing, completing deadlines and obligations in other cases this week, including multiple other briefing deadlines and an oral argument attorney that Tyler J. Becker has before the United States Court of Appeals for the Ninth

Circuit. Local Rule 7(a)(3) allows a party fourteen days to prepare a response, which is an appropriate amount of time here for at least two reasons. First, Plaintiffs' Motion for Indicative Ruling involves a novel set of circumstances and will require careful review of the facts and complicated procedural history in this case (including this Courts' prior orders and the First Circuit's rulings on appeal), and research into the appropriate application of Rule 62.1. Second, given the importance and impact of this case, multiple levels of review are necessary. Third, because Plaintiffs are now expressly seeking an indicative ruling modifying the Court's earlier preliminary injunction, the Court will need to consider the *Winter* factors afresh and issue substantive rulings on several issues the Court previously determined Defendants had forfeited. Defendants should have adequate time to brief those issues, which will assist the Court in making its ultimate ruling.

Defendants do not file this opposition for purposes of delay or for any other improper purpose; rather, they file this opposition to ensure they have the minimum amount of time necessary to provide this Court with a response that is thorough and accurate.

Dated: October 19, 2026

Respectfully submitted,

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; and DOUGLAS A. COLLINS, in his official capacity as U.S. Secretary of Veterans Affairs,

By their attorneys,

TODD BLANCHE
Attorney General

CHARLES C. CALENDA
First Assistant U.S. Attorney
District of Rhode Island

*/s/ Andrea Hyatt*

Andrea Hyatt
(TX Bar No. 24007419)
Assistant U.S. Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (Fax)
Andrea.Hyatt@usdoj.gov

Tyler J. Becker
(VA Bar No. 97636)
Counsel to the Assistant Attorney General
U.S. Department of Justice
Civil Division
Office of the Assistant Attorney General
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 514-4052
Tyler.Becker@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 19, 2026, I filed the foregoing document through this Court's Electronic Case Filing (ECF) system, thereby serving it upon all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 304.

*/s/ Andrea Hyatt*
ANDREA HYATT
Assistant U.S. Attorney