UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 2305 and AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES NATIONAL VA COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS and DOUGLAS COLLINS in his official capacity as U.S. Secretary of Veterans Affairs,<br><br>Defendants. | C.A. No. 25-cv-583-MRD-RLA |

**ORDER**

Before the Court is Plaintiffs' request for an indicative ruling under Federal Rule of Civil Procedure 62.1. ECF No. 80. The Plaintiffs request an order stating that, if the First Circuit remands the case to this Court for the limited purpose of modifying the preliminary injunction ordered on March 13, 2026, then the Court would modify the injunction to provide that the injunction would "remain in effect until a new agreement is negotiated or it is dissolved by the Court." ECF No. 80-1 at 8. Defendants oppose the motion. ECF No. 82.

As the parties recognize, ECF No. 80-1 at 3, 7; ECF No. 82 at 11, this Court does not have jurisdiction to modify the injunction because the Court's order granting the preliminary injunction is currently on appeal. Federal Rule of Civil Procedure 62.1, however, authorizes this Court to indicate that it would grant the motion if the appellate court remanded the case for that purpose or because the Court believes the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a). The Court may also choose to defer consideration of the motion or deny the motion. *Id.* To grant Plaintiffs' motion for an indicative ruling, the Court must first conclude that Plaintiffs have

shown "a significant change either in factual conditions or in law." *Agostini v. Felton*, 521 U.S. 203, 215 (1997) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)).

The parties are well acquainted with the status of this litigation so there is no need to recount the several contacts each has had both with this Court and with the First Circuit Court of Appeals. To set the precise context for the resolution of the instant motion, however, the current status of this litigation is as follows: Each of the orders this Court has issued related to the grant of the motion for preliminary injunction – including the initial Preliminary Injunction Order (ECF No. 30) as clarified by text order issued March 23, 2026, the March Enforcement Order (ECF No. 39), and the August Enforcement Order (ECF No. 69) – are currently consolidated on appeal at the First Circuit. The March Enforcement Order is partially stayed pending appeal because the First Circuit concluded that part of this order impermissibly ordered specific performance by Defendants. ECF No. 51. The August Enforcement Order is stayed in its entirety pending resolution of the appeal. The appellate court concluded that this Court likely lacked jurisdiction to issue that order because the order's effect was likely a modification of the Preliminary Injunction Order. ECF No. 79. Defendants' opening brief in the now-consolidated appeals is currently due on December 23, 2026. *See* First Circuit Case No. 26-1321.

It is too soon to know precisely what issues Defendants will raise on appeal as Appellants at the Circuit Court. While that party prepares its opening brief, and until the Circuit Court resolves the merits of the appeals before it, the following Injunction Order is in place: In March, the Court ordered Defendants to "reinstate the Master CBA—as well as any amendments, local supplemental agreements, and memoranda of understanding that were in place subsidiary to the Master CBA—for the remainder of the agreed-upon term provided in the Master CBA." ECF No. 30 at 29. This Court clarified on March 23 that "[t]o reinstate the Master CBA means that all parties covered by this contract will continue to be covered by this contract until it is terminated or amended in a lawful manner." Text Order 3/23/2026.

Plaintiffs now argue that this Court should enter an order indicating that, if the case is remanded, it would modify the order to read that the injunction would "remain in effect until a new agreement is negotiated or it is dissolved by the Court." Plaintiffs argue that the modification is appropriate here because Defendants are continually trying "to subvert the Preliminary Injunction." ECF No. 80-1 at 9. The Defendants counter that the proposed modification "goes to the heart of what the First Circuit is reviewing." ECF No. 82 at 13. The Court agrees with both parties' statements.

The Declarations the parties have submitted in support of their positions on this pending motion indicate that the parties have been more or less continuously engaged in various steps related to renegotiating the Master CBA. *Id.* at 8-10, 11 & n.2; ECF Nos. 80-2, 82-1. Despite the various court orders in this case and in the corresponding appeal, it appears that the parties have in fact been participating in conversations and actions designed to determine ground rules that would govern the renegotiation of the Master CBA. The parties are, of course, free to continue with those steps while the consolidated appeal is pending. The current injunction order also contemplates that the Master CBA could be "terminated or amended in a lawful manner." Text Order 3/23/2026.

Because the meaning of this Court's injunction order is at the center of at least part of the consolidated appeal before the First Circuit, the Court is going to decline Plaintiffs' invitation to indicate to the appellate court that the current circumstances represent a change in factual conditions such that this Court would modify the injunction order or that, if the Court agreed the order should be modified, it would modify the language in line with Plaintiffs' suggested change. At this point, the appellate process with respect to the merits of Defendants' appeal must play out. Accordingly, the Plaintiffs' motion is DENIED.

IT IS SO ORDERED.

Melissa R. DuBose
United States District Judge

November 20, 2026